UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA and GENERAL INSURANCE COMPANY OF AMERICA, | : : : : | DOCKET NO. 3:02 CV 1966 (AVC) |
| Plaintiffs, | : : | |
| V. | : : | |
| LOCAL TOWING INC., GEORGE GARDELLA, JESSICA HELQUIST-GARDELLA and JAMES GARDELLA, | : : : : : | |
| Defendants/Third-Party Plaintiffs | : : | MARCH 26, 2004 |
| V. | : : | |
| ASSOCIATED INSURANCE AGENCY, INC., FREDERICK. J. SMITH, AFNY, INC., ASSOCIATED FACILITIES OF AMERICA LTD., MELWAIN ENTERPRISES, INC., CHARLES ASSOCIATES, P.C., AND CHARLES SAPOCHETTI, | : : : : : : : | |
| Third-Party Defendants. | : : | |

**PLAINTIFF'S LOCAL RULE 56(a)1 STATEMENT IN SUPPORT OF
<u>MOTION SUMMARY JUDGMENT</u>**

Plaintiffs, Safeco Insurance Company of America ("Safeco") and General Insurance Company of America ("General") (hereinafter together referred to as the "Surety"), by its attorneys, Torre, Lentz, Gamell, Gary & Rittmaster, LLP, respectfully submits the following statement of undisputed material facts pursuant to U.S. District

85821v1

Court, Connecticut District, Rule 56(a)1, in support of its motion for summary judgment against defendants Local Towing Inc. ("Local Towing") and James Gardella ("Gardella"), (collectively the "Indemnitors").

1. On March 14, 2003 and May 29, 2003 hearings were held in this matter before Judge Alfred V. Covello regarding Plaintiff's motion for a Prejudgment Remedy. At said hearings the Surety presented witnesses and documentation regarding the outstanding debt in the amount of $599,979.75 of the Indemnitors due to the payments made by the Surety on behalf of Local Towing. At the May 29, 2003 Prejudgment Remedy Hearing the attorney for Local Towing, Duncan Hume, admitted on behalf of Local Towing on the record that the payments and outstanding debt in the amount of $599,979.75 as detailed by Safeco in its hearing exhibits were legitimate and accurate. (see May 29, 2003 Hearing Transcript at pages 85 and 86). Annexed as Exhibit 1 to the Affidavit of Ira Sussman in support of this motion ("Sussman Affidavit") is a copy of page 86 of the Hearing Transcript. Accordingly, in light of this admission, the Surety is not submitting with this motion the copies of the checks, letters, recoveries, etc. regarding the undisputed $599,979.55 debt. (Sussman Affidavit at Paragraph 3).

2. As a condition of, and in consideration for, the issuance of construction performance and payment bonds, on or about October 6, 1999, the Surety required the Defendants to jointly and severally enter into the General Agreement of Indemnity ("GAI") with the Surety in which the Defendants agreed to exonerate and indemnify the Surety in the event of the failure of Defendant, Local Towing, to perform any of its

85821 v1

bonded obligations. Annexed as Exhibit 2 to the Sussman Affidavit is a copy of the GAI. (Sussman Affidavit at Paragraph 8).

3.   The Surety, at the request of Local Towing, and in reliance upon Local Towing's execution and delivery of the GAI, issued a Performance Bond and a Payment Bond (Bond No. 6004265) each dated July 26, 2000 on behalf of Local Towing, as principal, in favor of the Government of the Virgin Islands, as obligee, in connection with a contract in the amount of $3,773,000 for a project known as Stalley Bay Ocean Outfall Installation Project in St. Thomas, U.S.V.I. ("St. Thomas Project"). (Sussman Affidavit at Paragraph 9).

4.   The Surety, at the request of Local Towing, and in reliance upon Local Towing's execution and delivery of the GAI, also issued a Performance Bond and a Payment Bond (Bond No. 6004268) each dated August 1, 2000 on behalf of Local Towing, as principal, in favor of the U.S. Army Corps. of Engineers, as obligee, in connection with a contract in the amount of $964,270 for a project known as Aguadilla Harbor Revetment Project in Puerto Rico ("Aguadilla Project"). (Sussman Affidavit at Paragraph 10).

