United States District Court
District of Connecticut
FILED AT      HARTFORD

May 4, 2004
Kevin F. Rowe, Clerk
By _____
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------------------x
SAFECO INSURANCE COMPANY OF
AMERICA and GENERAL INSURANCE
COMPANY OF AMERICA,

          Plaintiffs

    v.

LOCAL TOWING INC., GEORGE GARDELLA,
JESSICA HELQUIST-GARDELLA, and
JAMES GARDELLA,

          Defendants and
          Third-Party Plaintiffs

    v.

ASSOCIATED INSURANCE AGENCY, INC.
FREDERICK J. SMITH, AFNY, INC.,
ASSOCIATED FACILITIES OF AMERICA, LTD.,
MELWAIN ENTERPRISES, INC., CHARLES
ASSOCIATES, P.C., and CHARLES SAPOCHETTI,

          Third-Party Defendants.
-------------------------------------------------------------x

DOCKET NO.

302CV1966-AJC

May 3, 2004

STATE OF CONNECTICUT  )
                             ) ss.
County of Fairfield        )

**AFFIDAVIT IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

JAMES GARDELLA, being duly sworn, deposes and says:

1. I am one of the defendants in this litigation, and I make and submit this affidavit to the court to set forth the positions of the defendants, which are not the same for all defendants.

2. The position of defendant Local Towing Inc. ("Local Towing") is different than mine, and any liability that I have for the debts being claimed by the plaintiffs are the result of a claimed General Agreement of Indemnity ("GAI") and not the direct extension of credit to me. Local Towing requested help in financing the completion of two, maritime construction projects, and it received that help from the plaintiffs.

3. I have been informed that there is an outstanding claim in the amount of $6,724.17 for unpaid unemployment taxes apparently due to the State of Connecticut, Department of Labor.

4. On or about October of 1999, the plaintiffs requested that a GAI be signed in order to secure the obligations of Local Towing if it became necessary for the plaintiffs to make payments under bonds that it was about to issue. Indemnitors on the GAI were George Gardella, Jessica Helquist-Gardella, and me.

5. At the request of Local Towing, but not at my request, the plaintiffs issued bonds for projects in St. Thomas, U.S.V.I., and Aguadilla, P.R.

6. Local Towing requested that the plaintiffs honor their obligations and provide financial assistance to Local Towing.

7. Local Towing acknowledged that it was in default under the terms of the GAI and promised that it would repay the plaintiffs the funds that the plaintiffs were going to be expending to fulfill the plaintiffs' obligations under the bonds.

8. When the plaintiffs requested that Local Towing acknowledge that it was under default under the terms of the agreement, Local Towing and only Local Towing was in default

under the terms of the GAI. All that was accomplished by that letter agreement, and all that could be accomplished by that letter agreement, was an acknowledgement of default. I was asked to sign the agreement and was not represented by counsel at that meeting. It was my understanding that I was simply acknowledging that Local Towing was in default and would have to pay back the plaintiffs. It was not and is not my understanding that I was assuming any new obligations by signing, and from what I understand, as there was no new consideration for my signature, if I was not responsible to the plaintiffs before I signed, I was not responsible after I signed.

9. I signed the GAI so that Local Towing could get a job in Washington, D.C. After that job was completed, I made it be known to the agent who handled the bonds for the bonding company that I did not want to be on any more bonds. He informed me that as the company was better off financially after the Washington job, it was no longer necessary that I agree to indemnify the plaintiffs. I was informed that Local Towing was going to bid on the two projects involved in this litigation, but no one ever informed me that the plaintiffs or anyone else considered me to be an indemnitor for these jobs.

10. The plaintiffs never advised me that they thought that I had any obligation under these bonds until after they started honoring their obligations under the bonds, and they never even advised me that the bonds had been issued.

11. All the proceeds of the jobs and claims in favor of Local Towing have been assigned to the plaintiffs. There remains one claim, now pending in the U. S. District Court for the Virgin Islands, for delay on the St. Thomas job. The net recovery from that litigation will be paid to the plaintiffs to reduce the amount of the existing claims.

3

12.  Local Towing is not in a position to make any additional financial contribution to the debts incurred by the plaintiffs under their bonds, and George Gardella and Jessica Helquist-Gardella have had their obligations discharged in bankruptcy. I never agreed to indemnify the plaintiffs for the financial obligations that they undertook under the bonds in question, and at the time that the bonds were issued, the plaintiffs never discussed their issuance with me.

13.  The indemnitor of a surety is in the same position as an uncompensated surety as concerns its liabilities. In this case, the plaintiffs, compensated sureties, tried to increase my personal liabilities by many millions of dollars without advising me of what they were doing. When the GAI was signed, it was for bonds for one specific job not related to the present litigation, by not advising me of my increased liabilities, the plaintiffs took away my ability to protect my assets by refusing to be an indemnitor on jobs that I thought were overly risky or by taking an active role in the running of those jobs. The motion by the plaintiffs should be denied, and I should have my day in court.

_____
James Gardella

Sworn to before me this 3rd day of May, 2004

_____
Duncan B. Hume, Commissioner of the Superior Court