UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA and GENERAL INSURANCE COMPANY OF AMERICA, | : : : : | DOCKET NO. 3:02 CV 1966 (AVC) |
| Plaintiffs, | : : | |
| V. | : : | |
| LOCAL TOWING INC., GEORGE GARDELLA, JESSICA HELQUIST-GARDELLA and JAMES GARDELLA, | : : : : : | |
| Defendants/Third-Party Plaintiffs | : : | MAY 18, 2004 |
| V. | : : | |
| ASSOCIATED INSURANCE AGENCY, INC., FREDERICK. J. SMITH, AFNY, INC., ASSOCIATED FACILITIES OF AMERICA LTD., MELWAIN ENTERPRISES, INC., CHARLES ASSOCIATES, P.C., AND CHARLES SAPOCHETTI, | : : : : : : : | |
| Third-Party Defendants. | : | |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Safeco Insurance Company of America ("Safeco") and General Insurance Company of America ("General") (collectively the "Surety"), by their attorneys, Torre Lentz Gamell Gary & Rittmaster, LLP, respectfully submits this reply memorandum in further support of its motion pursuant to Fed. Rule Civ. P. 56, for

87939 v3

summary judgment against Defendants Local Towing Inc. ("Local Towing") and James Gardella ("Gardella"), (collectively the "Indemnitors") to recover, (i) $599,979.75, representing the undisputed, un-reimbursed payments made to subcontractors and suppliers, and (ii) determining liability for the attorneys' fees and expenses incurred by the Surety as a result of issuing bonds on behalf of Local Towing (including fees incurred in defending against claims and in prosecuting the Surety's indemnity rights), with the amount to be determined on inquest.

Local Towing Admits Liability

Local Towing admits in the opposition papers that it is liable under the Indemnity Agreement for the $599,979.75 of un-reimbursed payments, and liability for the attorney's fees (Page 3, Defendants Opposing Memorandum, "Opposition Memo"). Therefore the only issue presented is the liability of Gardella.

Gardella Admits He is an Indemnitor, But Contends His Agreement to Indemnify Applies Only to One Prior Bond, Not to the Instant Losses on Two Subsequent Bonds

Gardella admits executing the General Agreement of Indemnity ("GAI") in October 1999 (Para. 4 Affidavit of James Gardella sworn to May 3, 2004 in Opposition to Motion for Summary Judgment, the "Gardella Affid."). However, he contends that he is not liable for the undisputed losses of $599,979.75 on the St. Thomas and Aquadilla projects since he signed the GAI "for bonds for one specific job [Washington, D.C.] not related to the present litigation" (Paras. 9 and 13, Gardella Affid.), and the bonds for the

87939 v3                                2

St. Thomas and Aquadilla projects were requested by Local Towing "but not at my request." (Para. 5, Gardella Affid.). Gardella admits that he is an indemnitor, but nevertheless argues that he is not a "party to the issuance of the new bonds", the St. Thomas and Aquadilla bonds, and therefore concludes that "the indemnitor should as a matter of law not be held liable but released and discharged for any liability" (Page 3, Opposition Memo).

Argument

POINT I

THE PARTIES SPECIFICALLY CONTEMPLATED THAT
GARDELLA'S INDEMNITY OBLIGATIONS WOULD APPLY TO
FUTURE BONDS ISSUED ON BEHALF OF LOCAL TOWING

Gardella's argument, that he is liable as an indemnitor for losses only on bonds issued on a prior Washington project and not for the instant undisputed losses on subsequent bonds issued on the St. Thomas and Aquadilla projects, is rejected by the clear provisions of the GAI. The GAI expressly provides that Gardella, as an indemnitor, is liable for losses on bonds that the Surety "now is or hereafter" issues. The opening paragraph of the GAI expressly provides:

> THIS AGREEMENT IS MADE by the Undersigned in favor of the SAFECO Insurance Companies for the purpose of indemnifying them from all loss and expense in connection with any Bonds for which any SAFECO Insurance Company <u>now is or hereafter becomes Surety</u> for any of the following as Principal: LOCAL

87939 v3

3

TOWING, INC. (underlining emphasis added)

The "hereafter becomes Surety" language confirms that the parties specifically contemplated that Gardella's indemnity obligations would apply to future bonds issued on behalf of Local Towing, namely the St. Thomas and Aquadilla bonds.

