UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA and GENERAL INSURANCE COMPANY OF AMERICA, | : | DOCKET NO. 3:02 CV 1966 (AVC) |
| Plaintiffs, | : | |
| V. | : | |
| LOCAL TOWING INC., GEORGE GARDELLA, JESSICA HELQUIST-GARDELLA and JAMES GARDELLA, | : | |
| Defendants/Third-Party Plaintiffs | : | MAY 18, 2004 |
| V. | : | |
| ASSOCIATED INSURANCE AGENCY, INC., FREDERICK. J. SMITH, AFNY, INC., ASSOCIATED FACILITIES OF AMERICA LTD., MELWAIN ENTERPRISES, INC., CHARLES ASSOCIATES, P.C., AND CHARLES SAPOCHETTI, | : | |
| Third-Party Defendants. | : | |

**REPLY AFFIDAVIT IN FURTHER SUPPORT OF
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

STATE OF NEW YORK        )
                                            )
COUNTY OF NASSAU       )

    Sean P. Kelley, being duly sworn, hereby depose and say:

87939 v2

1.      I am an associate with the firm of Torre, Lentz, Gamell, Gary, and Rittmaster, LLP attorneys for Plaintiffs Safeco Insurance Company of America ("Safeco") and General Insurance Company of America ("General") (hereinafter together referred to as the "Surety") in the above-entitled action, and I am fully familiar with the facts and circumstances set forth herein.

2.      I make this affidavit in further support of the Surety's motion for summary judgment to recover against Local Towing Inc. ("Local Towing") and James Gardella ("Gardella"), (collectively the "Indemnitors"), (i) $599,979.75, representing un-reimbursed payments made to subcontractors and suppliers, and (ii) determining liability for the attorneys' fees, consulting fees and expenses incurred by the Surety as a result of issuing bonds on behalf of Local Towing (including fees incurred in defending against claims and in prosecuting the Surety's indemnity rights), with the amount to be determined on inquest.

3.      On February 20, 2002, James Gardella executed a letter agreement which dealt generally with the issues presented in this matter and specifically with the default of Local Towing ant the Indemnitors, including Gardella, under the General Agreement of Indemnity executed on October 6, 1999. A copy of the February 20, 2002 letter agreement is attached as Exhibit 1.

4.      With regard to the obligations of James Gardella obligations under the October 6, 1999 General Agreement of Indemnity (the "GAI") which James admits to

executing, I have reviewed all the Surety's files regarding this matter including, the underwriting and claims files, and find no evidence that James Gardella ever terminated his obligations under the GAI pursuant to the termination clause.

5. Additionally, on May 5, 2004 I attended a deposition of James Gardella regarding this matter. As my notes and recollection indicate, James Gardella was questioned during the deposition whether in an effort to limit his obligations under the GAI to the Washington, D.C. project, he had ever terminated his obligations in accordance with the termination provisions. In response to this question James Gardella indicated that he had never complied with the termination clause of the GAI.

6. Paragraph 3 of the Affidavit of James Gardella sworn to May 3, 2004 in Opposition to Motion for Summary Judgment (the "Gardella Affidavit") appears to allege that there is an outstanding issue with regard to unpaid unemployment taxes for $6,724.17. The Surety has denied payment of this claim by letter dated May 6, 2004, and has not sustained this loss. This motion seeks summary judgment for the $599,979.75, which is undisputed. The undisputed $599,979.75 does not include the $6,724.17. A copy of the May 6, 2004 letter is attached as Exhibit 2.

_____
Sean P. Kelley

Sworn to before me this
18th day of May, 2004.

_____
Notary Public

88013 v1

JASON SAMUELS
Notary Public, State of New York
No. 02SA6047017
Qualified in Nassau County
Commission Expires August 2, 2006

3