UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SAFECO INSURANCE COMPANY OF :
AMERICA and GENERAL INSURANCE :
COMPANY OF AMERICA, :
   Plaintiffs, :
:
v. : 3:02CV1966(AVC)
:
LOCAL TOWING INC., GEORGE :
GARDELLA, JESSICA HELQUIST- :
GARDELLA, and JAMES GARDELLA, :
   Defendants. :

### RULING ON THE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

This is an action for damages, which arises out of the defendants' alleged failure to perform under an agreement to indemnity the plaintiffs. It is brought pursuant to common law tenets concerning breach of contract. The plaintiffs, Safeco Insurance Company of America ("Safeco") and General Insurance Company of America ("General"), have filed the within motion for summary judgment (document no. 79) pursuant to Fed. R. Civ. P. 56, contending that there are no material questions of fact in dispute and that they are entitled to judgment as a matter of law with regard to the causes of action asserted against Local Towing, Inc. and James Gardella.[1]

The issues presented are: (1) whether there is an issue of fact that Local Towing breached its contract to indemnify the plaintiffs; and (2) whether James Gardella has raised an issue of fact that Safeco discharged his duty to indemnify the plaintiffs

---

[1] The other defendants, George Gardella and Jessica Helquist-Gardella, have declared bankruptcy, and thus the plaintiffs have elected not to seek judgment against them.

under the indemnity agreement.

For the reasons that hereinafter follow, the court concludes that: (1) inasmuch as Local Towing has admitted liability under the agreement to indemnify the plaintiffs, summary judgment is warranted with regard to the breach of contract cause of action asserted against Local Towing; and (2) Gardella has raised an issue of fact that Safeco discharged his duty to indemnify the plaintiffs under the indemnity agreement.

Therefore, the motion for summary judgment (document no. 79) is GRANTED in part and DENIED in part.

### **FACTS:**

Examination of the complaint, affidavits, pleadings, exhibits, supplemental materials, and Rule 56(c) statements discloses the following undisputed, material facts:

On October 6, 1999, Safeco and General (collectively "the surety") entered into a General Agreement of Indemnity (the "GAI") with Local Towing, George Gardella, Jessica Helquist-Gardella and James Gardella (collectively "the indemnitors"). Pursuant to the GAI, the indemnitors agreed to indemnify the surety "from all loss and expense in connection with any Bonds for which [Safeco or General] . . . now is or hereafter becomes Surety for" Local Towing as principal. Also under the GAI, the indemnitors agreed "to pay to [Safeco or General] upon demand: All loss, costs and expenses of whatsoever kind and nature . . .

incurred by [Safeco or General] . . . on account of any default under the agreement by the" indemnitors. A party is in default under the GAI if, <u>inter alia</u>, they fail "to pay, to the extent due in whole or in part, claims, bills, or other indebtedness incurred in connection with the performance of any contract."

James Gardella signed the indemnity agreement both in his capacity as the Secretary of Local Towing and in his individual capacity. Gardella maintains that he signed the GAI in his individual capacity so that "Local Towing could get a job in Washington, D.C." Gardella further maintains that after Local Towing completed the Washington, D.C. project, he "made it known to the agent who handles the bonds . . . that [he] did not want to be on any more bonds." According to Gardella, the Safeco agent informed him that, because "[Local Towing] was better off financially after the Washington job, it was no longer necessary that [Gardella] . . . agree to indemnify the plaintiffs."

After this conservation allegedly occurred, Local Towing bid on two additional projects. One project was known as the "Stalley Bay Outfall Installation Project," and was located in St. Thomas, United States Virgin Islands (the "St. Thomas project"). The other project was known as the "Aguadilla Harbor Revetment Project," and was located in Puerto Rico (the "Aguadilla project"). Local Towing won the contracts for both projects.

On July 26, 2000, the plaintiffs, Safeco and General, issued

3

a performance bond and a payment bond on behalf of Local Towing in connection with the St. Thomas project. On August 1, 2000, Safeco and General issued an additional performance bond and a payment bond on behalf of the defendant Local Towing in connection with the Aguadilla project.

Subsequent to the issuance of the St. Thomas project and Aguadilla project bonds, Local Towing encountered financial difficulties on both projects and was unable to meet its financial obligations. Local Towing requested financial assistance in the form of loans from the plaintiffs. The plaintiffs agreed to provide the requested financial assistance.

On or about February 15, 2002, the parties entered into a letter agreement with respect to these loans. The purpose of the letter agreement was to "confirm Safeco's understanding of the request for financial assistance that is being made . . . [by] Local Towing, and the individual indemnitors." The letter went on to explain that the "financial assistance" was being offered because Local Towing was "currently financially unable" to meet its obligations. The letter also stated that this "failure to pay these obligations constituted a default under the General Agreement to Indemnify, . . . executed by [Local Towing and the] three individual indemnitors, [including] James Gardella." James Gardella signed the letter agreement.

After the issuance of the letter agreement, Local Towing assigned all of the proceeds and claims of both the St. Thomas

and Aquadilla projects.  Nevertheless, the plaintiffs have suffered a loss of approximately $599,979.75 in connection with expenditures made for the St. Thomas and Aquadilla projects.  The defendants have not reimbursed the plaintiffs for this loss.

