**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA and GENERAL INSURANCE COMPANY OF AMERICA, | : : : | DOCKET NO. 3:02 CV 1966 (AVC) |
| Plaintiffs, | : : | |
| V. | : : : | |
| LOCAL TOWING INC., GEORGE GARDELLA, JESSICA HELQUIST-GARDELLA and JAMES GARDELLA, | : : : | |
| Defendants/Third-Party Plaintiffs | : | MARCH 30, 2004 |
| V. | : : | |
| ASSOCIATED INSURANCE AGENCY, INC., FREDERICK J. SMITH, AFNY, INC., ASSOCIATED FACILITIES OF AMERICA LTD., MELWAIN ENTERPRISES, INC., CHARLES ASSOCIATES, P.C., AND CHARLES SAPOCHETTI, | : : : : : : | |
| Third-Party Defendants. | : : | |

## NOTICE FOR PRODUCTION AND INSPECTION OF DOCUMENTS

COUNSEL:

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure Rule 34,

Plaintiffs Safeco Insurance Company of America ("Safeco") and General Insurance

Company of America ("General") (collectively the "Surety"), by their attorneys, Torre

Lentz Gamell Gary & Rittmaster, LLP, hereby demands that Defendants Local Towing

Inc. ("Local Towing"), George Gardella, Jessica Helquist-Gardella, and James Gardella, individually, (collectively the "Indemnitors") produce and permit the Surety's officers, attorneys, agents, or someone acting on its behalf, to inspect, copy, test or photograph any of the documents or things described below, in Indemnitor's custody, possession or control, at the offices of Halloran & Sage LLP, One Goodwin Square, 225 Asylum Street, Hartford, CT 06103, beginning on April 29, 2004 at 10:00, in the forenoon of that day and continuing from day to day until completed.

## Definitions and Instructions

(a) "Plaintiff" or "you" or "your", shall mean Precision and/or any of its present or former wholly or partially owned subsidiaries, affiliates, divisions, officers, directors, partners, employees, agents, consultants, representatives and all other persons or entities acting on its behalf.

(b) "Owner", shall mean the Government of the Virgin Islands and the U.S. Army Corps. of Engineers.

(c) "Contractor" shall mean Local Towing.

(d) "GAI" shall mean the General Agreement of Indemnity executed by the Indemnitors executed and delivered to the Surety on or about October 6, 1999.

(e) "Project", shall mean the Stalley Bay Ocean Outfall Installation Project in St. Thomas, U.S.V.I. ("St. Thomas Project") and the Aguadilla Harbor Revetment Project in Puerto Rico ("Aguadilla Project").

(f) "Person(s)" or "Personnel" shall mean all individuals and entities, including,

without limiting the generality of the foregoing, any natural person or any business, legal or governmental entity or association or trust or estate.

(g) "Third-party(ies)", shall mean any person or entity other than the Surety, and/or the Indemnitors.

(h) "Or", shall include "and/or".

(i) "Documents", shall include, without limitation, every original writing or thing and record of every type and description, whether handwritten, printed, typed, taped, computerized, or in any other graphic, digital, magnetic, optical or mechanical form or nature, however produced, reproduced or recorded, or other data compilations from which information can be obtained and, if necessary, translated into usable form through the use of any machine, device or equipment to be provided by the party providing such data, and whether or not sent, received, or otherwise transmitted. "Documents" shall also include a copy or draft of a document, if the original is not available and it shall include every copy or draft of a document that is not identical in each and every respect to the original or another copy. "Documents" shall expressly include any document located in the private or other files maintained by any present or former officer, director, partner, employee, agent, consultant or representative of the party to whom this request for production is directed, or in such persons possession, custody or control, whether in such persons personal office, home or elsewhere.

(j) If it is claimed that any document is, in whole or part, beyond the scope of permissible discovery, specify in detail each and every ground on which such claim rests.

86688 v1                                        3

(k)  Privilege or Confidentiality - with respect to any document or portion thereof covered by this request but withheld under a claim of privilege or confidentiality, identify each such document, its author and all addressees (including their position and business affiliation at the time in question), its date and subject matter and provide a detailed explanation of the basis on which the privilege or confidentiality is claimed (except that if a privilege or confidentiality is claimed for a series of related documents, they may be so identified), and identify every person (including their position and business affiliation at the time in question), other than the author and addressees listed or meeting attendees or noted conversation participants, who has read or been provided with a copy of the document or who has been told the contents thereof, or who attended the meeting or took part in the conversation and, if the meeting or conversation took place electronically or telephonically, the physical location of each person when the meeting or conversation took place.

