UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA and GENERAL INSURANCE COMPANY OF AMERICA, | : | DOCKET NO. 3:02 CV 1966 (AVC) |
| Plaintiffs, | : | |
| v. | : | |
| LOCAL TOWING INC., GEORGE GARDELLA, JESSICA HELQUIST-GARDELLA and JAMES GARDELLA, | : | |
| Defendants/Third-Party Plaintiffs, | : | September 16, 2004 |
| v. | : | |
| ASSOCIATED INSURANCE AGENCY, INC., FREDERICK J. SMITH, AFNY, INC., ASSOCIATED FACILITIES OF AMERICA LTD., MELWAIN ENTERPRISES, INC., CHARLES ASSOCIATES, P.C., AND CHARLES SAPOCHETTI, | : | |
| Third-Party Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL**

Pursuant to Rules 26, 34 and 37 of the Federal Rules of Civil Procedure and Rules 26 and 37 of the Local Federal Rules of Civil Procedure, the Safeco Insurance Company of America ("Safeco") and General Insurance Company of America ("General") (collectively the "Surety") hereby moves for an order (1) compelling Defendants/Third-Party Plaintiffs Local Towing Inc., George Gardella, Jessica Helquist-Gardella and James Gardella (hereinafter referred to collectively as "Local Towing") to

respond to Plaintiffs (a) Notice for Production and Inspection of Documents ("Document Requests") dated March 31, 2004, and (b) Demand For Written Interrogatories dated July 19, 2004; (2) ordering Local Towing to respond and/or provide documents requested at the depositions of Defendants/Third-Party Plaintiffs George Gardella and James Gardella; (3) ordering the Defendants/Third-Party Plaintiffs George Gardella and James Gardella to appear for further depositions within 30 days of responding to the aforementioned Document Requests and Interrogatories; (4) extending the respective deadlines for discovery, motions and trial readiness until such time as the Court deems proper; (5) prescribing the appropriate sanctions upon Local Towing for failing to respond to Surety's discovery demands; and (6) such other and further relief as the Court deems just and proper.

Background

On November 6, 2002, the Plaintiff filed a Complaint in the United States District Court, District of Connecticut. On February 21, 2003 Local Towing served its Answer and Affirmative Defenses to the Complaint. On March 31, 2004, the Surety served Local Towing with its Document Requests and to date no response or objection has been received. (Para. 3 Affidavit of Benjamin D. Lentz sworn to September 16, 2004 in Support of this Motion, the "Lentz Affid."). On July 20, 2004, the Surety served Local Towing with its Demand for Written Interrogatories and to date no response or objection has been received. (Para. 4 - Lentz Affid.) At the depositions of Defendants/Third-Party

90618 v1

Plaintiffs George Gardella and James Gardella requests for documents in response the Surety's Document Requests and additional documents were made. (Para. 5 - Lentz Affid.)

Argument

As noted above, Local Towing has failed to respond to Surety's Document Requests. Local Towing has not filed any objections to Surety's document requests, and has not made any motion with regard to the same. As noted above, on April 19, 2004 and April 26, 2004 the Defendant/Third-Party Plaintiff George Gardella appeared for depositions. During the course of George Gardella's deposition questioning, numerous documents were requested that had not been previously provided pursuant to Surety's Document Requests. Counsel for Local Towing indicated a willingness to provide the requested for documents.

At the deposition of George C. Gardella on April 26, 2004, counsel for Local Towing agreed to provide documents requested during the course of George Gardella's deposition. See the Lentz Affirmation at Exhibit "B". At page 204-205 therein, the following exchange occurred:

> MR. BRAWLEY: So why don't we - with that agreement, do you want to suspend at this time with the agreement that we're going to do James Gardella next Wednesday at 10:00, then we will try to finish your deposition in the late afternoon of the 5th, and you're going to attempt to get the information concerning damages off the computer by that time, then give it to your lawyer and he'll contact us? Duncan, could you copy for me what Mr. Gardella brought today, that big bag of documents?

90618 v1

MR. HUME: Yes.

MR. BRAWLEY: I'd like to look at that and copy that and see what's in there.

THE WITNESS: If there's information that you want, you know, tell me.

MR. KELLEY: Basically in reviewing that document, I want you to tell me if there's something in there that obligates Safeco to get a keyman policy, to obligate them to have this policy to the benefit of Local Towing.

THE WITNESS: Is there any other questions that you may have that I may need to get a piece of paper from –

MR. KELLEY: I'm sure I've got a few pages here.

THE WITNESS: So I can try to pull that all out so we can get it over with?

MR. KELLEY: If there's any contract, agreement, correspondence, that you believe would obligate Safeco to get a keyman policy or to have Fran Empey's -- him to execute a general agreement of indemnity, I would like to see that.

