UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------ x

SAFECO INSURANCE COMPANY OF AMERICA and GENERAL INSURANCE COMPANY OF AMERICA,

         Plaintiffs,

-against-

LOCAL TOWING INC., GEORGE GARDELLA, JESSICA HELQUIST-GARDELLA, and JAMES GARDELLA,

         Defendants.

DOCKET NO:

302CV1966 AVC

September 10, 2004

------------------------------------------------------------------ x

LOCAL TOWING INC., GEORGE GARDELLA, JESSICA HELQUIST-GARDELLA, and JAMES GARDELLA,

         Third-Party Plaintiffs,

-against-

ASSOCIATED INSURANCE AGENCY, INC., FREDERICK J. SMITH, AFNY, INC., ASSOCIATED FACILITIES OF AMERICA LTD., MELWAIN ENTERPRISES, INC., CHARLES ASSOCIATES, P.C, and CHARLES SAPOCHETTI,

         Third-Party Defendants.

------------------------------------------------------------------ x

**THIRD-PARTY DEFENDANT MELWAIN ENTERPISES, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL THE DEFENDANTS/THIRD-PARTY PLAINTIFFS TO RESPOND TO DISCOVERY REQUESTS**

Pursuant to Rules 26, 34 and 37 of the Federal Rules of Civil Procedure and Rules 26 and 37 of the Local Federal Rules of Civil Procedure, Third-Party Defendant Melwain

Enterpises, Inc. ("Melwain") hereby moves for an order (1) compelling Defendants/Third-Party Plaintiffs Local Towing Inc., George Gardella, Jessica Helquist-Gardella and James Gardella (hereinafter referred to collectively as "Local Towing") to respond to Melwain's First Request for the Production of Documents ("Document Requests") dated March 15, 2004; (2) ordering Local Towing to respond and/or provide documents requested at the depositions of Defendants/Third-Party Plaintiffs George Gardella and James Gardella; (3) ordering the Defendants/Third-Party Plaintiffs George Gardella and James Gardella to appear for further depositions within 30 days of responding to the aforementioned Document Requests; and (4) prescribing the appropriate sanctions upon Local Towing for failing to respond to Melwain Enterprises, Inc.'s Document Requests and Interrogatories.

I.  **Background and Procedural History**

On November 6, 2002, the Plaintiff filed a Complaint in the United States District Court, District of Connecticut. Local Towing subsequently filed a Third-Party Complaint dated May 14, 2003

On March 15, 2004, Melwain served a request for the discovery of documents to Local Towing entitled "First Request for the Production of Documents to Local Towing, Inc., George Gardella, Jessica Helquist-Gardella and James Gardella." See Exhibit "A" to the Affidavit of Dianna McCarthy (the "McCarthy Affidavit"). To date, Local Towing has not provided documents responsive to Melwain's Document Requests, nor has Local Towing objected to Melwain's Document Requests, served a response, or made a motion with respect to the same.

On April 19, 2004 and April 26, 2004 the Defendant/Third-Party Plaintiff George Gardella appeared for deposition. On May 5, 2004 the Defendant/Third-Party Plaintiff James Gardella appeared for deposition.

II.  **Argument**

As noted above, Local Towing has failed to respond to Melwain's Document Requests.  Local Towing has not filed any objections to Melwain's document requests, and has not made any motion with regard to the same.

As noted above, on April 19, 2004 and April 26, 2004 the Defendant/Third-Party Plaintiff George Gardella appeared for deposition. During the course of George Gardella's deposition questioning, numerous additional documents were requested that had not been previously provided.  Counsel for Local Towing indicated a willingness to provide the requested for documents.

For example, at the deposition of George C. Gardella on April 26, 2004, counsel for Local Towing agreed to provide documents requested during the course of George Gardella's deposition. See the McCarthy Affidavit at Exhibit "B".  At page 204-205 therein, the following exchange occurred:

> MR. BRAWLEY:  So why don't we – with that agreement, do you want to suspend at this time with the agreement that we're going to do James Gardella next Wednesday at 10:00, then we will try to finish your deposition in the late afternoon of the 5th, and you're going to attempt to get the information concerning damages off the computer by that time,

3

>then give it to your lawyer and he'll contact us? Duncan, could you copy for me what Mr. Gardella brought today, that big bag of documents?
>MR. HUME: Yes.
>MR. BRAWLEY: I'd like to look at that and copy that and see what's in there.
>THE WITNESS: If there's information that you want, you know, tell me.
>MR. KELLEY: Basically in reviewing that document, I want you to tell me if there's something in there that obligates Safeco to get a keyman policy, to obligate them to have this policy to the benefit of Local Towing.
>THE WITNESS: Is there any other questions that you may have that I may need to get a piece of paper from --
>MR. KELLEY: I'm sure I've got a few pages here.
>THE WITNESS: So I can try to pull that all out so we can get it over with?
>MR. KELLEY: If there's any contract agreement, correspondence, that you believe would obligate Safeco to get a keyman policy or to have Fran Empey's -- him to execute a general agreement of indemnity, I would like to see that.
>THE WITNESS: All right. I'll try to find everything.
>MR. HUME: We'll see if we can locate everything in response to that request.
>(Discussion off the record.)
>(Deposition adjourned: 4:14 p.m.)

