UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------ x

SAFECO INSURANCE COMPANY OF AMERICA and
GENERAL INSURANCE COMPANY OF AMERICA,

                                                                           Plaintiffs,

-against-

LOCAL TOWING INC., GEORGE GARDELLA, JESSICA HELQUIST-GARDELLA, and JAMES GARDELLA,

                                                                          Defendants.

FILED
2004 DEC 22  A 10: 49
U.S. DISTRICT COURT
HARTFORD, CT.

DOCKET NO.

302CV1966 AVC

December 14, 2004

------------------------------------------------------------------ x

LOCAL TOWING INC., GEORGE GARDELLA, JESSICA HELQUIST-GARDELLA, and JAMES GARDELLA,

                                   Third-Party Plaintiffs,

-against-

ASSOCIATED INSURANCE AGENCY, INC., FREDERICK J. SMITH, AFNY, INC., ASSOCIATED FACILITIES OF AMERICA LTD., MELWAIN ENTERPRISES, INC., CHARLES ASSOCIATES, P.C, and CHARLES SAPOCHETTI,

                                   Third-Party Defendants.

------------------------------------------------------------------ x

## THIRD-PARTY DEFENDANT MELWAIN ENTERPISE, INC.'S MOTION FOR AN EXTENSION OF TIME WITHIN WHICH TO COMPLETE DISCOVERY AND FILE DISPOSITIVE MOTIONS

    1.    In accordance with the provisions of D.Conn.Civ.L.R. 7(b) the Third-Party Defendant Melwain Enterprises, Inc, ("Melwain") by its attorneys Winget, Spadafora &

Schwartzberg, LLP, respectfully moves for a thirty (30) day extension of time, through and including January 14, 2004, within which to complete discovery, and a thirty (30) day extension of time, through and including February 14, 2005, within which to file dispositive motions.

2. Discovery still remains outstanding. The deposition of George Gardella remains incomplete. George Gardella was scheduled to appear for a long-outstanding further deposition on Monday, December 13, 2004, at the offices of Winget, Spadafora & Schwartzberg, LLP, located at 177 Broad Street, Stamford, Connecticut at 10 A.M., but Mr. Gardella did not appear. The undersigned was contacted at 9:30 A.M. on December 13, 2004 by Gardella's Counsel, Attorney Duncan Hume, and advised that "Mr. Gardella's boss had died" and that, as a result, Mr. Gardella could not appear for his deposition. No further information was provided except that counsel would contact again "later in the week" to reschedule. No further contact has been had.

3. Moreover, documents requested at the first deposition of George Gardella, including copies of voluminous documents brought by the witness to the deposition, as well as copies of relevant computer files in the deponents' computer, have still not been exchanged.

4. Over the last week, Attorney Hume has provided some documents (three profit and loss statements of Local Towing) purportedly reproduced from George Gardella's computer, but based upon Attorney Hume's representations there are further documents to be produced from the hard drive of the computer. No other documents have been provided since before September 10, 2004 (the date of Melwain's Motion to Compel against Local Towing and the Gardellas).

5. The delay in completing discovery will unduly prejudice Melwain. Melwain has yet to be afforded an opportunity to question George Gardella with respect to the Defendants/Third-Party Plaintiffs claims against Melwain.

6. Melwain has left messages with Duncan Hume, Esq., of Hume & Associates, attorney for the Defendants/Third-Party Plaintiffs as to their position on Melwain's request for an extension of time to complete discovery. Melwain has not received any response

7. Melwain has contacted Sean Kelly, Esq. of Torre, Lentz, Gamell, Gary & Rittmaster, LLP, attorneys for the plaintiff. Mr. Kelly has no objection to the request.

8. Melwain has contacted Tracey Lane Russo, from the law firm of Morrison Mahoney, Counsel for the Co-Third Party Defendants. Attorney Russo will consent to an extension only with regard to the need for the further deposition of George Gardella, but otherwise will not consent to the requested extension of time.

9. Melwain has previously requested such relief twice by motions dated January 27, 2004 and June 24, 2004. The requested relief is warranted in light of the fact that the Defendants/Third-Party Plaintiffs have continuously failed to adhere to the order of this court with respect to discovery.

Dated: December 14, 2004

        WINGET, SPADAFORA
        & SCHWARTZBERG ,LLP
        Attorneys for Defendant Melwain Enterprise, Inc.

        By: _____
        Richard N. Freeth (ct26253)
        177 Broad Street, Suite 501
        Telephone: (203) 328-1200
        Fax: (203) 328-1212

## CERTIFICATION OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing Motion for Extension of Time Within Which to Complete Discovery and File Dispositive Motions was sent via regular mail on this date to:

Constantine G. Antipas, Esq.
The Antipas Law Firm
Attorneys for Plaintiffs
One Fort Hill Road
Groton. CT 06340

Benjamin D. Lentz
Torre, Lentz, Gamell, Gary & Rittmaster, LLP
Attorneys for Plaintiffs
100 Jericho Quadrangle, Suite 309
Jericho, NY 11753

Duncan B. Hume, Esq.
Attorneys for Defendant and Third-Party Plaintiffs
Hume & Associates
One Landmark Square
Stamford, CT 06901

James J. Farrell, Esq.
Attorneys for Defendant and Third-Party Plaintiffs
8 Elm Street
Norwalk, Connecticut 06850

James L. Brawley, Esq.
Tracey M. Lane, Esq.
Attorneys for Associated Insurance Agency, Inc.
Morrison, Mahoney & Miller, LLP
One Constitution Plaza, 10th Floor
Hartford, CT 06106

Dated: December 14, 2004

Richard N. Freeth