UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA and GENERAL INSURANCE COMPANY OF AMERICA, | : : : : | DOCKET NO. 3:02 CV 1966 (AVC) |
| Plaintiffs, | : : | |
| V. | : : | |
| LOCAL TOWING INC., GEORGE GARDELLA, JESSICA HELQUIST-GARDELLA and JAMES GARDELLA, | : : : : : | |
| Defendants/Third-Party Plaintiffs | : : | AUGUST 5, 2004 |
| V. | : : | |
| ASSOCIATED INSURANCE AGENCY, INC., FREDERICK. J. SMITH, AFNY, INC., ASSOCIATED FACILITIES OF AMERICA LTD., MELWAIN ENTERPRISES, INC., CHARLES ASSOCIATES, P.C., AND CHARLES SAPOCHETTI, | : : : : : : : | |
| Third-Party Defendants. | : : | |

## AFFIDAVIT OF SCOTT BRACKENBURY

STATE OF NEW JERSEY    )
                       )
COUNTY OF BERGEN       )

I, Scott Brackenbury, being duly sworn, hereby deposes and says:

1. I am over 18 years of age and believe in the obligations of an oath.

2. I am a Regional Contract Manager for the Plaintiffs, Safeco Insurance

97498v1

Company of America ("Safeco") and General Insurance Company of America ("General") (hereinafter together referred to as the "Surety"). In that capacity, I am responsible for underwriting of various accounts, including the Local Towing, Inc. account (the "Account") which is the subject of this matter. Because of such responsibilities, I have personal knowledge of the facts set forth herein.

3. The Account was written in conjunction with Wayne Price, a principal of the brokerage firm, third-party defendant A.F.N.Y., Inc., with whom Safeco had a contractual relationship and who was recognized as the agent of record on the Account.

4. I am advised by counsel that during the December 7, 2004 deposition of defendant James Gardella ("Gardella"), Gardella indicated that the "agent who handled the bonds for the bonding company" to whom Gardella "made it be known" that "he did not want to be on any more bonds" as alleged in paragraph 9 of his May 3, 2004 Affidavit in Opposition to Summary Judgment Motion was third-party defendant Fred Smith. (A copy of this December 7, 2004 deposition testimony is annexed as an exhibit to the affidavit of Sean Kelley being submitted herewith.)

5. At no time during the Surety's relationship with Local Towing, Inc. did the Surety have any relationship of any nature, including any agency relationship, with Fred Smith ("Smith") or his company, Associated Insurance Agency, Inc.

6. All underwriting particulars with regard to the Account were communicated solely between the Surety and its agent of record, A.F.N.Y., Inc.

7. In short, Smith had no authority - - in any capacity - - to act on behalf of the

97498 v1

Surety, either in the receipt of, or in the communication of, any information regarding Gardella's obligations under the General Agreement of Indemnity ("GAI") executed by Gardella, upon which the Surety relied in issuing the bonds in question.

_____
Scott Brackenbury

Sworn to before me this
3rd day of August, 2005.

_____
Notary Public

DONALEA K. TAYLOR JANIS
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 4/25/2008

97498 v1