UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA and GENERAL INSURANCE COMPANY OF AMERICA, | : : : : | DOCKET NO. 3:02 CV 1966 (AVC) |
| Plaintiffs, | : : | |
| V. | : : | |
| LOCAL TOWING INC., GEORGE GARDELLA, JESSICA HELQUIST-GARDELLA and JAMES GARDELLA, | : : : : : | |
| Defendants/Third-Party Plaintiffs | : : | AUGUST 5, 2005 |
| V. | : : | |
| ASSOCIATED INSURANCE AGENCY, INC., FREDERICK. J. SMITH, AFNY, INC., ASSOCIATED FACILITIES OF AMERICA LTD., MELWAIN ENTERPRISES, INC., CHARLES ASSOCIATES, P.C., AND CHARLES SAPOCHETTI, | : : : : : : : | |
| Third-Party Defendants. | : | |

**AFFIDAVIT IN OPPOSITION TO THE DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT AND IN SUPPORT OF
PLAINTIFFS' CROSS MOTION FOR SUMMARY JUDGMENT**

STATE OF NEW YORK    )
                     )
COUNTY OF NASSAU     )

Sean P. Kelley, being duly sworn, hereby deposes and says:

87939 v2

1.  I am an associate with the firm of Torre, Lentz, Gamell, Gary, and Rittmaster, LLP, attorneys for Plaintiffs Safeco Insurance Company of America ("Safeco") and General Insurance Company of America ("General") (hereinafter jointly referred to as the "Surety") in the above-entitled action, and I am fully familiar with the facts and circumstances set forth herein.

2.  I make this affidavit in opposition to defendant James Gardella's ("Gardella") motion for summary judgment ("Gardella Motion") and in support of the plainitffs' cross-motion for summary judgment against him pursuant to his indemnity agreement obligations (i) for $599,979.75, representing the undisputed, un-reimbursed payments made by plaintiffs to subcontractors and suppliers under the surety bonds at issue furnished by plaintiffs on behalf of defendant Local Towing Inc. ("Local Towing"), and (ii) finding liability for the attorneys' fees and expenses incurred by plaintiffs as a result of issuing those bonds, with the amount to be determined on inquest.

3.  Plaintiffs previously submitted a motion dated March 26, 2004 ("First Motion") in these same proceedings seeking similar relief to that sought in the present cross-motion. Annexed hereto as Exhibit "A" is a copy of the affidavit of Ira Sussman, a Claims Administrator of the Surety, sworn to March 18, 2004, which was submitted on plaintiffs' prior motion for summary judgment which sets forth the undisputed facts as to the bonds and the losses at issue.

4.  A copy of the Court's decision dated June 22, 2004 (the "Decision")

regarding the First Motion is annexed as Exhibit "B". In its Decision, the Court granted summary judgment to plaintiffs with respect to Local Towing, but found that Gardella had raised an issue of fact as to whether the Surety had discharged Gardella's duty to indemnify the Surety under the General Agreement of Indemnity ("GAI"). It should be noted that the Gardella Motion apparently abandons this argument and raises an alleged new legal issue as to whether the Surety was under some obligation to give Gardella notice that it was issuing additional bonds beyond that which covered the Washington D.C. Project.

5. Subsequent to the Decision, pre-trial discovery was conducted with respect to the issue of fact as indicated in the Decision, plaintiffs' alleged discharge of Gardella's duty to indemnify them under the GAI. It is respectfully submitted that the new information obtained through this additional discovery provides the basis for the present cross motion.

6. On July 20, 2004, the Surety served Gardella with a Request for Admissions (the "First Request"), a copy of which is attached as Exhibit C, which requested that Gardella admit the following:

    (a)    that on or about October 6, 1999, Gardella executed and delivered to the Surety the GAI,

    (b)    that on or about February 15, 2002 Gardella executed the letter agreement discussed on Page 4 of the Decision,

    (c)    that the Surety has suffered a loss of $599,979.75, representing undisputed, un-reimbursed payments made by the Surety to subcontractors and suppliers of Local Towing

> Inc. on two contracts, (1) the Stalley Bay Ocean Outfall Installation Project in St. Thomas, U.S.V.I. and (2) the Aguadilla Harbor Revetment Project in Puerto, Rico, and
>
> (d) that Gardella never terminated his obligations under the GAI in writing in accordance with the Termination provisions of the GAI.

7. Gardella has never served a response to the First Request.

8. Pursuant to Fed. R. Civ. P. Rule 36, the matters set forth in the First Request are now admitted.

9. On November 23, 2004, plaintiffs served Gardella with a Second Request for Admissions (the "Second Request"), a copy of which is attached as Exhibit D, which requested that Gardella admit the following:

> a) that Frederick J. Smith ("Smith") was the only individual with whom Gardella dealt with respect to terminating his obligations under the GAI,
>
> b) that Smith represented himself to Gardella as an agent of Associated Insurance Agency, Inc. ("Associated"),
>
> c) that Smith never represented to Gardella that he was an agent of the Surety,
>
> d) that Gardella never confirmed with the Surety that Smith had any authority to act as agent on behalf of the Surety,
>
> e) that Associated never represented to Gardella that it was an agent of the Surety,
>
> f) that Gardella never confirmed with the Surety that Associated had any authority to act as agent on behalf of the Surety, and
>
> g) that Gardella had no contact (verbal, written or otherwise) with any employee or agent of the Surety with respect to the

GAI.

10. Gardella has never served a response to the Second Request.

11. Pursuant to Fed. R. Civ. P. Rule 36, the matters set forth in the Second Request are now admitted.

12. On December 7, 2004, Gardella was deposed in this matter and was asked: (a) whether in his alleged effort to limit his obligations under the GAI to the Washington, D.C. Project, he had ever terminated his obligations in accordance with the termination provisions of the GAI, and (b) to identify the purported "agent of Safeco" with whom he spoke.

In response to these questions, Gardella testified that he had never complied with the termination clause of the GAI, and that the agent was Fred Smith. (Pages 38 and 66-68 of the Transcript of the Deposition of James Gardella held December 7, 2004, copies of which are annexed hereto as Exhibit E)

13. Again, during his continued deposition on May 5, 2004, Gardella was questioned whether, in his alleged effort to limit his obligations under the GAI to the Washington, D.C. project, he had ever terminated his obligations in accordance with the termination provisions of the GAI. In response, Gardella testified that he had never complied with the termination provision of the GAI. (Page 26 of the Transcript of the Deposition of James Gardella held May 5, 2004, a copy of which is annexed hereto as Exhibit F)

14. By letter agreement dated February 20, 2002, a copy of which is annexed hereto as Exhibit G, Safeco and the Indemnitors, including Gardella, agreed that (1) Safeco would provide the requested financial assistance and (2) Local Towing's failure to meet its obligations on the Projects constituted a "Default" by the Indemnitors pursuant to the terms of the GAI and (3) the Indemnitors would repay all funds loaned as a result of this accommodation pursuant to the terms of the GAI.

15. Based on my review of plaintiffs' files, at a meeting in February 2002, at which Gardella executed the February 20, 2002 letter agreement, Gardella had counsel present, Michael J. Frevola, Esq. of Holland & Knight, LLP, located in New York, New York.

                                                                                      _____
                                                                                         Sean P. Kelley

Sworn to before me this
5th day of August, 2005.

_____
Notary Public

           EILEEN KEATING
   Notary Public, State Of New York
          No. 01KE6089015
     Qualified In Queens County
 Commission Expires March 17, 2007