UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA and GENERAL INSURANCE COMPANY OF AMERICA, | DOCKET NO. 3:02 CV 1966 (AVC) |
| Plaintiffs, | |
| V. | |
| LOCAL TOWING INC., GEORGE GARDELLA, JESSICA HELQUIST-GARDELLA and JAMES GARDELLA, | |
| Defendants/Third-Party Plaintiffs | AUGUST 5, 2004 |
| V. | |
| ASSOCIATED INSURANCE AGENCY, INC., FREDERICK. J. SMITH, AFNY, INC., ASSOCIATED FACILITIES OF AMERICA LTD., MELWAIN ENTERPRISES, INC., CHARLES ASSOCIATES, P.C., AND CHARLES SAPOCHETTI, | |
| Third-Party Defendants. | |

**PLAINTIFF'S LOCAL RULE 56(a)2 STATEMENT IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT and LOCAL RULE 56(a)1 STATEMENT IN SUPPORT OF PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT**

Plaintiffs, Safeco Insurance Company of America ("Safeco") and General Insurance Company of America ("General"), by their attorneys, Torre, Lentz, Gamell, Gary & Rittmaster, LLP, respectfully submits the following statement of undisputed

85821v1

material facts pursuant to U.S. District Court, Connecticut District, Local Rule 56(a)2, in opposition to defendant James Gardella's motion of summary judgment and pursuant to U.S. District Court, Connecticut District, Local Rule 56(a)1 in support of the plaintiffs' cross-motion for summary judgment against defendant James Gardella ("Gardella").

## 56(a)2 Statement

1. Admitted.
2. Admitted.
3. Admitted.
4. Denied. Gardella admits to executing the February 20, 2002 letter agreement. (Affidavit of Sean Kelley submitted with this cross-motion ("Kelley affid.") at paragraph 5 and Exh. "G" thereto)
5. Admitted.
6. Admitted.
7. Admitted.
8. Admitted.
9. Admitted.

## 56(a)1 Statement

1. As a condition of, and in consideration for, the issuance of construction performance and payment bonds on behalf of Local Towing Inc. ("Local Towing"), on or

97493 v1

about October 6, 1999, plaintiffs required Gardella, among others, to enter into the General Agreement of Indemnity ("GAI") with plaintiffs in which the Gardella agreed to exonerate and indemnify plaintiffs in the event of the failure of Local Towing to perform any of its bonded obligations. A copy of the GAI is annexed as Exhibit 2 to the affidavit of Ira Sussman sworn to March 18, 2004 ("Sussman affid.") a copy of which is annexed as Exhibit "A" to the affidavit of Sean Kelley, sworn to August 5, 2005 ("Kelley affid.") submitted in support of this cross-motion.

    2.    Plaintiffs, at the request of Local Towing, and in reliance upon Local Towing's execution and delivery of the GAI, issued a Performance Bond and a Payment Bond (Bond No. 6004265) each dated July 26, 2000 on behalf of Local Towing, as principal, in favor of the Government of the Virgin Islands, as obligee, in connection with a contract in the amount of $3,773,000 for a project known as Stalley Bay Ocean Outfall Installation Project in St. Thomas, U.S.V.I. ("St. Thomas Project"). (Sussman affid. at paragraph 9).

    3.    Plaintiffs, at the request of Local Towing, and in reliance upon Local Towing's execution and delivery of the GAI, also issued a Performance Bond and a Payment Bond (Bond No. 6004268) each dated August 1, 2000 on behalf of Local Towing, as principal, in favor of the U.S. Army Corps. of Engineers, as obligee, in connection with a contract in the amount of $964,270 for a project known as Aguadilla Harbor Revetment Project in Puerto Rico ("Aguadilla Project"). (Sussman affid. at

97493 v1

paragraph 10).

4. Defendant Local Towing encountered financial difficulties on the St. Thomas Project and the Aguadilla Project (the "Projects") and was financially unable to meet its obligations. As a result, Local Towing requested financial assistance in the form of loans from plaintiffs in order to complete the Projects. (Sussman affid. at paragraph 11).

5. Plaintiffs have received payment bond claims under the above referenced bonds (Nos. 6004265 and 6004268) (the "Bonds") on the Projects from various subcontractors and suppliers. (Sussman affid. at paragraph 13).

6. The defendants agreed to have the owner/obligees, the Government of the Virgin Islands and U.S. Army Corps. Of Engineers (the "Owners"), make all remaining contract payments on the Projects to the escrow account of Torre, Lentz, Gamell, Gary & Rittmaster, LLP (the "Escrow Account") and the defendants instructed the Owners accordingly. There have been deposits to the Escrow Account from the Owners, as well as deposits to the Escrow Account by Plaintiffs, and disbursements representing payment and performance bond claims. (Sussman affid. at paragraph 14).

7. Plaintiffs have also paid from their own accounts additional payment bond claims and expenses with regard to the plaintiffs' obligations under the Bonds on these Projects. (Sussman affid. at paragraph 15).

