UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF : | CIVIL ACTION NO. |
| AMERICA AND GENERAL : | |
| INSURANCE COMPANY OF : | |
| AMERICA, : | |
|     Plaintiffs | |
| | 302CV1966 (AVC) |
| VS. : | |
| | |
| LOCAL TOWING, INC., GEORGE : | |
| GARDELLA, JESSICA HELQUIST- : | |
| GARDELLA, AND JAMES GARDELLA : | |
|     Defendants/Third-Party Plaintiffs : | |
| : | |
| VS. : | |
| : | |
| ASSOCIATED INSURANCE AGENCY, : | |
| INC., FREDERICK J. SMITH, AFNY, : | |
| INC., ASSOCIATED FACILITIES OF : | |
| AMERICA LTD., MELWAIN : | |
| ENTERPRISES, INC., CHARLES : | |
| ASSOCIATES, P.C., AND CHARLES : | |
| SAPOCHETTI : | AUGUST 8, 2005 |
|     Third-Party Defendants | |

**MOTION TO DISMISS**

Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and Fed. R. Civ. Pro. 37(b)(2)(C), the undersigned Third-Party Defendant Associated Insurance Agency, Inc. (hereinafter "Associated" or "AIA") respectfully requests that this Court dismiss the Third-Party Plaintiffs' claims against it for the following reasons set forth more fully herein. First, because the claims asserted by Local Towing Inc., George Gardella and Jessica Helquist-

1

Gardella[1] against the undersigned are not contingent upon the outcome of the main action, said claims are barred by Rule 14(a) of the Federal Rules of Civil Procedure and, as a result, must be dismissed. Second, under traditional notions of Federal jurisprudence, Third-Party Plaintiffs' claims are not ripe for adjudication and therefore, this Court lacks subject matter jurisdiction. And, finally, in the alternative, Third-Party Plaintiffs have failed to disclose a damages analysis in accordance with this Court's Order and, pursuant to Rule 37(b), this Court may order a dismissal of all claims.

## I.  STANDARD OF LAW

When considering a Motion to Dismiss filed pursuant to Rule 12(b)(6), the court is required to accept as true all factual allegations in the complaint and must construe any well-pleaded factual allegations in the plaintiff's favor. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Easton v. Sundram, 947 F.2d 1011, 1014-15 (2d Cir. 1991). A Motion to Dismiss should be granted only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Still v. DeBuono, 101 F.3d 888, 891 (2d Cir. 1996). Therefore, the issue for the Court in the context of a Motion to Dismiss is "not whether the plaintiff will prevail, but whether he is entitled to offer evidence to support his claims." United States v. Yale New Haven Hosp., 727 F.Supp. 784, 786 (D.Conn. 1990) (*citing* Scheuer, supra).

---

[1] Further, to the extent that the Plaintiff, James Gardella's, claims against the undersigned seek damages in excess of those claimed in the main action, said claims are not contingent upon the resolution of the underlying litigation and, as a result, are similarly barred by Rule 14(a) and must also be dismissed.

2

MORRISON MAHONEY LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

## II. THE CLAIMS OF THIRD-PARTY PLAINTIFFS LOCAL TOWING, INC., GEORGE GARDELLA, JESSICA HELQUIST-GARDELLA ARE SEPARATE AND INDEPENDENT OF THE MAIN CLAIM AND SHOULD BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 14(a)

The allegations of Third-Party Plaintiffs Local Towing Inc. (hereinafter "LTI"), George Gardella and Jessica Helquist-Gardella, which sound in breach of contract and tort are separate and independent of the main claim underlying the instant litigation commenced by Safeco. (See Third-Party Complaint.) Further, the resolution of their claims against Associated are not contingent upon the outcome of the main claim. Consequently, the instant Third-Party Complaint is improper under Federal Rule 14(a) of the Federal Rules of Civil Procedure and must, therefore, be dismissed.

Federal Rule 14(a) provides in relevant part:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him.

