UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF  : <br> AMERICA AND GENERAL INSURANCE: <br> COMPANY OF AMERICA, : <br>     Plaintiffs                   : <br>                                             : <br> VS.                                        : <br>                                             : <br> LOCAL TOWING, INC., GEORGE : <br> GARDELLA, JESSICA HELQUIST- : <br> GARDELLA, AND JAMES GARDELLA : <br>     Defendants/Third-Party Plaintiffs  : <br>                                             : <br> VS.                                        : <br>                                             : <br> ASSOCIATED INSURANCE AGENCY, : <br> INC., FREDERICK J. SMITH, AFNY, : <br> INC., ASSOCIATED FACILITIES OF : <br> AMERICA LTD., MELWAIN : <br> ENTERPRISES, INC., CHARLES : <br> ASSOCIATES, P.C., AND CHARLES : <br> SAPOCHETTI : <br>     Third-Party Defendants        : | CIVIL ACTION NO. <br><br> 302CV1966 (AVC) <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> AUGUST 8, 2005 |

## LOCAL RULE 56(a)1 STATEMENT

Pursuant to Local Rule 56(a)1, Third-Party Defendant Associated Insurance Agency, Inc. ("AIA") submits the following in connection with its Motion for Summary Judgment:

    1.    Francis Empey's health condition precluded him from qualifying for Key Man Life Insurance. (October 12, 2004 deposition of Anthony Mascia, M.D. at pages 49-50; attached hereto as Exhibit A.)

    2.    At the time that Local Towing, Inc. ("LTI") decided to go forward with the St. Thomas project, George Gardella, president of LTI, knew that Francis Empey had no Key Man Life Insurance policy in place at the time of his death. (April 19, 2004 deposition of George Gardella at pages 59-60; attached hereto as Exhibit B.)

3. George Gardella testified that the losses associated with the St. Thomas job were due to mismanagement. (February 1, 2005 deposition of George Gardella at page 280; attached hereto as Exhibit C.)

4. George Gardella believed that because Safeco issued the bonds knowing that Francis Empey did not have Key Man Life Insurance in place, LTI, George Gardella, Jessica Gardella, and James Gardella were immune from liability for any monies paid by Safeco pursuant to the bonds. (February 1, 2005 deposition of George Gardella at 284-85; attached hereto as Exhibit C; April 19, 2004 deposition of George Gardella at 73; attached hereto as Exhibit B.)

5. LTI never directed Safeco or AIA not to issue the bonds until a GIA was executed by Francis Empey. (April 26, 2004 deposition of George Gardella at 99; attached hereto as Exhibit D.)

6. LTI could have walked away from the St. Thomas job prior to the commencement of the project because, technically, the government was in default of the bid specifications. (April 26, 2004 deposition of George Gardella at 195; attached hereto as Exhibit D.)

7. James Gardella admitted that Fred Smith, or anyone from AIA, never represented to him that he had been removed from the GAI. (May 5, 2004 deposition of James Gardella at 44-45; attached hereto as Exhibit E.)

8. Fred Smith never told James Gardella that Francis Empey was required to sign the GAI. (May 5, 2004 deposition of James Gardella at 52 and 56; attached hereto as Exhibit E.)

9. James Gardella does not recall whether or not he authorized the release of his financial information to Safeco or to any other entities in 2001. (May 5, 2004 deposition of James Gardella at 66; attached hereto as Exhibit E.)

10. James Gardella admitted that his son, George Gardella, had released the financial information of James Gardella without his authorization. (May 5, 2004 deposition of James Gardella at 66-67; attached hereto as Exhibit E.)

11. James Gardella did not condition his signature on the GAI upon Francis Empey obtaining Key Man Life Insurance. (May 5, 2004 deposition of James Gardella at 70-71; attached hereto as Exhibit E.)

12. Counsel for James Gardella, George Gardella, LTI, and Jessica Gardella admitted that his clients could not prove that AIA failed to obtain the Key Man Life Insurance Policy for Francis Empey. (May 5, 2004 deposition of James Gardella at 5; attached hereto as Exhibit F.)

13. James Gardella admitted that he does not read the "fine print" of the documents that he signs. (December 7, 2004 deposition of James Gardella at 21; attached hereto as Exhibit F.)

THIRD-PARTY DEFENDANT,
ASSOCIATED INSURANCE AGENCY, INC.

James L. Brawley– CT 17321
Tracey Lane Russo– CT 19865
MORRISON MAHONEY LLP
One Constitution Plaza, 10th Floor
Hartford, CT 06106
Phone: (860) 616-4441

3

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, via U.S. mail, to the following parties of record, postage prepaid this same date as follows:

Benjamin D. Lentz, Esq.
Sean Kelly, Esq.
Torre, Lentz, Gamell, Gary & Rittmaster
100 Jericho Quadrangle, Suite 309
Jericho, NY 11753-2702

Constantine G. Antipas, Esq.
The Antipas Law Firm
One Fort Hill Road
Groton, CT 06340

Duncan B. Hume, Esq.
Hume & Associates
8 Elm Street
Norwalk, CT 06850

James J. Farrell, Esq.
8 Elm Street
Norwalk, CT 06850

Luigi Spadafora, Esq.
Richard N. Freeth, Esq.
Winget Spadafora & Schwartzberg
177 Broad Street
Stamford, CT 06901

Tracey Lane Russo– CT 19865