UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA AND GENERAL INSURANCE COMPANY OF AMERICA,<br>            Plaintiffs | : : : : : | CIVIL ACTION NO.<br><br>302CV1966 (AVC) |
| VS. | : | |
| LOCAL TOWING, INC., GEORGE GARDELLA, JESSICA HELQUIST-GARDELLA, AND JAMES GARDELLA<br>      Defendants/Third-Party Plaintiffs | : : : : | |
| VS. | : | |
| ASSOCIATED INSURANCE AGENCY, INC., FREDERICK J. SMITH, AFNY, INC., ASSOCIATED FACILITIES OF AMERICA LTD., MELWAIN ENTERPRISES, INC., CHARLES ASSOCIATES, P.C., AND CHARLES SAPOCHETTI<br>            Third-Party Defendants | : : : : : : : : : | AUGUST 8, 2005 |

## THIRD-PARTY DEFENDANT ASSOCIATED INSURANCE AGENCY, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Third-Party Defendant Associated Insurance Agency, Inc. ("AIA"), by its attorney, Morrison Mahoney LLP, respectfully submits this memorandum in support of its Motion pursuant to Fed. Rule Civ.P. 56(b) for summary judgment against Third-Party Plaintiffs Local Towing, Inc., George Gardella, Jessica Gardella, and James Gardella ("Third-Party Plaintiffs). Specifically, Third-Party Plaintiffs have failed to produce sufficient evidence, with respect to the essential elements of the First, Second, Third, Fourth, Fifth, Sixth, and Fifteenth Counts, as follows: that they sustained damages; the standard of care applicable to AIA's with regard to each claim, the manner in which AIA

allegedly breached the applicable standard of care, or that said breach was the proximate cause of their injuries.

## RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

On or about November 6, 2002, Safeco Insurance Company of America and General Insurance Company of America (hereinafter referred to collectively as "Safeco") commenced an action against Local Towing, Inc. (hereinafter, "LTI") , George Gardella, Jessica Gardella, and James Gardella. The Safeco action sounds in contract law and seeks to recover five hundred ninety-nine thousand nine hundred seventy-nine dollars and seventy-five cents ($599,979.75) – this sum represents the amount of undisputed, un-reimbursed payments made under the terms of the Surety Bond by Safeco to subcontractors and suppliers on behalf of Local Towing, Inc. (See Plaintiff Safeco's March 26, 2004 Motion for Summary Judgment at 2.) The Surety Bond and payments made pursuant to that bond, were tendered in accordance with a General Agreement of Indemnity ("GAI") executed by George Gardella, Jessica Gardella, and James Gardella.

Thereafter, on or about May 14, 2003, Defendants LTI, George Gardella, Jessica Gardella, and James Gardella commenced a third party action against: (1) Associated Insurance Agency, Inc.; (2) AFNY, Inc.; (3) Associated Facilities of America LTD.; (3) Melwain Enterprises, Inc.; (4) Charles Associates, P.C.; and (5) Charles Sapochetti.[1] The Third-Party Plaintiffs allege various causes of action against AIA, including the following:

---

[1] The case-caption refers to Frederick J. Smith as a Third-Party Defendant. Fed. R. Civ. P. 3 provides, however, that "A civil action is commenced by filing a complaint with the court." Smith was never served with the Complaint, and accordingly, no action exists against him. See Farrell v. Ignatius, 283 F. Supp. 58 (S.D.N.Y. 1968) (court has no jurisdiction to act where no complaint filed and action was commenced against party).

2

(1)   Breach of contract by LTI, George Gardella and Jessica Gardella (Count One);

(2)   Negligence by LTI, George Gardella and Jessica Gardella (Count Two);

(3)   Negligent misrepresentation by LTI, George Gardella and Jessica Gardella (Count Three);

(4)   Violation of the covenant of good faith and fair dealing by LTI, George Gardella and Jessica Gardella (Count Four);

(5)   Violations of the obligations of a fiduciary by LTI, George Gardella and Jessica Gardella (Count Five);

(6)   Negligence by James Gardella (Count Six); and

(7)   Misrepresentation by LTI, George Gardella, and James Gardella (Count Fifteen).