5.   Defendant Local Towing encountered financial difficulties on the St. Thomas Project and the Aguadilla Project (the "Projects") and was financially unable to meet its obligations. As a result, Local Towing requested financial assistance in the form of loans from the Surety in order to complete the Projects. (Sussman Affidavit at

85821 v1

Paragraph 11).

6. By letter agreement dated February 15, 2002, Safeco and the Defendants agreed that (a) Safeco would provide the requested financial assistance and (b) Local Towing's failure to meet its obligations on the Projects constituted a "Default" by the Defendants pursuant to the terms of the GAI and (c) the Defendants would repay all funds loaned as a result of this accommodation pursuant to the terms of the GAI. (Sussman Affidavit at Paragraph 12).

7. The Surety has received payment bond claims under the above referenced bonds (Nos. 6004265 and 6004268) (the "Bonds") on the Projects from various subcontractors and suppliers. (Sussman Affidavit at Paragraph 13).

8. The Defendants agreed to have the owner/obligees, the Government of the Virgin Islands and U.S. Army Corps. Of Engineers (the "Owners"), make all remaining contract payments on the Projects to the escrow account of Torre, Lentz, Gamell, Gary & Rittmaster, LLP (the "Escrow Account") and the Defendants instructed the Owners accordingly. There have been deposits to the Escrow Account from the Owners, as well as deposits to the Escrow Account by the Surety, and disbursements representing payment and performance bond claims. (Sussman Affidavit at Paragraph 14).

9. The Surety has also paid from its own accounts additional payment bond claims and expenses with regard to the Surety's obligations under the Bonds on these Projects. (Sussman Affidavit at Paragraph 15).

85821 v1

10. The Surety has notified the Defendants of the claims made against the above referenced bonds as well as the other losses incurred by the Surety, including without limitation, their responsibility to indemnify the Surety for all of its losses, costs, expenses and attorneys' fees. Indeed, on or about February 15, 2002 Safeco demanded by letter that, pursuant to the GAI, the Defendants indemnify and deposit with the Surety collateral sufficient to cover all exposure under the Bonds. (Sussman Affidavit at Paragraph 16).

11. Despite demand, the Defendants have failed to respond to the Surety's request for indemnification and collateral deposit. (Sussman Affidavit at Paragraph 17).

12. As more fully set forth in the schedule attached as Exhibit 2 to the Sussman Affidavit, as a result of the foregoing, the Plaintiff has received and satisfied claims in the amount $1,210,491.30, received contract balances, retention and change order payments from the Project owners totaling approximately $610,511.55, resulting in a loss, before expenses, of $599,979.75. (Sussman Affidavit at Paragraph 18).

13. The Plaintiffs have incurred attorneys' fees and costs in investigating, processing and paying claims asserted against the above referenced Bonds and in prosecuting the present action. (Sussman Affidavit at Paragraph 19).

14. As also more fully set forth in the schedule attached to the Sussman Affidavit as Exhibit 3, the total attorney's fees and expenses (including fees incurred in defending against claims and in prosecuting the Surety's indemnity rights) incurred by the Plaintiffs under the General Agreement of Indemnity as of the date of the Sussman

85821 v1

Affidavit is $86,923.90. (Sussman Affidavit at Paragraph 20).

Dated:      Jericho, New York
               March 26, 2004

                                         TORRE LENTZ GAMELL GARY
                                         & RITTMASTER, LLP

                                         By: _____
                                               Benjamin D. Lentz (BL 4860)

                                         A Member of the Firm
                                         Counsel for Plaintiffs
                                         Safeco Insurance Company of America
                                         General Insurance Company of America
                                         100 Jericho Quadrangle, Suite 309
                                         Jericho, New York 11753-2702
                                         (516) 240-8900

85821 v1