Further, Gardella's argument also ignores General Provision 6 of the GAI, where Gardella, as one of the "Undersigned", "warrant that each of them is specifically and beneficially interested in the obtaining of each Bond." In light of this provision, Gardella cannot disavow his interest in the subsequent bonds.

Case law is clear that where a party has expressly agreed to indemnify the surety, the indemnity agreement controls or governs the relationship between the parties. <u>Gen. Accident Ins. Co. of Am. v. Merritt-Meridian Constr. Corp.</u>, 975 F.Supp. 511, 516 (S.D.N.Y. 1997).

Likewise, Gardella has no legal basis to complain that the surety "never discussed their issuance [the St. Thomas and Aquadilla bonds] with me", and that the Surety somehow failed to advise him of his "increased liabilities" (Paras. 12 and 13, Gardella Affid.). He specifically agreed to indemnify the Surety for losses on bonds that the Surety either "now or hereafter" issues, and he warranted that he was "specifically and beneficially interested" in each bond.

The only decision cited by Gardella is <u>People v. Vilas</u>, 36 N.Y. 459 (1867), a

decision well over a century old, which does not involve the controlling provisions of the instant GAI. In any event, the <u>Vilas</u> decision actually supports the Surety's position since the Court of Appeals held that so long as the duties of the public official remain appropriate to the office and were contemplated by the parties, the sureties should not be discharged by reason of the legislature's adding money to the public loan officer's capital fund. The above examination of the controlling provisions of the GAI demonstrates that the parties contemplated that Gardella's indemnity obligations would apply to bonds "hereafter" issued and that Gardella was "specifically and beneficially interested" in each bond requested by Local Towing.

POINT II

GARDELLA FAILED TO AVAIL HIMSELF OF THE
TERMINATION PROVISIONS OF THE GAI

The GAI further contains provisions regarding "TERMINATION" whereby an indemnitor, such as Gardella, can terminate his liability for future bonds. The termination clause provides as follows:

> TERMINATION: This agreement is a continuing obligation of the Undersigned unless terminated as provided in this paragraph. An Undersigned desiring to terminate liability as to future Bonds of the Contractor must:
>
> 1. Give written notice to Surety as Seattle, Washington 98185, by certified or registered mail, of such termination;
> 2. State in such notice the effective date (not less than thirty days after the receipt of notice by Surety) of termination of such Undersigned's liability for future Bonds.

87939 v3                                5

> 3. It is understood and agreed that oral notice to or constructive notice to any agent or employee of Surety shall not constitute effective notice of termination under this agreement.
>
> After the effective date of termination, the Undersigned giving notice shall be liable hereunder for:
> 1. Bonds executed or authorized prior to such date, and renewals and extensions thereof;
> 2. Bonds executed pursuant to a bid or proposal bond executed or authorized prior to such date, and renewals and extensions thereof.

It is important to note the opening language of this clause that "This agreement is a continuing obligation of the Undersigned (Gardella) unless terminated as provided in this paragraph." This "continuing obligation" language is consistent with the paragraph of the GAI cited above that Gardella's indemnity obligations apply to bonds "hereafter" issued.

Under the TERMINATION clause, if Gardella actually wanted to limit his indemnity obligations to bonds issued on the Washington, D.C. project, then he merely had to comply with the TERMINATION provisions by sending the required written notice. In such event, the surety could have decided whether or not to issue the St. Thomas and Aquadilla bonds without Gardella's indemnity. Since no such notice was ever provided (Paras. 4 and 5, Affidavit of Sean Kelley sworn to May 18, 2004 in Further Support of Plaintiffs' Motion For Summary Judgment, "Kelley Affid."), the surety rightfully understood that Gardella was an indemnitor. In this regard, the Gardella Affid. makes no mention of ever sending the requisite termination notice. Gardella has no legal basis to complain that he is liable on the St. Thomas and Aquadilla bonds where he failed

to invoke his right to terminate his liability for future bonds.