On November 6, 2002, the plaintiffs filed the instant action contending that the defendants failure to reimburse them is a breach of the GAI.  On March 26, 2004, the plaintiffs filed the within motion for summary judgment against James Gardella and Local Towing.

### STANDARD:

On a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute, and that it is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  A dispute regarding a material fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir.), cert. denied, 506 U.S. 965 (1992) (quoting Anderson, 477 U.S. at 248).  The court resolves "all ambiguities and draw[s] all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide." Aldrich, 963 F.2d at 523.  Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper."

Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

**DISCUSSION:**

1. Local Towing

The plaintiffs first contend that summary judgment should be granted with respect to its cause of action against Local Towing because there are no questions of material fact that Local Towing breached the GAI. Specifically, the plaintiffs maintain: (1) "there cannot be any dispute that the GAI is a valid contract between the Surety and the indemnitors;" and (2) "there similarly cannot be any question as to the validity of the indemnity provision and the obligations of the indemnitors arising thereunder."

Local Towing does not object to the plaintiffs' motion for summary judgment. Rather, Local Towing admits that it is liable. Specifically, Local Towing states that "Local Towing agreed that its failure to meet its financial obligations [in connection with the Aguadilla and St. Thomas projects] constituted a default under the terms of the GAI and promised to repay the funds expended by the plaintiffs to meet those financial obligations." Local Towing further admits that, although the plaintiffs have expended funds and incurred debts in the amount of $599,979.75 on behalf of Local Towing, Local Towing has not reimbursed the plaintiffs for these payments as it promised.

Thus, Local Towing admits that, under the terms of the GAI it is indebted to the plaintiffs in the amount of $599,979.75, and that it has not yet paid that sum. Consequently, inasmuch as Local Towing admits liability, summary judgment is GRANTED in favor of the plaintiffs with regard to the cause of action asserted against Local Towing.

2. James Gardella

The plaintiffs next contend that summary judgement should be granted with respect to their cause of action against James Gardella. Specifically, the plaintiffs maintain that Gardella signed the GAI in his individual capacity and therefore is liable to the same extent as Local Towing.

Gardella responds that there "is a dispute as to the liability, if any, of James Gardella for the monies spent by the plaintiffs." Specifically, Gardella maintains that Safeco discharged his liability under the GAI.

"[P]arties to [a] . . . contract [can] as validly agree to rescind [the contract] as they could agree to make it originally. . . . Mutual assent to abandon a contract, like mutual assent to form one, may be inferred from the attendant circumstances and conduct of the parties. . . . The mutual release of obligation under a contract affords sufficient consideration for a rescission." Yale Co-op. Corp. v. Rogin, 133 Conn. 563, 567-568 (1947) (internal quotation marks and citations omitted). "Whether the parties have manifested an intention to modify or

7

abandon their agreement is ordinarily a question of fact." <u>Rowe v. Cormier</u>, 189 Conn. 371, 373 (1983).

In this case, Gardella maintains that Safeco discharged him from his personal liability under the GAI prior to the issuance of the St. Thomas and Aguadilla bonds. Consequently, because the cause of action asserted against Gardella arises out of the defaults in connection with the St. Thomas and Aguadilla bonds, Gardella contends that he is not personally liable for these defaults. In support of this contention, Gardella has filed a sworn affidavit wherein he states that, after the Washington D.C. project was complete but before the plaintiffs issued the St. Thomas and Aguadilla bonds, Gardella informed Safeco that he no longer wanted to remain as an individual indemnitor under the GAI. Gardella further states that an agent of Safeco informed him that "it was no longer necessary that [Gardella] . . . indemnify" the plaintiffs, because "[Local Towing] was better off financially after the Washington job." Gardella therefore has adduced sufficient evidence to raise an issue of fact regarding whether the plaintiffs discharged him from his personal liability under the GAI.

Safeco responds that the GAI provided a specific procedure for the termination of liability, and that Gardella did not follow these procedures. Consequently, Safeco maintains that Gardella can not claim that Safeco discharged his liability because he did not follow the requisite termination procedure.

The court is not persuaded. Although the existence of a specific procedure for termination of ones liability, and failure to comply with that procedure, is relevant to the question of whether the parties, in fact, assented to rescind Gardella's liability, it does not, standing alone, require the conclusion that there is no question of fact regarding whether Safeco abandoned the contract with respect to Gardella. Cf. Gaer Bros., Inc. v. Mott, 147 Conn. 411, 416 (1960) ("that a contract [provides] . . . for . . . a method by which its life could be brought to an end . . . . [does not mean that] the parties [can] not, by their conduct, abandon the contract").[2] Consequently, the court concludes that Gardella has established an issue of fact that Safeco discharged his liability under the GAI in connection with the Aguadilla and St. Thomas projects. The motion for summary judgement is therefore DENIED with respect to the cause of action asserted against James Gardella individually.

---

[2] Safeco also points to the fact that Gardella signed the letter agreement after his alleged conversation with the Safeco agent. According to Safeco, this indicates that he had not been relieved of his liability under the contract. Such evidence, however, only adds to the conclusion that a material question of fact exists as to whether Gardella was still obligated under the contract.

## CONCLUSION:

For the foregoing reasons, the plaintiffs' motion for summary judgment (document no. 79) is GRANTED in part and DENIED in part.

It is so ordered this _____ day of June, 2004 at Hartford, Connecticut.

            Alfred V. Covello
            United States District Judge