(l)  Loss or Destruction of Documents - if any of the documents requested herein has been lost or destroyed:  (1) provide any documents existing at the time of such loss or destruction setting forth or reflecting any policy or procedure then in effect for destruction or retention of documents respecting, referring or relating to the destruction or retention of any such destroyed documents; and (2) provide a written statement, in lieu of each such lost or destroyed document, which describes, in detail, the nature of the document and its contents, identifies the author and recipient, specifies the date on which the document was prepared or transmitted or both and, if possible, the date on which the document was lost or destroyed and, if destroyed, the conditions of or reasons for such destruction and the

person(s) requesting or performing same.

(m)  This response shall be deemed to be continuing one and any document created, obtained or located subsequent to production which would have been produced had it been available or its existence known at that time shall immediately be produced.

(n)  Documents are to be produced in the same manner as which they are kept in the ordinary course of business.

(o)  Period of this Request - Unless specifically indicated otherwise or it is inherent from the nature of the document, this request shall apply to: (1) documents dated, prepared in any part, sent or received, on or after July 1, 1999 to and including the present; and (2) documents not within the above time period but located in the same files that contain one or more requested documents within such period.

### **Documents and Things Requested**

1.    Documents purporting indicate that the Surety was under an obligation or that there was a precondition to the issuance of the Bonds that required the Surety to obtain key man life insurance on the life of Francis Empey.

2.    Documents purporting to indicate the Surety had knowledge of the alleged "notorious" reputation of the United Stated Virgin Islands ("USVI") in performing its contract in a commercially unreasonable fashion and failed to warn the Indemnitors, and therefore, the Surety allegedly breached an obligation to act in good faith and fair dealing.

3.    Documents purporting to indicate that the assets of Jessica Helquist-Gardella were not part of the basis or consideration for the Surety to issue bonds on

behalf of Local Towing.

4.    Documents purporting to indicate that the Surety released or discharged James Gardella from his obligations under the GAI

5.    Documents purporting to evidence an "original contract" between the Surety and James Gardella for the issuance of bonds by the Surety on behalf of Local Towing other than the GAI.

6.    Documents purporting to evidence an alteration of said "original contract" through the Surety's act of issuing bonds beyond those that were "originally contracted".

7.    Documents purporting to indicate that James Gardella limited any obligations he may have had under the GAI to bonds which he approved.

8.    Documents purporting to indicate that the Surety was under an obligation to notify James Gardella of the issuance of the Bonds based upon his obligations.

9.    Any and all other documents and categories of documents which support the affirmative defenses and counterclaims as set forth in the Defendants' Answer in the present matter.

10.    Documents which comprise or pertain to any contract, subcontract, purchase order or agreement of any type, whether written or unwritten, by and between Owner, Contractor, and/or Subcontractor including, but not limited to, drawings, plans, specifications and/or general conditions.

11.    Documents which comprise or pertain to any contract, subcontract, purchase order or agreement of any type, whether written or oral, entered into, by, between, among or

to Contractor, Owner and/or any third-party respecting, referring or relating to the design, financing, cost, bonding, construction, management or operation of the Project.

12.    Documents prepared by or identifying any employee, contractor, subcontractor or provider of any labor, material or service to or by, between and among Contractor, Owner or any third-party who performed any work or labor or provided any material or service in regard to the design, financing, cost, bonding, construction, management or operation of the Project, whether or not such work, labor or service was performed pursuant to a contract, subcontract or agreement or was based upon a fee or commission.

13.    Documents pertaining to equipment utilized by Contractor, Owner or any third-party or any of their contractors, subcontractors or consultants on the Project, including all records of rental equipment and records referring to the procurement, fabrication and delivery of material and equipment to the Project.

14.    Documents pertaining to any order for or the utilization of labor, materials or services made by, between, among or to Contractor, Owner or, third parties, respecting, referring or relating to the design, financing, cost, construction, management or operation of the Project or to any agreement, contract or subcontract.