THE WITNESS: All right. I'll try to find everything.

MR. HUME: We'll see if we can locate everything in response to that request.

(Discussion off the record.)

On May 5, 2004 the Defendant/Third-Party Plaintiff James Gardella appeared for deposition. At the deposition of James Gardella on May 5, 2004, counsel for the Plaintiff agreed to provide documents requested during the course of James Gardella's deposition. See the Lentz Affirmation at Exhibit "E". At page 86 therein, the following

90618 v1

exchange occurred.

> MR. BRAWLEY: I was going to suggest, Duncan, that I would now question Mr. Gardella about the damage claims made in his third-party complaint, but I think we've all agreed that before any meaningful questioning can occur, that we need to review the documents that Chris Gardella is getting off his computer that contain certain financial information or hopefully contain the financial information for the projects that would allow us to question intelligently on those subjects.
>
> MR. HUME: Okay.
>
> MR. BRAWLEY: So we will suspend, and you are going to produce the documents that are obtained from Chris Gardella's computer or his basement where they were locked up, and we will pick new dates to finish both the depositions of George and James Gardella? Does that make sense to everybody?
>
> MR. HUME: Yes.
>
> MR. KELLEY: Yes.

The depositions of George Gardella and James Gardella have not been completed, despite the fact that counsel for Local Towing had agreed to produce both George Gardella and James Gardella for further deposition once the requested documents had been produced. Local Towing has made no effort to respond to the foregoing requests for documents, to produce any responsive documents or answer Surety's requests, or to reschedule the depositions of George and James Gardella. Having ignored Surety's Document Requests, the Defendants/Third-Party Plaintiffs have consequently waived all objections.

Based on this Courts ruling the discovery cut-off date in this matter is

90618 v1

September 24, 2004, which in light of the above we respectfully submit will be insufficient time to complete discovery.

Conclusion

For the foregoing reasons, order (1) compelling Local Towing to respond to Surety's discovery requests; (2) ordering Local Towing to respond and/or provide documents requested at the depositions of George Gardella and James Gardella; (3) ordering George Gardella and James Gardella to appear for further depositions; (4) extending the respective deadlines for discovery, motions and trial readiness until such time as the Court deems proper; (5) prescribing the appropriate sanctions upon Local Towing for failing to respond to Surety's discovery demands; and (6) such other and further relief as the Court deems just and proper.

Dated:    Jericho, New York
          September 16, 2004

                                            TORRE LENTZ GAMELL GARY
                                            & RITTMASTER, LLP

                                            By: _____
                                                Benjamin D. Lentz   (BL 4860)

                                            A Member of the Firm
                                            Counsel for Plaintiffs
                                            Safeco Insurance Company of America
                                            General Insurance Company of America
                                            100 Jericho Quadrangle, Suite 309
                                            Jericho, New York 11753-2702
                                            (516) 240-8900

90618 v1

STATE OF NEW YORK        )
                          ) ss.:
COUNTY OF NASSAU         )

        KATHLEEN E. HANRAHAN, being duly sworn, says: (1) I am not a party to this action, am over 18 years of age, and reside at Islip, New York; and (2) on September 16, 2004, I served the within MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL on each of the following attorneys (or parties) at the address set forth after said attorney's (or party's) name, that being the address designated by said attorney (or party) for that purpose, by depositing a true copy of same enclosed in postage-paid, properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York at 100 Jericho Quadrangle, Jericho, New York:

Duncan B. Hume, Esq.
Attorneys for Defendants
and Third-Party Plaintiffs
Hume & Associates
One Landmark Square
Stamford, CT 06901

James L. Brawley, Esq.
Tracey M. Lane Russo, Esq.
Attorneys for Associated
Insurance Agency, Inc.
Morrison, Mahoney & Miller, LLP
One Constitution Plaza, 10th Floor
Hartford, CT 06106

James J. Farell, Esq.
Attorneys for the Defendants
and Third-Party Plaintiffs
8 Elm Street
Norwalk, CT 06850

Dianna D. McCarthy, Esq.
Attorneys for Third-Party Defendant
Melwain Enterprises, Inc.
Winget Spadofora & Schwartzberg, LLP
183 N. Broad Street
Milford, CT 06460

Luigi Spadofora, Esq.
Winget Spadofora & Schwartzberg
45 Broadway, 19th Floor
New York, NY 10006

                                                   _____
                                                   KATHLEEN E. HANRAHAN

Sworn to before me
September 16, 2004

_____
Notary Public

EILEEN KEATING
Notary Public, State Of New York
No. 01KE6089015
Qualified In Queens County
Commission Expires March 17, 2007

90618 v1