On May 5, 2004 the Defendant/Third-Party Plaintiff James Gardella appeared for deposition. At the deposition of James Gardella on May 5, 2004, counsel for the Plaintiff agreed to provide documents requested during the course of James Gardella's deposition. See the McCarthy Affidavit at Exhibit "C". At page 86 therein, the following exchange occurred.

>MR. BRAWLEY: I was going to suggest, Duncan, that I would now question Mr. Gardella about the damage claims made in his third-party complaint, but I think we've all agreed that before any meaningful questioning can occur, that we need to review the documents that Chris Gardella is getting off his computer that contain certain financial information or hopefully contain the financial information for the projects that would allow us to question intelligently on those subjects.
>MR. HUME: Okay.

>           MR. BRAWLEY: So we will suspend, and you are going to produce the documents that are obtained from Chris Gardella's computer or his basement where they were locked up, and we will pick new dates to finish both the depositions of George and James Gardella? Does that make sense to everybody?
>           MR. HUME: Yes.
>           MR. KELLEY: Yes.

Further, the depositions of George Gardella and James Gardella have not been completed, despite the fact that counsel for Local Towing had agreed to produce both George Gardella and James Gardella for further deposition.

Local Towing has made no effort to respond to the foregoing requests for documents, to produce any responsive documents or answer Melwain's requests, or to reschedule the depositions of George and James Gardella. Having ignored Melwain's Document Requests, the Defendants/Third-Party Plaintiffs have consequently waived all objections.

Finally, the discovery cut-off date in this matter is September 24, 2004. On June 24, 2004 Melwain previously moved to extend time to complete discovery on the grounds that discovery remained outstanding, the depositions of James Gardella and George Gardella were incomplete, and divers documents requested at the deposition of George Gardella, including copies of voluminous documents brought by the witness to the deposition, as well as copies of relevant computer files in the deponents' computer had not been exchanged despite Third-Party Plaintiff counsel's agreement to do so. <u>See</u> the McCarthy Affidavit at Exhibit "D."

**Conclusion**

For the foregoing reasons, the Third-Party Defendant Melwain respectfully requests that (1) Local Towing be compelled to respond to Melwain's Request for the Production of Documents dated March 15, 2004; (2) Local Towing be ordered to respond and/or provide documents requested at the depositions of Defendants/Third-Party Plaintiffs George Gardella and James Gardella; (3) Defendants/Third-Party Plaintiffs George Gardella and James Gardella be ordered to appear for further depositions within 30 days of responding to the aforementioned Document Requests; and (4) an appropriate sanction be directed against Local Towing for failing to respond to Melwain's Document Requests.

WINGET, SPADAFORA & SCHWARTZBERG, LLP
Attorneys for Third-Party Defendant Melwain Enterprises, Inc.

By: _____
Dianna D. McCarthy (ct24874)
177 Broad Street, 5th Floor
Stamford, CT 06901
(203) 328-1200
(203) 328-1212

## CERTIFICATION OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing was sent via regular mail on this date to:

Constantine G. Antipas, Esq.
The Antipas Law Firm
Attorneys for Plaintiffs
One Fort Hill Road
Groton. CT 06340

Benjamin D. Lentz
Torre, Lentz, Gamell, Gary & Rittmaster, LLP
Attorneys for Plaintiffs
100 Jericho Quadrangle, Suite 309
Jericho, NY 11753

Duncan B. Hume, Esq.
Attorneys for Defendant and Third-Party Plaintiffs
Hume & Associates
One Landmark Square
Stamford, CT 06901

James J. Farrell, Esq.
Attorneys for Defendant and Third-Party Plaintiffs
8 Elm Street
Norwalk, Connecticut 06850

James L. Brawley, Esq.
Tracey M. Lane, Esq.
Attorneys for Associated Insurance Agency, Inc.
Morrison, Mahoney & Miller, LLP
One Constitution Plaza, 10th Floor
Hartford, CT 06106

Dated: September 10, 2004

Dianna D. McCarthy (ct24874)