8. Plaintiffs have notified the defendants of the claims made against the above referenced bonds as well as the other losses incurred by plaintiffs, including without

97493 v1

limitation, their responsibility to indemnify plaintiffs for all of its losses, costs, expenses and attorneys' fees. Indeed, on or about February 15, 2002 plaintiffs demanded by letter that, pursuant to the GAI, the defendants indemnify and deposit with plaintiffs collateral sufficient to cover all exposure under the Bonds. (Sussman affid. at paragraph 16).

9. Despite demand, Gardella among others has failed to respond to the plaintiffs' request for indemnification and collateral deposit. (Sussman affid. at paragraph 17).

10. As more fully set forth in the schedule attached as Exhibit 2 to the Sussman affid., as a result of the foregoing, plaintiffs have received and satisfied claims in the amount $1,210,491.30, received contract balances, retention and change order payments from the Project owners totaling approximately $610,511.55, resulting in a loss, before expenses, of $599,979.75. (Sussman affid. at paragraph 18).

11. Plaintiffs have incurred attorneys' fees and costs in investigating, processing and paying claims asserted against the above referenced Bonds and in prosecuting the present action. (Sussman Affidavit at Paragraph 19).

12. On July 20, 2004, plaintiffs served Gardella with a Request for Admissions (the "First Request"), which requested that Gardella admit the following:

    (a)    that on or about October 6, 1999, Gardella executed and delivered to the Surety the GAI,

    (b)    that on or about February 15, 2002 Gardella executed the letter agreement discussed on Page 4 of the Decision,

    (c)    that the Surety has suffered a loss of $599,979.75,

97493 v1

    representing undisputed, un-reimbursed payments made by the Surety to subcontractors and suppliers of Local Towing Inc. on two contracts, (1) the Stalley Bay Ocean Outfall Installation Project in St. Thomas, U.S.V.I. and (2) the Aguadilla Harbor Revetment Project in Puerto, Rico, and

 (d) that Gardella never terminated his obligations under the GAI in writing in accordance with the Termination provisions of the GAI.

(Kelley affid. at paragraph 6 and Exh. "C" thereto)

13. Gardella has never served a response to the First Request. (Kelley affid. at paragraph 7)

14. On November 23, 2004, plaintiffs served Gardella with a Second Request for Admissions (the "Second Request"), which requested that Gardella admit the following:

 a) that Frederick J. Smith ("Smith") was the only individual with whom Gardella dealt with respect to terminating his obligations under the GAI,

 b) that Smith represented himself to Gardella as an agent of Associated Insurance Agency, Inc. ("Associated"),

 c) that Smith never represented to Gardella that he was an agent of the Surety,

 d) that Gardella never confirmed with the Surety that Smith had any authority to act as agent on behalf of the Surety,

 e) that Associated never represented to Gardella that it was an agent of the Surety,

 f) that Gardella never confirmed with the Surety that Associated had any authority to act as agent on behalf of the Surety, and

97493 v1

   g)  that Gardella had no contact (verbal, written or otherwise) with any employee or agent of the Surety with respect to the GAI.

(Kelley affid. at paragraph 9 and Exh. "D" thereto)

  15. Gardella has never served a response to the Second Request. (Kelley affid. at paragraph 10)

  16. On December 7, 2004, Gardella was deposed in this matter and was questioned whether in his alleged effort to limit his obligations under the GAI to the Washington, D.C. Project, he had ever terminated his obligations in accordance with the termination provisions. In response to this question Gardella indicated that he had never complied with the termination clause of the GAI. (Kelley affid. at paragraph 12 and Exh. "E" thereto)

  17. On May 5, 2004 at the continued deposition of Gardella regarding this matter, Gardella was questioned whether in his alleged effort to limit his obligations under the GAI to the Washington, D.C. Project he had ever terminated his obligations in accordance with the termination provisions of the GAI. In response to this question Gardella indicated that he had never complied with the termination clause of the GAI. (Kelley affid. at paragraph 13 and Exh. "F" thereto)

  18. By letter agreement dated February 20, 2002, plaintiffs and the Indemnitors agreed that (1) plaintiffs would provide the requested financial assistance and (2) Local Towing's failure to meet its obligations on the Projects constituted a "Default" by the Indemnitors pursuant to the terms of the GAI and (3) the Indemnitors would repay all

97493 v1

funds loaned as a result of this accommodation pursuant to the terms of the GAI. (Sussman affid. at paragraph 12; Kelley affid. at paragraph 13 and Exh. "G" thereto )

20. At a meeting on or about February 20, 2002, at which Gardella executed the February 20, 2002 letter agreement, Gardella was represented by counsel, Michael J. Frevola, Esq. of Holland & Knight, LLP located In New York, New York. (Kelley affid. at paragraph 14)

Dated: Jericho, New York
      August 5, 2005

                                TORRE LENTZ GAMELL GARY
                                & RITTMASTER, LLP

                                By: _____
                                    Benjamin D. Lentz   (BL 4860)

A Member of the Firm
Counsel for Plaintiffs
Safeco Insurance Company of America
General Insurance Company of America
100 Jericho Quadrangle, Suite 309
Jericho, New York 11753-2702
(516) 240-8900

97493 v1