It is well settled that "Rule 14 does not itself provide a third-party cause of action." McMillan v. Equifax Credit Info. Serv., Inc., 153 F. Supp. 2d 129, 131 (D. Conn. 2001). Rather, "Rule 14 requires that a defendant have a substantive basis for a claim against the third party and that the claim of liability to the defendant and third-party plaintiff accrue only upon a finding of defendant's liability to the plaintiff on the main claim. Index Fund, Inc. v.Hagopian,et al., 417 F. Supp. 738, 744 (S.D.N.Y. 1976) (holding that third party plaintiffs could not manufacture standing to sue corporate directors by asserting a claim for indemnification and contribution

3

under Fed. R. Civ. P. 14(a)).[2] Further, "a third-party claim may be asserted when the third party is potentially secondarily liable as a contributor to the defendant or where the third party's liability is dependent upon the outcome of the main action." See Leventhal & Co. v. Joyner Wholesale Co., 736 F.2d 29, 31 (2d Cir. 1984) (accounting firm which allegedly engaged in a kick back scheme to artificially inflate stock prices and defraud shareholders in main action could not maintain third-party action against liquor suppliers, because none of the harm alleged in the third-party complaint was related to the kickback scheme and therefore, did not satisfy Rule 14(a)). Yet, "the mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough." Siemans Westinghouse Power Corp. v. Dick Corp., 299 F. Supp. 2d 242, 248 (2004). Instead, "Rule 14(a) requires the third-party claim to depend upon the plaintiff's claim against the third-party plaintiff." Siemans, at 248. (third-party defendant's breach of contract or tort affecting the ultimate apportionment of liquidated damages not contingent upon question posed in main claim concerning which party was responsible for payments pursuant to a Consortium Agreement). Thus, third-party claims which arise out of the same factual basis underlying the main action, but are not contingent upon the outcome of the main action and/or assert independent or separate claims against the third-party defendant, are routinely dismissed by the Federal Courts. See State Road Const. Co. v. Russell Construction Co., Inc., 38 F.R.D. 467, (D. Conn. 1965) (where main claim involved payment for services rendered and third-party claim concerned priority rights to surety funds, third-party action dismissed because it was not contingent on the

---

[2] In this case, indemnification is not even claimed.

4

outcome of the main action); <u>McMillan v. Equifax Credit Info. Servs.</u>, 153 F. Supp. 2d 129, (D. Conn. 2001) (third-party complaint dismissed because connection to main claim was too attenuated to fall within the purview of Rule 14(a)).

In this case, the Third-Party Complaint clearly raises issues independent and separate from, and therefore not contingent upon, the question involved in the main action. Indeed, none of the Third-Party Plaintiffs' allegations, i.e. whether an oral contract to provide a life insurance policy was breached, or misrepresentation with regard to the issuance of the Bonds, or a breach in the duty of care owed by an insurance broker to an insured, are at all related to the claims in the main action namely, Third-Party Plaintiffs' failure to complete the construction project and breach of their indemnity agreement by failing to repay the Bond issued by Safeco. Put another way, the resolution of whether the Third-Party Plaintiffs' <u>breached their indemnity agreement with Safeco</u>, and therefore must repay Safeco in accordance with that agreement, will not resolve any of their contentions in the instant third-party action. More simply, a finding in the main action that the Plaintiffs' did breach the indemnity agreement would not resolve the Third-Party claim that the Plaintiffs' failed to maintain adequate insurance due to an alleged error committed by Associated. Clearly then, the only connection between the Third-Party Complaint and the main action is that the bond brokered by Associated was drawn against. Such a remote connection is insufficient to form the basis of a third-party action under Rule 14(a). Thus, because the third-party action raises an entirely separate and independent claim, and is in no way contingent on the outcome of the main claim, said action must be dismissed pursuant to Rule 14(a).

5

MORRISON MAHONEY LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

### III. THE CLAIMS OF THIRD-PARTY PLAINTIFFS LOCAL TOWING, INC., GEORGE GARDELLA, JESSICA HELQUIST-GARDELLA, AND JAMES GARDELLA SHOULD BE DISMISSED BECAUSE THEY ARE NOT RIPE

"Ripeness is more than a mere procedural question; it is determinative of jurisdiction. If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed." Adland v. Russ, 307 F.3d 471, 490-491 (6th Cir., 2002). It follows then that "[i]t is axiomatic that federal courts may not decide hypothetical questions, but may only rule on concrete cases or controversies . . . A 'case or controversy' does not exist when the factual events forming the basis of a claim have not yet occurred." Cargill, Inc. v. Kowsky, 949 F.2d 51, 56 (2d Cir. 1991) (claim for attorneys fees not ripe for adjudication because condition precedent, a determination of damages owed to plaintiff, had not been occurred); see also Thomas v. City of New York, 143 F.3d 31, 34 (2d Cir. 1998) (claim that a new law imposing additional requirements for procuring livery car base station licenses violated due process was not ripe for adjudication because plaintiffs had not yet been denied licenses to operate livery cars). Stated another way, a case lacks ripeness when it "involves uncertain and contingent future events that may not occur as anticipated, or indeed may not occur at all." AMSAT Cable Ltd. v. Cablevision of Connecticut Ltd. Partnership, 6 F.3d 867, 872 (2d Cir. 1993) (equal protection claim not ripe for review where plaintiffs had not yet been denied access to any building complex for purpose of providing cable television to apartment dwellers). Thus, "[w]hen resolution of an issue turns on whether there are nebulous future events as contingent in nature that there is no certainty they will occur, the case is not ripe for adjudication." Thomas, at 34.