(See Third-Party Complaint.) On July 28, 2003, AIA filed an answer denying liability and asserting the following special defenses: (1) to the extent that any losses were incurred, said losses were directly and proximately caused by their own negligence; (2) the Complaint fails to state a claim upon which relief may be granted; and (3) the Complaint is barred by the applicable statute of limitations. On March 29, 2004, Safeco filed a Motion for Summary Judgment as to LTI and James Gardella. The Court granted this Motion as to LTI however, it was denied as to James Gardella because the Court concluded that James Gardella had raised "an issue of fact that Safeco discharged his duty to indemnify the plaintiffs under the indemnity agreement."

In accordance with this Court's Scheduling Order, the instant dispositive motion is filed in response to Third-Party Plaintiff's Complaint.

## BRIEF FACTUAL BACKGROUND

This litigation arises out of and relates to LTI's failed attempts to successfully complete underwater engineering projects in Puerto Rico and St. Thomas-Virgin Islands.

3

As set forth in Safeco's Complaint, Safeco issued the surety bond for these projects and, because the cost of LTI's projects exceeded the bid amount, Safeco was required to supply the additional funds – pursuant to the bond agreement – to satisfy employees, vendors and subcontractors who performed work for LTI on these projects. AIA was the insurance broker who worked with LTI to secure the bond through AFNY/Melwain, Safeco's authorized broker for surety bonds. Subsequent to the completion of the project, George Gardella, Jessica Gardella, LTI, and James Gardella failed and refused to reimburse Safeco for the monies it had paid out pursuant to the bond and, therefore, Safeco was forced to commence a direct action against these four in an attempt to recover its losses.

In May 2003, George Gardella, Jessica Gardella, LTI, and James Gardella filed a Third-Party Complaint wherein they alleged, *inter alia*, that AIA was responsible for the losses incurred on the projects because it had negligently brokered the surety bond and had failed to procure key man life insurance for Francis Empey – a business partner of the Gardellas who was responsible for the management of the two projects. Mr. Empey passed away prior to the completion of the first project and to the commencement of the second project. According to the Gardellas, they cannot satisfy the claims of Safeco because Mr. Empey did not have key man life insurance in place. However, Third-Party Plaintiffs have produced absolutely no evidence that AIA was responsible for procuring the actual insurance. AIA did, however, recommend that this insurance be procured. Nevertheless, as set forth more fully herein, Mr. Empey's own doctor testified that his health condition precluded him from qualifying for any type of life insurance and therefore, it is of no moment whether AIA was or was not responsible for procuring this

4

coverage. In fact, Third-Party Plaintiffs have produced absolutely no evidence that AIA was responsible for procuring the actual insurance – AIA did, however, recommend that this insurance be purchased.

It is also important to note at the outset that, following the commencement of the Third-Party action, in September 2003, George Christopher Gardella individually and d/b/a Local Towing along with his wife, Jessica Gardella, filed for Chapter 7 Bankruptcy in the District Court located in Bridgeport, Connecticut. See In re George Christopher Gardella dba Local Towing and Jessica Elisabeth Hellqvist-Gardella, United States Bankruptcy Court, District of Connecticut, Case No. 03-51326. (Copy of Bankruptcy Filing attached hereto as Exhibit 1.) Schedule F, attached to the Bankruptcy Petition, set forth a list of creditors holding unsecured non-priority claims against either George Gardella, LTI, and/or Jessica Gardella. Included in this list was Safeco's claims against George Gardella, LTI, and Jessica Gardella. According to the bankruptcy pleadings, on January 19, 2004 the Bankruptcy Court discharged all of the claims of debt pursuant to § 11 U.S.C 727 including Safeco's $666,000.00 claim. (Discharge of Debtor attached hereto as Exhibit 2.)

## LAW AND ARGUMENT

Summary judgment must be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact . . . ." Miner v. Glens Falls, 999 F.2d 655, 661 (2d Cir. 1993). "A dispute regarding a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir.), cert. denied, 506 U.S. 965

5

(1992).  After discovery, if the nonmoving party "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof," then summary judgment is appropriate.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  "Since the core purpose of summary judgment is to pierce the boilerplate of the pleadings and examine the parties' proof to determine whether a trial actually is necessary, . . ., the entry of summary judgment is appropriate if (and only if) no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law."  Vega-Rodriguez v. Puerto Rico Tel. Co., 110 F.3d 174, 178 (1st Cir. 1997). (citation omitted, internal quotation marks omitted.)