Gardella argues that he "made it be known to the agent who handled the bonds for the bonding company that I did not want to be on any more bonds" and that since "He informed me that as the company was better off financially after the Washington job, it was no longer necessary that I agree to indemnify the plaintiffs" (Para.9, Gardella Affid). Clause 3 of the TERMINATION provision of the GAI expressly provides that "oral notice to or constructive notice to any agent or employee of Surety shall not constitute effective notice of termination under this agreement." Accordingly, this alleged notice is insufficient to terminate Gardella's obligations under the GAI.

Further, the alleged notice of termination, if any, to the "agent" occurred before Gardella executed the February 20, 2002 letter agreement (annexed as Exhibit 1 to the Kelley Affid.), where (1) Gardella, like Local Towing and the other indemnitors, is making a "request for financial assistance or lending", and (2) Gardella acknowledges that there is a "Default" under the GAI.  If Gardella truly believed that he was "off" the GAI, then Gardella would have no need to be a party to this letter agreement and would not have executed this letter agreement.  Gardella's execution of the February 20, 2002 letter agreement confirms his status and obligation as an indemnitor.

POINT III

UNEMPLOYMENT CONTRIBUTION CLAIM DOES NOT RAISE AN
ISSUE OF FACT WHICH WOULD PREVENT SUMMARY JUDGMENT
RULING ON THE UNCONTESTED LOSS TO THE SURETY

It is unclear whether Gardella is attempting to create an issue of fact in Para. 3 of the Gardella Affid. by alleging that there is an outstanding issue with regard to unpaid unemployment taxes for $6,724.17. The Surety has denied payment of this claim, and has not sustained this loss. This motion seeks summary judgment for the $599,979.75, which is undisputed. The undisputed $599,979.75 does not include the $6,724.17. The unemployment tax issue should not prevent summary judgment regarding the $599,979.75.

The State of Connecticut is seeking payment from two companies, Dredging Associates and Nutmeg Barge Lease Inc., for unpaid unemployment contributions for the 2nd and 3rd quarters of 2001 and the 1st quarter of 2002. The Surety's Indemnitors, Local Towing and Gardella, not the State of Connecticut, have made a claim for these unpaid taxes against the St. Thomas payment bond. The Indemnitor's claim was denied by Safeco via a letter to counsel for Defendants dated May 6, 2004 (annexed as Exhibit 2 to the Kelley Affid.) based on the fact that: (1) Safeco's principal and indemnitors have no standing to make any claim on behalf of the State of Connecticut; (2) Safeco never issued a payment bond on behalf of either of these entities, Dredging Associates and Nutmeg Berge Lease, Inc.; (3) Connecticut did not provide labor or materials for the St. Thomas

Project; and (4) the time to commence suit has likely expired (Page 1, May 6, 2004 letter).

Conclusion

For the reasons set forth above, the reason previously indicated in the Surety's original moving papers, and based upon the admissions of the Indemnitors, it is respectfully requested that the Court grant to Surety summary judgment against Local Towing Inc. and James Gardella with respect liability for (1) the Surety's un-reimbursed payments of $599,979.75 plus interest from the date of each disbursement; (2) the Surety's reasonable attorneys fees in an amount to be determined by the Court; and (3) such other and further relief as this Court deems just and proper.

Dated: Jericho, New York
      May 18, 2004

Respectfully submitted,

TORRE LENTZ GAMELL GARY
& RITTMASTER, LLP

By: _____
    Benjamin D. Lentz   (BL 4860)

A Member of the Firm
Counsel for Plaintiffs
Safeco Insurance Company of America
General Insurance Company of America
100 Jericho Quadrangle, Suite 309
Jericho, New York 11753-2702
(516) 240-8900

87939 v3

9