15.    Documents, including, but not limited to, payroll records and any other logs, daily reports, field reports, diaries, labor reports, daily or other time sheets, respecting, referring or relating to the manpower used by Contractor, Owner or any third-party on the Project and all records of reimbursement or expenditure on behalf of any employees for

travel or disbursements during the period of the work on the Project.

16.    Documents, respecting, referring or relating to any change orders, field orders, work orders or proposals for changes in or additions or deletions to the work on the Project, or for any scheduled or unscheduled overtime or program thereof, whether or not approved or made a part of the contract or subcontracts or other agreements, respectively, by, between, among and to Contractor, Owner or any third-party or any subcontractor or consultant, including, but not limited to, any expert or consultant, and whether or not actually performed.

17.    Documents respecting, referring or relating to requests for information, interpretation and clarification of the terms, conditions, drawings, plans or specifications of any contract, subcontract or other agreement, however made and all logs, files and responses thereto.

18.    Documents, including, but not limited to, internal memoranda, correspondence telephone call records, diaries, reports, files or similar records respecting, referring or relating to the Project.

19.    Documents, respecting, referring or relating to Critical Path Method ("CPM") schedules, work schedules, progress schedules, time logs, bar charts, projections, "in-house" schedules, timetables and any other similar document, together with revisions, amendments or updates, including summaries thereof, developed or utilized or both, by, between, among and to Contractor, Owner, any third-party or any other person or entity in connection with the Project.

20.    Documents pertaining to any payments of any kind made by, between, among and to Contractor, Owner or to any third-party, respecting, referring or relating to the design, financing, cost, bonding, construction, management or operation of the Project.

21.    Documents concerning any payments or requests or demands for payments, respecting, referring or relating to any work on the Project, including, but not limited to, monthly, periodic, or other requisitions, invoices, certifications, statements or bills by, between, among and to Precision, Contractor, Owner any third-party or other suppliers of any labor, material or service for the Project, whether or not approved or paid and any and all schedules of values prepared by or for same, including, but not limited to, all documents respecting, referring or relating to Contractor, Precision.

22.    Documents, including, but not limited to, comparisons, summaries, tabulations and analyses, comparing the amount of the cost of any labor or material or service or other costs actually incurred on the Project with costs originally anticipated for such work, labor, material or service.

23.    Documents, including, but not limited to, comparisons, summaries, tabulations and analyses comparing actual man-hours expended on the Project with man-hours originally anticipated.

24.    Documents purporting to be a release or other waivers or punch lists or certifications of substantial or final completion.

25.    Documents, including, but not limited to, internal memoranda, correspondence or other documents prepared by or for Contractor, Owner or any third-party

for use in scheduling, monitoring, reviewing or in any other manner relating to the performance of any contract, subcontract or any other agreement relating to the Project.

26.    Documents respecting, referring or relating to any bid or proposal or estimate of cost provided by or received from any actual, proposed or potential subcontractor, material supplier or any engineer, designer, consultant or third-party for the Project, including, but not limited to, work-sheets, "take-off" sheets, project/bid analyses, man-hour-material and cost projections, bid tabulations, comparisons and evaluations.

27.    Documents respecting, referring or relating to any meetings pertaining to the Project, including, but not limited to, memoranda, reports, minutes or other documents pertaining to pre-job meetings, progress meetings or other meetings by, between, among and to Contractor, Owner or any third-party relating to work on the Project.

28.    Documents respecting, referring or relating to any reports or analysis or analyses produced by any expert or consultant or project or construction manager on behalf of or for the benefit of Contractor, Owner or any third-party or otherwise utilized by them or any person pertaining to the Project, including, but not limited to, any reports, analysis or analyses prepared or submitted respecting, referring or relating to the Project.

29.    Documents respecting, referring and relating to quality control procedures, supervision, coordination, orders and opinions by Contractor's personnel or its representative(s) relating to the Project.

30.    Documents constituting, referring to or reflecting any statement or opinion expressed by any person respecting the nature or quality of the plans, drawings and

specifications for or the quality or timeliness of said plans, drawings and specifications or the design, financing, cost, bonding, construction, management or operation of the Project.