6

MORRISON MAHONEY LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

"Federal courts sitting in diversity cases will, of course, apply the substantive law of the forum State on outcome determinative issues . . . . In ascertaining the substantive law of the forum, federal courts will look to the decisional law of the forum state, as well as to the state's constitution and statutes." Travelers Ins. Co. v. 633 Third Assocs., 14 F.3d 114, 119 (2d Cir., 1994) (citations omitted; internal quotation marks omitted.) In the context of a malpractice claim then, "if the plaintiffs have not suffered a present loss, then their malpractice claim is premature and not ripe. Neylan v. Pinsky, 1993 Conn. Super. LEXIS 3222, *3 (1993) (Zoarski, J.); Heritage Square Associates v. Blum, 1992 Conn. Super. LEXIS 2154 (Nigro, J.). Neylan v. Pinsky, 1996 Conn. Super. LEXIS 2714, *6 (Freedman, J.) (quoting from a previous ruling by Judge Nigro in the context of the same action). Further, claims involving an allegation of malpractice, a number Connecticut Superior Courts have dismissed direct actions against former counsel where the "damages" allegedly suffered in the malpractice action were contingent upon the outcome of the underlying, unresolved claim. Townsend v. Shipp, 2000 Conn. Super. LEXIS 1490 (Develin, J.); Fontanella v. Marcucci, 1999 Conn. Super. LEXIS 1858 (Silbert, J.); Buzzeo, et al. v. Suisman, et al., 2001 Conn. Super LEXIS 1536 (Martin, J.); Neylan, et al. v. Pinsky, 1996 Conn. Super. LEXIS 2714 (Freedman, J.). For example, in Townsend, supra, the plaintiff commenced a legal malpractice action against his attorney for alleged professional negligence related to the attorney's representation of Townsend in a pending, federal employment discrimination lawsuit. Townsend claimed, *inter alia*, that "his 'right to recover damages for discrimination is irreparably damaged.'" Townsend, 2000 Conn. Super. LEXIS at *1. In response, the defendant filed a Motion to Dismiss "asserting that

MORRISON MAHONEY LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

because the controversy is not ripe, the court lacks subject matter jurisdiction." Id. at *2. The defendant reasoned that because the employment discrimination case was pending, the plaintiff had not yet suffered a present loss. Id. at *5. The trial court agreed concluding that: "This is not a case where [the plaintiff] seeks damages that are completely independent of these sought in the underlying case . . . In sum, because all of Townsend's claims for damages are derivative of the result anticipated in the yet unresolved federal case, the claims are not ripe. Since claims that are not ripe are not justifiable, the court lacks subject matter jurisdiction." Id. at 6-7.

The Connecticut Appellate Court has held that where a plaintiff's claims are contingent on the outcome of an unresolved underlying action, those claims are not ripe and not justiciable, and the plaintiff's action should be dismissed for lack of subject matter jurisdiction. Because this action is contingent on the outcome of the underlying action between Safeco and the Gardellas, this Court lacks subject matter jurisdiction because the claims are not yet ripe. Id. at *6-7.

In this case, Third-Party Plaintiffs' claims are contingent upon the outcome of an unresolved underlying action to wit, Safeco's claims against them. Because of this, the Third-Party Plaintiffs' claims are not ripe and therefore, not justiciable.

### III. THE CLAIMS OF THIRD-PARTY PLAINTIFFS LOCAL TOWING, INC., GEORGE GARDELLA, JESSICA HELQUIST-GARDELLA, AND JAMES GARDELLA SHOULD BE DISMISSED BECAUSE THEY HAVE FAILED TO PROVIDE A DAMAGES ANALYSIS

As set forth above, the Third-Party Complaint was commenced on May 14, 2003 – more than two years ago. However, as of this date, Third-Party Plaintiffs have failed to provide

8

AIA with a damage analysis. On November 3, 2003, this court ordered that "the parties shall exchange a damage analysis, if necessary, on or before November 15, 2003." On February 2, 2004, AIA requested that this court enter a Judgment of Dismissal due to plaintiffs' failure to comply with the Court's scheduling order in that regard. This request was denied on February 3, 2004. Given that Third-Party Plaintiffs have not yet provided a damages analysis, AIA renews its request that this Court enter a Judgment of Dismissal.