The Court resolves "all ambiguities and draw[s] all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide."  Aldrich, 963 F.2d at 523.  "In considering a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. . . .  The moving party may satisfy this burden by showing—that is pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."  Geyer v. Lantz, 2005 U.S. Dist. LEXIS 14127 (D. Conn. 2005).  (internal quotation marks omitted.)  Once such a burden is established, the nonmoving party must present "significant probative evidence to create a genuine issue of material fact."  Soto v. Meachum, 1991 U.S. Dist. LEXIS 14824, at *15 (D. Conn. Aug. 28, 1991). "The non-movant cannot escape summary judgment merely by vaguely asserting the existence of some unspecified disputed material facts . . . or defeat the motion through mere speculation or conjecture."  Western World Ins. Co. v. Stack

6

Oil, Inc., 922 F.2d 118, 121 (2d Cir.1990) (citations omitted, internal quotation marks omitted.)

**I.    Summary Judgment Should Enter In Favor of AIA With Respect To Count One, A Breach of Contract Claim, Because Third-Party Plaintiffs Local Towing, Inc., George Gardella, and Jessica Gardella Cannot Meet Their Burden Of Proof With Respect To The Essential Elements**

Count One of the Third-Party Complaint alleges that AIA breached a contract with LTI, George Gardella, and Jessica Gardella. More specifically, George Gardella, Jessica Gardella and LTI alleged that AIA breached (presumably) an oral contract with them in that AIA: (1) failed to provide a life insurance policy on the life of Francis Empey; (2) failed to obtain the personal indemnity agreement of Francis Empey before the Bonds were issued; and (3) failed to provide accurate financial statements from a qualified accountant. (See First Count at ¶ 24.) AIA denied each and every one of these allegations in its answer to the Complaint.

In order to sustain a breach of contract claim, Plaintiffs must allege and prove: (1) the formation of an agreement; (2) performance by one party; (3) breach of the agreement by the other party; and (4) damages. Maloney v. Connecticut Orthopedics, P.C., 47 F. Supp. 2d 244, 249 (D. Conn. 1999) (citing Posner v. Minn. Mining & Mfg. Co., 713 F. Supp. 562 (E.D.N.Y. 1989)). Failure to prove each and every element, including damages, is fatal to a breach of contract claim. Braithwaite v. Lee, 125 Conn. 10, 14, 32 A.2d 380 (1938) ("[d]amages are an essential element of the plaintiff's proof before he is entitled to recover. . . . They must be proved with reasonable certainty"). And, a court may grant summary judgment when the plaintiff fails to produce evidence of damages because, for a court to construe evidence in favor of a plaintiff, it must be given evidence to construe. McGuire v. Citicorp Retail Services, 147 F.3d 232 (2d Cir. 1998) (applying

7

Connecticut law, summary judgment appropriate in CUTPA suit for failure to prove damages). As set forth herein, Third-Party Plaintiffs LTI, George Gardella, and Jessica Gardella cannot demonstrate damages arising out of or related to the alleged breach of contract claim and therefore, summary judgment in favor of AIA should enter.

In the context of a breach of contract claim, even presuming that the terms of the Contract as alleged are true and that AIA breached those terms, which is denied, if these Third-Party Plaintiffs cannot prove damages, their claim must fail. In this case, AIA respectfully submits that under no set of circumstances may damages be proven because: (1) the claims asserted against AIA in this Count are derivative of Safeco's claims against George Gardella, Jessica Gardella and LTI, which claims have been discharged in the context of a bankruptcy proceeding; (2) absolutely no evidence of damages and/or damages analysis has been disclosed and therefore, to the extent that these Third-Party Plaintiffs claim they have sustained damages in addition to the claims made against them by Safeco, no evidence has been provided to support such claims and the First Count should be dismissed; and (3) they failed to disclose an expert witness who will testify as to the standard of care.

**A.    Safeco's Claims Against LTI, George Gardella And Jessica Gardella Were Discharged In Bankruptcy And Therefore, Under No Circumstances May These Third-Party Plaintiffs Prove Damages**

Third-Party Plaintiffs LTI, George Gardella, and Jessica Gardella claim that they sustained damages because, had the proceeds of the life insurance policy on Francis Empey been available to "satisfy the claims being made in this litigation" by Safeco, they would not have sustained damages. (See First Count at ¶¶ 23, 24, 25). There is no allegation in the Complaint that sets forth a claim of damages against AIA that is separate and distinct from Safeco's claims against the Third-Party Plaintiffs. In other words,

George Gardella, Jessica Gardella and LTI alleged but for the breach of oral contract by AIA, they would have had monies available to pay the claims of Safeco through the insurance proceeds of the Key Man Life Insurance that they claim AIA had contracted to obtain on behalf of Frances Empey.