31.    Documents respecting, referring or relating to visits to or inspections of the Project by Contractor, construction manager, any third-party, Owner or their employees, agents, consultants and representatives or third parties including, but not limited to, reports and memoranda.

32.    Documents respecting, referring or relating to requests for extensions of time, all types and manner of submittals, working drawings, shop drawings or samples submitted to Contractor or its representatives, including those submitted by Contractor, construction manager, any third-party, or other contractors or subcontractors for the Project and all logs, responses and documents relating thereto.

33.    Documents including, but not limited to, any final computation of Contractor's costs, labor, materials or services for the Project.

34.    Documents pertaining to or evidencing oral or written communications or agreements of any type by, between, among and to Contractor, Owner, or any third-party respecting, referring or relating in any manner or degree to the Project.

35.    Documents respecting, referring or relating to statements and interviews with persons associated with the ownership, design, financing, cost, bonding, construction, management or operation of the Project.

36.    Documents to or from any party (including by, between and among Contractor, Owner or any third-party) indicating, suggesting, referring or relating to any

problems with the design, financing, cost, bonding, construction, management or operation of or respecting, referring or relating to any actual, potential, alleged or expected claim of any kind in regard to the Project, including, but not limited to, documents respecting, referring or relating to alleged breaches of any contract, subcontract or written or oral agreement, the quality of the work, the price, scheduling, time of or actual completion of the Project, the discharge or default of any contractor, subcontractor, construction manager or consultant, including, but not limited to, any acts or claims of any type by, to, on behalf of or in any way related to Contractor.

37.     Documents respecting, referring or relating to any communication with or comment to any person or entity, made by, between, among or to the Contractor, construction manager, Owner or any third-party or any of their present or former wholly or partially owned subsidiaries or their officers, directors, shareholders, partners, employees, agents, consultants or representatives, which mentioned, discussed or referred to either Contractor or their respective present or former officers, directors, shareholders, partners, employees, agents, consultants or representatives or to the planning, development, financing, cost, bonding, construction, management or operation of the Project.

38.     Documents respecting, referring or relating to any indemnity or hold harmless agreement or agreement for the reimbursement of expenses or judgments or agreement relating to past, present or future services by, between, among and to Contractor, construction manager, Owner or any of their present or former officers, directors, partners, employees, agents, consultants or representatives, with respect to the subject matter of this

or any other litigation or arbitration related in any degree to the Project or any of the claims being asserted by or against the Surety.

39.     Drawings, photographs, audiotapes, videotapes or other graphic or magnetic images or voice recordings, however, stored or recorded, including computer disk or other storage media for any computer aided or assisted design ("CAD") system used for or respecting, referring or relating in any degree to the Project.

40.     Documents, including, without limitation, work papers, reflecting or containing computations of any alleged injury, loss or damage sustained by Contractor, construction manager, Owner or a third-party as a result of the alleged act(s) of Contractor, including, but not limited to, any breaches of contract, delays, disruptions or inefficiencies allegedly caused by or related to Contractor.

41.     Documents respecting, referring or relating to any past or present litigation or arbitration or threatened litigation or claims by or against Contractor, construction manager, Owner any third-party or any of their present or former officers, directors, partners, employees, agents, consultants or representatives or third-parties, respecting, referring or relating to the Project, including, without limitation, the pleadings and any transcripts in any such matter.

42.     Documents, not previously requested, which the Indemnitors intends to rely upon or which it can reasonably expect to contend supports, establishes, contests or refutes any allegation, defense, claim or counter claim, including, but not limited to, any proof of claims, damages or refutation of claims.

Dated: Jericho, New York
        March 31, 2004

                             Yours, etc.,

                             TORRE, LENTZ, GAMELL, GARY &
                             RITTMASTER, LLP

By: _____
                 Benjamin D. Lentz    (BL 4860)

                             A Member of the Firm
                             Counsel for Plaintiffs
                             Safeco Insurance Company of America
                             General Insurance Company of America
                             100 Jericho Quadrangle, Suite 309
                             Jericho, New York 11753
                             (516) 240-8900

## **CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that a copy of the foregoing was sent via regular mail on this date to the following:

Duncan B. Hume, Esq.
Attorneysfor Defendants and Third-Party Plaintiffs
Hume & Associates
One Landmark Square
Stamford, CT 06901