Federal Rule of Civil Procedure 37(b)(2) provides that "[i]f a party ... fails to obey an order to permit or provide discovery ... the court in which the action is pending may make such orders in regard to the failure as are just." These "orders" include the remedy of a dismissal. See Fed. R. Civ. Pro. 37(b)(2)(C). The granting of sanctions under Rule 37 is within the discretion of the court and will be overturned "only where there has been an abuse of that discretion." Minotti v. Lensink, 895 F.2d 100, 102-03 (2d Cir. 1990). And, because a dismissal is "the most drastic sanction available, it should only be used in 'extreme situations, and then only after (a) the court finds willfulness, bad faith, or fault on the part of the party refusing discovery, and (b) the court gives notice that violation of the court's order will result in a dismissal of the case with prejudice.'" Almonte v. The Coca-Cola Bottling Company of New York, Inc., et al., 169 F.R.D 246, 248 (1996) (Dorsey, J.) (quoting Simmons v. Aburzzo, 49 F.3d 83, 88 (2nd Cir. 1995)). As Judge Dorsey reminded the Almonte litigants:

> The bar must realize, and we declare it as emphatically as we can, that these dates fixed by law, rule, or court order mean something. They are not empty formalities. To neglect and ignore a date for action in a court proceeding is in reality a thinly-veiled species of disrespect or contempt for the Court. The proper procedure, when

9

> additional time for any purpose is needed, is to present to the Court a timely request for extension of time…

Almonte, 169 F.R.D. 246, 249 (quoting Salisbury v. Town of Waterford, 82 F.R.D. 403, 404 (D. Conn. 1979)).

In this instance, it is obvious that Third-Party Plaintiffs' refusal to provide a damages analysis more than two years after commencing the action and more than twenty months after ordered to do so by the Court constitutes a "deliberate disregard of the lawful orders of the court." Cine Forty-Second St. Theater v. Allied Artists, 602 F.2d 1062, 1067 (2nd Cir. 1979) (discussion of the meaning of willfulness in context of Rule 37 Motion). With respect to the requirement that the Court give notice that violation of the order will result in a dismissal of the case with prejudice, following AIA's January 2004 Motion to Dismiss, Third-Party Plaintiffs were certainly on notice that the sanction of dismissal is available under the Rules of Civil Procedure. Due to the willful disregard of this Court's Order, Third-Party Defendants respectfully request that the Third-Party Plaintiff's Complaint be dismissed.

In the alternative, should this Court deny the Motion to Dismiss, Third-Party Plaintiffs should be precluded from introducing any evidence of alleged damages at this late date. As this Court knows, there is a pending trial date, discovery has been completed, and dispositive motions are due on or before July 29, 2005. Any damages disclosures at this time would be highly prejudicial to Third-Party Defendants.

10

MORRISON MAHONEY LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

## V. CONCLUSION

For the forgoing reasons, Defendant respectfully requests that this Court dismiss Third-Party Plaintiffs' Complaint.

                THIRD-PARTY DEFENDANT,
                ASSOCIATED INSURANCE AGENCY, INC.

                James L. Brawley– CT 17321
                Tracey Lane Russo– CT 19865
                MORRISON, MAHONEY & MILLER, LLP
                One Constitution Plaza, 10th Floor
                Hartford, CT 06106
                Phone: (860) 616-4441

11

MORRISON MAHONEY LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, via U.S. mail, to the following parties of record, postage prepaid this same date as follows:

Benjamin D. Lentz, Esq.
Sean Kelly, Esq.
Torre, Lentz, Gamell, Gary & Rittmaster
100 Jericho Quadrangle, Suite 309
Jericho, NY 11753-2702

Constantine G. Antipas, Esq.
The Antipas Law Firm
One Fort Hill Road
Groton, CT 06340

Duncan B. Hume, Esq.
Hume & Associates
8 Elm Street
Norwalk, CT 06850

James J. Farrell, Esq.
8 Elm Street
Norwalk, CT 06850

Luigi Spadafora, Esq.
Richard N. Freeth, Esq.
Winget Spadafora & Schwartzberg
177 Broad Street
Stamford, CT 06901

Tracey Lane Russo– CT 19865

MORRISON MAHONEY LLP • COUNSELLORS AT LAW
ONE CONSTITUTION PLAZA • HARTFORD, CONNECTICUT 06103
(860) 616-4441 • JURIS NO. 404459