By way of background, in September 2003, George Christopher Gardella individually and d/b/a Local Towing along with his wife, Jessica Gardella, filed for Chapter 7 Bankruptcy in the District Court located in Bridgeport, Connecticut. See In re George Christopher Gardella dba Local Towing and Jessica Elisabeth Hellqvist-Gardella, United States Bankruptcy Court, District of Connecticut, Case No. 03-51326. (Copy of Bankruptcy Filing attached hereto as Exhibit 1.) Schedule F, attached to the Bankruptcy Petition, set forth a list of creditors holding unsecured non-priority claims against either George Gardella, LTI, and/or Jessica Gardella. Included in this list were Safeco's claims against George Gardella, LTI, and Jessica Gardella. According to the bankruptcy pleadings, on January 19, 2004 the Bankruptcy Court discharged all of the claims of debt pursuant to § 11 U.S.C 727 including Safeco's $666,000.00 claim. (Discharge of Debtor attached hereto as Exhibit 2.)

In this instance, because Jessica Gardella, George Gardella, and LTI claimed to have sustained damages arising out of and related to the claims made against them by Safeco, if Safeco does not recover against them, they have no damages. Given that Safeco's claims were discharged in bankruptcy and cannot be pursued in the future, it is impossible for Third-Party Plaintiffs to demonstrate actual damages arising out of or related to Safeco's claims for reimbursement under the GAI. Therefore, summary

judgment on the First Count in favor of AIA should enter as a matter of law because Third-Party Plaintiffs failed to satisfy the essential element of damages.

**B.     Third-Party Plaintiffs LTI, George Gardella And Jessica Gardella Have Not Produced Evidence Of Damages And Therefore, AIA is Entitled to Summary Judgment as a Matter of Law**

Damages in a breach of contract claim may be based upon reasonable or probable estimates because "mathematical exactitude" is often impossible. Dooley v. Leo, 184 Conn. 583, 587, 440 A.2d 236 (1981); Brookfield v. Greenridge, Inc., 177 Conn. 527, 537, 418 A.2d 907 (1979). However, even the estimates must be based on evidence and not speculation. Brookfield, 177 Conn. at 537. In this instance, other than the claim made by Safeco which was discharged in bankruptcy, Third-Party Plaintiffs LTI, George Gardella, and Jessica Gardella have failed to produce even one scintilla of evidence demonstrating damages in excess of Safeco's claims. As set forth in AIA's Motion to Dismiss filed this same date, Third-Party Plaintiffs have failed to provide a damages analysis in accordance with the Court's November 2003 deadline. Moreover, absolutely no evidence regarding damages has been produced as of this date. Where a party fails to produce evidence of damages, the Court may grant a motion for summary judgment for failure to satisfy an essential element of the claim. See Beekley Corp. v. Doyle, et al., 1996 Conn. Super. LEXIS 213, 11-12 (Handy, J.) ("[t]his count fails . . . [because] the plaintiff has failed to present to the court evidence of actual damages, i.e. that the defendants' conduct caused detriment to the plaintiff. Thus, no question of material fact exists, and the court grants the defendants' motion for summary judgment").

In this case, because Third-Party Plaintiffs have failed to provide any evidence of damages, summary judgment should enter in AIA's favor.

**C.    Third-Party Plaintiffs LTI, George Gardella And Jessica Gardella Have Failed To Produce An Expert Which Is Required In The Context Of A Breach Of Contract Claim Arising Out Of And Related To A Claim Of Professional Negligence**