James L. Brawley, Esq.
Tracey M. Lane Russo, Esq.
Attorneys for Associated Insurance Agency, Inc.
Morrison, Mahoney & Miller, LLP
One Constitution Plaza, 10th Floor
Hartford, CT 06106

James J. Farell, Esq.
Attorneys for the Defendants and Third-Party Plaintiffs
8 Elm Street
Norwalk, CT 06850

Dianna D. McCarthy, Esq.
Attorneys for Third-Party Defendant Melwain Enterprises, Inc.
Winget Spadofora & Schwartzberg, LLP
183 N. Broad Street
Milford, CT 06460

Luigi Spadofora, Esq.
Winget Spadofora & Schwartzberg
45 Broadway, 19th Floor
New York, NY 10006

Dated: Jericho, New York
        March 31, 2004

_____
Benjamin D. Lentz

86688 v1                          15

**EXHIBIT B**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA and GENERAL INSURANCE COMPANY OF AMERICA, | : | DOCKET NO. CV 3:02 CV 1966 (AVC) |
| Plaintiffs, | : | |
| V. | : | |
| LOCAL TOWING INC., GEORGE GARDELLA, JESSICA HELQUIST-GARDELLA and JAMES GARDELLA, | : | |
| Defendants/Third-Party Plaintiffs | : | July 19, 2004 |
| V. | : | |
| ASSOCIATED INSURANCE AGENCY, INC., FREDERICK J. SMITH, AFNY, INC., ASSOCIATED FACILITIES OF AMERICA LTD., MELWAIN ENTERPRISES, INC., CHARLES ASSOCIATES, P.C., AND CHARLES SAPOCHETTI, | : | |
| Third-Party Defendants. | : | |

## DEMAND FOR WRITTEN INTERROGATORIES

Plaintiffs Safeco Insurance Company of America ("Safeco") and General Insurance Company of America ("General") (collectively the "Surety"), by their attorneys, Torre Lentz Gamell Gary & Rittmaster, LLP, submit the following interrogatories to Defendant James Gardella ("Gardella") and which are to be answered

fully and in writing under oath on or before August 20, 2004 in accordance with the procedures specified in Federal Rules of Civil Procedure Rule 34. Unless otherwise indicated, all information is requested as of the date of the answers to these interrogatories. These interrogatories are continuing so as to require supplemental answers if the Indemnitors obtain further information between the time answers are served and the time of trial.

## DEFINITIONS

Whenever the words underlined below in this section are used in these Interrogatories, the following definitions shall apply as if the same were set forth in full in the interrogatory in which the underlined word appears.

A. **Document** means any handwritten, printed, typed, photographed, tape-recorded or graphic matter, however otherwise stored, maintained, produced or reproduced and includes without limitation, all communications, reports, correspondence, telegrams, e-mails, facsimiles, memoranda, summaries or records of telephone conversations, management letters, accounts, telex files, teletypes, telegrams, contracts, noted, marginal notations, photographs, ledgers, or information recorded on any medium or other records of original entry, checks, back and front, drafts and all non-identical copies of any of the foregoing, if applicable, and other documents, recordings or writings of whatever nature and description and all other media on which information can be stored or transmitted.

In the event that any document called for has been destroyed, that document is to be identified as follows: manner of recording or reproductions, addressor, addressee, author,

indicated or blind copies, date, subject matter, number of pages, attachments, or appendices, all persons to whom distributed, shown or explained, or with whom discussed, date of destruction, manner of and reason for destruction, person destroying the document and custodian of the document on the date and time of destruction.

B. **Communication** includes every manner of transmitting or receiving information, opinions and thoughts orally, in writing, electronically, or otherwise, and shall include conversations as well as the definition of Document as set forth in "A" above.

C. **Identify**, when used in reference to an individual, means to state his or her full name, present or last known address, present or last known position or business affiliation and all positions held at all times relevant to the action.

D. **Identify**, when used in reference to a document, means either to annex a copy to your answer to theses Interrogatories or to state its date, its author, type of document (e.g., letter, memorandum, e-mail, facsimile, telegram, agreement, contract, tape recording, etc.), its present location or custodian and each recipient of it or a copy of it. If the document is no longer in Defendant's possession, custody or control, state the disposition of the document, the reason for such disposition, the date thereof, and identify each individual that participated in, directed or has knowledge of such disposition.