This Count, although couched as a breach of contract claim, is in essence a claim of negligence. (Compare actions constituting alleged breach with those set forth in negligence counts.) As the Connecticut Supreme Court has stated, "putting a contract tag on a tort claim will not change its essential character." Gazo v. Stamford, 255 Conn. 245, 263, 765 A.2d 505 (2001). Accordingly, the contract claim is governed by the same principles that govern a tort claim related to professional services. See Alexandru v. Strong, 81 Conn. App. 68, 79-80, 837 A.2d 875 (2004) ("notwithstanding that embedded in the language of the plaintiff's claim are the contractual rudiments of promise and breach, 'where the plaintiff alleges that the defendant negligently performed legal services and failed to use due diligence the complaint sounds in negligence, even though [the plaintiff] also alleges that he retained [the defendant] or engaged his services.'") (brackets in original; quoting Shuster v. Buckley, 5 Conn. App. 473, 478, 500 A.2d 240 (1985)). Thus, expert testimony is certainly required just as it would be to prove a negligence claim. Weaver v. Apuzzo, 2005 U.S. Dist. LEXIS 5303 (Nevas, J.) (in context of breach of contract claim arising out of and related to claim of legal malpractice wherein plaintiff alleged that defendant negligently performed legal services, expert witness to testify as to the applicable standard of care, causation, and damages was required; summary judgment granted) (relying in part on Nora Beverages, Inc. v. Perrier Group of Am., Inc., 164 F.3d 736, 742 (2d Cir. 1998) (holding that summary judgment appropriate where the non-moving party fails to present evidence as to issues on which he bears burden of proof)).

In this instance, Third-Party Plaintiffs LTI, George Gardella, and Jessica Gardella have failed to disclose an expert witness to establish the applicable standard of care, causation, and damages. As set forth, this project involved a budget in excess of three million dollars, several change orders, and a myriad of technical problems.[2] A lay person simply cannot conclude, without the assistance of expert accounting testimony, what the amount of damages sustained by LTI was. In addition, because of the alleged complex nature of the relationship between LTI and AIA, it is not entirely clear how AIA's alleged negligence was the proximate cause of the damages alleged by LTI, George Gardella, and Jessica Gardella. For example, the claim made for reimbursement under the terms of the GAI was commenced by Safeco and seeks reimbursement for monies paid to LTI's creditors in connection with the projects. Safeco was required to make these payments because the project's expenses exceeded the amount earned by LTI. This difference created a shortfall which had to be rectified by Safeco. Without expert testimony that conclusively states that the project's shortfall was proximately caused by AIA's negligence (and not by the mismanagement of the project by LTI) such a conclusion cannot be drawn.

Therefore, even though this is a breach of contract claim it nevertheless requires expert testimony. Because no experts have been disclosed, summary judgment in favor of AIA should enter because they will not be able to sustain their burden of proof.

---

[2] George Gardella agreed that the losses associated with the St. Thomas job were due to mismanagement when he testified "I was able to get the thing at least moving along in a regular fashion, which, if it started out in operating in that fashion, the losses would have not been as drastic. Probably would have been zero. No, you know, no profit, could have been possibly a break-even job." (February 1, 2005 Tr. at 280.)

12

**WHEREFORE**, with respect to Count One, Third-Party Plaintiffs LTI, George Gardella, and Jessica Gardella cannot establish the essential elements of a breach of contract claim. More specifically, they cannot establish that they sustained damages nor have they disclosed expert testimony, which is required, on the issues of damages, causation, and standard of care, and, therefore, summary judgment should enter as to the breach of contract claim.

II.    **Summary Judgment Should Enter In Favor Of AIA On Count Two, Negligence, Because Third-Party Plaintiffs LTI, George Gardella And Jessica Gardella Failed To Disclose An Expert To Testify As To The Applicable Standard Of Care Or Breach Of That Standard Of Care.  In Addition, They Cannot Prove Damages**

In order to sustain a negligence claim against an insurance agent, Third-Party Plaintiffs LTI, George Gardella, and Jessica Gardella must plead and prove:  (1) that the insurance agent owed them a duty; (2) that the agent breached that duty; (3) that this breach was the proximate cause of their injuries; and (4) actual damages.  Bonan v. Goldring Home Inspections, Inc., 68 Conn. App. 862, 871, 794 A.2d 997 (2002).  If a plaintiff cannot prove all of those elements, the cause of action fails.  Santopietro v. New Haven, 239 Conn. 207, 225, 682 A.2d 106 (1996).  For purposes of this motion, AIA does not dispute that it had a duty to broker a surety bond for LTI.[3]  AIA does, however, contend that because Third-Party Plaintiffs have not disclosed an expert or presented any evidence of damages, their negligence claim must fail as a matter of law.

---

[3] AIA does, however, dispute what the actual duty was and whether said duty was breached.