E. **Identify** when used in reference to an oral communication, means to identify each person making and receiving it, the substance of the communication, identify each person present, set forth the date and time when, and each place where, it was made, and whether any written minutes, notes or memoranda of the oral communication were made.

F.  Reference to the singular or to the masculine gender shall include the plural or feminine gender when the context so requires; and reference to the plural or the feminine gender shall include the singular or masculine gender when the context so requires.

G.  As used herein "and" or "or" means 'and/or".

H.  The definitions set forth in Defendants' Notice for Discovery and Inspection are incorporated, as if fully set forth herein.

## INSTRUCTIONS

A.  Identify each document and each oral communication, which forms the basis, in whole or in part, for the answer given, which corroborates the answer given or the substance of which is given, or annex copies of each such document.

B.  State whether the information furnished is within the personal knowledge of the affiant and, if not, identify each person to whom the information is a matter of personal knowledge, if known.

C.  If the answer to an interrogatory is not presently known to the affiant, so state and, in addition, respond to the interrogatory when such answer becomes known to the affiant.

## PRIVILEGE

If an Interrogatory requires you to identify a document or oral communication which you claim to be privileged, in lieu of supplying such document or identifying such oral communication, state the reason for withholding it or information regarding it, identify the document with particularity, including without limitation, the author of the

document, the date of the document, the general subject matter of the document and each individual or entity to whom the document indicates the original or a copy was sent; and in lieu of identifying such oral communication, set forth the substance of the communication, the date and place of the communication and identify each person participating therein and all others who were present or to whom the contents thereof were disclosed

## **INTERROGATORIES**

1.      With regard to the alleged verbal communication as set forth in paragraph 9 of the Affidavit of James Gardella dated May 3, 2004 in Opposition to Motion for Summary Judgment on which Gardella bases his belief that he allegedly notified Safeco that he terminated his obligations under the General Agreement of Indemnity dated October 6, 1999 ("GAI"):

a.      Identify the alleged agent of Safeco with whom the alleged verbal communication took place;

b.      Identify the content, sum and substance of the alleged verbal communication; and

c.      Identify when the alleged verbal communication took place.

2.      With respect to the individual with whom the alleged verbal communication took place:

a.      Identify the basis upon which Gardella believes that the individual was an agent of Safeco;

b.    Identify the basis of upon which Gardella believes that the individual

had any sort of relationship with Safeco.

3.    Identify any and all other individuals with whom Gardella communicated

that he believes were in any way affiliated with Safeco.

4.    Identify the nature and content of any and all communications with the

individuals Gardella believes were in any way affiliated with Safeco.

Dated: Jericho, New York
       July 19, 2004

Yours, etc.,

TORRE, LENTZ, GAMELL, GARY &
RITTMASTER, LLP

By: _____
      Benjamin D. Lentz    (BL 4860)

A Member of the Firm
Counsel for Plaintiffs
Safeco Insurance Company of America
General Insurance Company of America
100 Jericho Quadrangle, Suite 309
Jericho, New York 11753
(516) 240-8900

89184 v1                                    6

# CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing was sent via regular mail on this date to the following:

Duncan B. Hume, Esq.
Attorneys for Defendants and Third-Party Plaintiffs
Hume & Associates
One Landmark Square
Stamford, CT 06901

James L. Brawley, Esq.
Tracey M. Lane Russo, Esq.
Attorneys for Associated Insurance Agency, Inc.
Morrison, Mahoney & Miller, LLP
One Constitution Plaza, 10th Floor
Hartford, CT 06106

James J. Farell, Esq.
Attorneys for the Defendants and Third-Party Plaintiffs
8 Elm Street
Norwalk, CT 06850

Dianna D. McCarthy, Esq.
Attorneys for Third-Party Defendant Melwain Enterprises, Inc.
Winget Spadofora & Schwartzberg, LLP
183 N. Broad Street
Milford, CT 06460

Luigi Spadofora, Esq.
Winget Spadofora & Schwartzberg
45 Broadway, 19th Floor
New York, NY 10006

Dated: Jericho, New York
July 20, 2004

Benjamin D. Lentz