A.  **Third-Party Plaintiffs Failed To Disclose A Standard Of Care Expert And Therefore Cannot Establish The Essential Elements Of A Negligence Claim**

By way of background, "[a]n insurance broker is one who acts as a middleman between the insured and insurer and who solicits insurance from the public . . . who either places an order for insurance with a company selected by the insured, or, in the absence of such selection, with a company the broker selects." Lewis v. Michigan Millers Mutual Ins. Co., 154 Conn. 660, 664, 228 A.2d 803 (1967). And, "[w]hen procuring insurance . . . . a broker becomes the agent of that person for that purpose." Id. "As such he owes a duty to his principal to exercise reasonable skill, care, and diligence in effecting the insurance, and any negligence or other breach of duty on his part which defeats the insurance which he undertakes to secure will render him liable to his principal for the resulting loss." Ursini v. Goldman, 118 Conn. 554, 559-60, 173 A. 789 (1934) (citations omitted.) The question, however, is which standard of care governs this particular claim against AIA.

In an action claiming professional negligence, the general rule in Connecticut is that expert testimony is required to prove the standard of care. Todd v. Malafronte, 3 Conn. App. 16, 19 (1984) (opinion by one with special knowledge of the sale of insurance regarding standard of care required in action claiming negligence against insurance agent.); Weaver v. Apuzzo, 2005 U.S. Dist. LEXIS 5303, * 15 (plaintiff required to present expert testimony to establish applicable standard of care and to evaluate attorney's actions in light of that standard); Grody v. Tulin, 170 Conn. 443, 448-49, 365 A.2d 1076 (1976) (evidence showing malpractice to be cause of death must be

introduced through expert witness); see also Connecticut Code of Evidence § 7-2 (2002).[4] In particular, the testimony of an expert witness is necessary to establish:

(1)     The standard of proper professional skill or care required on the part of the professional;

(2)     That Defendants failed to conform to that standard of care; and

(3)     That the breach was the proximate cause of the injuries suffered by Plaintiff.

Schlnitz v. Greenberg, 200 Conn. 58, 66, 509 A.2d 1023 (1986); Mather v. Griffin Hospital, 207 Conn. 125, 131, 540 A.2d 666 (1988); and Beverly Hills Concepts v. Schatz & Schatz, Ribicoff & Kotkin, 1997 Conn. Super. LEXIS 178 (1997). "The requirement of expert testimony in malpractice cases serves to assist lay people, such as members of the jury and the presiding judge, to understand the applicable standard of care and to evaluate the defendant's actions in light of that standard." Davis v. Margolis, 215 Conn. 408, 416, 576 A.2d 489 (1990).

In this case, Third-Party Plaintiffs LTI, George Gardella, and Jessica Gardella have not disclosed a standard of care expert or, for that matter, any experts. Therefore, their claims of negligence as to AIA must fail because, under no set of circumstances, will they be able to establish essential elements of their claim including the standard of

---

[4] "Malpractice is commonly defined as the failure of one rendering professional services to exercise that degree of skill and learning commonly applied under all the circumstances in the community by the average prudent reputable member of the profession with the result of injury, loss, or damage to the recipient of those services." Davis v. Margolis, 215 Conn. 408, 576 A.2d 489 (1990) (internal quotation marks omitted). Thus, excluding Connecticut statutory and case regarding elements specific to a particular field, common principles may be drawn from our case law regarding various fields of professional malpractice, including legal and medical malpractice. Those principles are therefore instructive as to the elements required in a claim of negligence on the part of an insurance agent or broker.

care, breach of that standard,[5] or that the breach was the proximate cause of their injuries.

See <u>Nora Beverages, Inc. v. Perrier Group of Am., Inc.</u>, 164 F.3d 736, 742 (2d Cir. 1998)

(holding that summary judgment is appropriate where the non-moving party fails to

present evidence as to issues on which he bears the burden of proof).

**B.    Third-Party Plaintiffs Failed To Disclose Expert Testimony With Respect To Damages And Therefore, The Claim Must Fail.**

In professional malpractice cases, expert testimony is required to establish

damages and, failure to produce that testimony is fatal. <u>Celentano v. Grudberg</u>, 76 Conn.

App. 119, 125-26, 818 A.2d 841, *cert. denied*, 264 Conn. 904, 823 A.2d 1220 (2003),

(expert testimony required to prove damages in the context of a legal malpractice claim);

<u>see also</u> <u>Rosato v. Mascardo</u>, 82 Conn. App. 396, 409 (2004) (expert testimony required

to prove damages in the context of a medical malpractice claim).  This is because

evidence that clearly involves "specialized knowledge" is the proper subject of expert

testimony. <u>See</u> Fed. R. Evid. 702.  Therefore summary judgment is appropriate where

Plaintiff cannot present the requisite expert testimony. <u>Law v. Camp</u>, 116 F. Supp. 2d

295 (D.Conn. 2000); <u>Lyons v. Fairfax Props.</u>, 2004 U.S. Dist. LEXIS 5523, 32 Employee

Benefits Cas. (BNA) 2889 (2004) (summary judgment appropriate where failure to

disclose expert on the subject of financial damages renders plaintiff unable to prove

ascertainable loss).

In this case expert testimony with respect to damages is particularly significant

because these Third-Party Plaintiffs have failed to disclose a damages analysis and

evidence supporting such a claim.  Moreover, Third-Party Plaintiffs' claimed damages

---

[5] Expert testimony is required to support a claim of a breach of a duty if "the determination of the standard of care requires knowledge that is beyond the experience of the fact finder." <u>Doe v. Yale University</u>, 252 Conn. 641, 686-87, 748 A.2d 834 (2000).

are complex and necessarily involve a myriad of questions of a technical or specialized nature in order to prove that the conduct of AIA caused the financial damage allegedly sustained and to permit a quantification of said damage.

The claimed damages, and the evidence necessary to establish the amount of damages, are clearly beyond the scope of ordinary expertise or experience of the average citizen. See Certain Underwiters at Lloyd's v. Sinkovich, 232 F.3d 200, 203 (4th Cir. 2000) (Rule 701 "generally does not permit a lay witness to express an opinion as to matters which are beyond the realm of common experience and which require the special skill and knowledge of an expert witness."); Doddy v. Oxy USA Inc., 101 F.3d 448, 460 (5th Cir. 1996) ("a person may testify as a lay witness only if his opinions or inferences do not require any specialized knowledge and could be reached by any ordinary person."). Thus, without the requisite expert, Third-Party Plaintiffs cannot sustain their burden of proof with respect to damages and therefore, summary judgment should enter in favor of AIA. See Braithwaite v. Lee, 125 Conn. 10, 14, 2 A.2d 380 (1938) ("damages are an essential element of the plaintiff's proof before he is entitled to recover").

**C.    Third-Party Plaintiffs Should Not Be Permitted To Disclose An Expert At This Late Date To Avoid Summary Judgment.**

In this case, the Scheduling Order required Third-Party Plaintiff to disclose experts by November 4, 2003, however, as of this date, they have failed to disclose any experts at all. As set forth in AIA's renewed Motion to Preclude, Fed. R. Civ. P. 26(a)(2)(C) provides that "expert witness disclosures shall be made either at the time directed by the court or agreed to by stipulation." A party who fails to disclose an expert witness "without substantial justification . . . shall not, unless such failure is harmless, be permitted to use as evidence at a trial . . . any witness . . . not so disclosed." Fed. R. Civ.

P. 37(c)(1). Compliance with Rule 26 is essential for "the elimination of unfair surprise to the opposing party and the conservation of resources." Sylla-Sawdon v. Uniroyal Goodrich Tire Co., 47 F.3d 277, 284 (8th Cir.), *cert. denied*, 133 L. Ed. 2d 42, 116 S. Ct. 84 (1995); see also Hyun v. South Kent Sch., 1997 U.S. Dist. LEXIS 14622 (D. Conn. 1997). In this case, Third-Party Plaintiffs have no justification for failing to disclose an expert more than two years after commencing the action against AIA and, to permit a disclosure at this late date would certainly be prejudicial given the Fall 2005 trial date.

With the foregoing in mind, Third-Party Plaintiffs should not be permitted to disclose an expert witness and, without said expert, they cannot – as a matter of law – meet the essential elements of the negligence claim.[6]

**D.    Third-Party Plaintiffs Cannot Establish Proximate Cause**

As set forth in the Third-Party Plaintiffs' Complaint, they claim that because AIA did not obtain Key Man Life Insurance ("KMLI") for Francis Empey, they have sustained damages arising out of and related to the GAI. The relationship between these two claims is tenuous at best and fails to satisfy the requirement of proximate case. Wu v.

---

[6] There is Connecticut case exactly on point with respect to the preclusion of late-disclosed experts. For example, in Pool v. Bell, 209 Conn. 536, 540, 551 A.2d 1254 (1989), a party failed to comply with the trial court's orders and waited until just weeks before trial to disclose an expert witness. The trial court excluded the expert's testimony and this was affirmed by the Connecticut Supreme Court because as "the trial was to begin shortly . . . the opposing party would have had little time to discovery and investigate properly [the expert's] opinions." Pool, 209 Conn. at 541-42. See also Vitone v. Waterbury Hospital, et al., 88 Conn. App. 347, 869 A.2d 672 (2005) (sustained trial court's granting of motion to preclude plaintiff's expert disclosed only six weeks prior to trial and subsequent granting of motion for summary judgment because, without expert testimony, plaintiff could not sustain cause of action); Menna v. Jaiman, 80 Conn. App. 131, 136-37, 832 A.2d 1219 (2003) (exclusion of expert testimony was a proportionate sanction for violation of the courts' orders to provide complete disclosures); Sullivan v. Yale-New Haven Hospital, 64 Conn. App. 750, 759, 785 A.2d 588 (2001) (same).

Fairfield, 204 Conn. 435, 438 (1987) ("[t]he test of proximate cause is whether Defendants' conduct is a substantial factor in bringing about Plaintiff's injuries . . . . The existence of the proximate cause of an injury is determined by looking from the injury to the negligent act complained of for the necessary causal connection") (citations omitted; internal quotation marks omitted.); see also Weaver v. Apuzzo, 2005 U.S. Dist. LEXIS 5303 (2005) (existence of proximate cause of injury determined by looking from injury to negligent act complained of for necessary causal connection).    Expert testimony to establish the link between proximate cause and damages is required.    See, generally, Beverly Hills Concepts, Inc., et al. v. Schatz and Schatz, Ribicoff and Kotkin, 247 Conn. 48, 717 A.2d 724 (1998).

Accordingly, in order to prevail on the negligence claim, Third-Party Plaintiffs must demonstrate, through expert testimony, a causal connection between AIA's alleged breach of the standard of care and their alleged injuries which are economic damages allegedly arising out of the alleged malpractice.    DiStefano v. Milardo, 82 Conn. App. 838, 842, 847 A.2d 1034 (2003) (plaintiff alleging attorney malpractice must establish through expert testimony that attorney's conduct "legally caused" claimed injury"); Solomon v. Levett, 30 Conn. App. 125, 128, 618 A.2d 1389 (1993) (affirming directed verdict in favor of defendant in legal malpractice case where the plaintiff failed to produce expert on proximate cause of injuries); Bennett v. Lindsay, 1999 Con. Super. LEXIS 1835 (1999) (in malpractice action, Plaintiff has, at all times, burden of proving Defendant breached professional duty); Lunn v. Cummings & Lockwood, 1998 Conn. Super. LEXIS 1668 (1998), aff'd, 56 Conn. App. 363 (2000) (Plaintiff must prove attorney's negligence was proximate cause of injury).

Further, in the context of this particular claim, proximate cause between AIA's alleged "failure" to obtain KMLI and Third-Party Plaintiffs' alleged damages arising out of and related to the GAI is even more tenuous due to the fact that Mr. Empey's own doctor testified that Mr. Empey would not have qualified for KMLI. (October 12, 2004 Tr. at 38-42, 49-50.)

Because Third-Party Plaintiffs have failed to disclose evidence tending to show that AIA's alleged negligence was the proximate cause of their injuries or, at a very basic level, that Mr. Empey could have qualified for KMLI, Third-Party Plaintiffs have failed to meet the standard of proof required.

**E.    Third-Party Plaintiffs Cannot Establish Damages**

Finally, even if this Court concludes that an expert is not necessary and that Third-Party Plaintiffs have produced sufficient evidence to establish proximate cause, Third-Party Plaintiffs, nevertheless, cannot establish damages. As noted, the elements of a cause of action for negligence include the following: duty; breach of duty; causation; and damages. Because Third-Party Plaintiffs do not set forth a claim of damages that is separate and distinct from Safeco's claims against them, and because Safeco's claims were discharged in bankruptcy, it is impossible for Third-Party Plaintiffs to demonstrate damages.

**VI.    Third-Party Plaintiffs Cannot Establish The Essential Elements Of Negligent Misrepresentation Because They Cannot Establish Damages And Therefore, Summary Judgment In Favor Of AIA Should Enter**

The Third Count of the Complaint sets forth a claim of negligent misrepresentation against Associated Insurance Agency, Inc. ("AIA") by (1) LTI; (2)