George Gardella; and (3) Jessica Gardella.[7] Specifically, Third-Party Plaintiffs allege that AIA agreed to be their "exclusive representatives and spokesmen with any bonding companies" and that AIA had an obligation to provide accurate information to them concerning the application, procurement and underwriting of the Bonds. (See Third Count at ¶ 26.) Third-Party Plaintiffs allege, inter alia, that AIA negligently misrepresented that: (1) the bonds would not be issued until there was a life insurance policy on the life of Francis Empey with LTI as beneficiary; (2) the bonds would not be issued until the personal indemnity agreement of Francis Empey to Safeco was obtained; and (3) Safeco was provided with accurate information concerning LTI, Gardella and Empey. (See Third Count at ¶ 28.) The Third-Party Plaintiffs assert that AIA should have known that the representations allegedly made were false and, as a result of the negligent misrepresentations, they sustained damages.

A cause of action for fraud in the inducement is the same as a common law claim for fraudulent misrepresentation. See Dorsey v. Mancuso, 23 Conn. App. 629, 633, 583 A.2d 646 (1990), cert. denied, 217 Conn. 809, 585 A.2d 1234 (1991) (fraud in the inducement where defendant agreed not to bring paternity action if plaintiff transferred property interest to him, yet, filed paternity suit once he procured the deed). In order to put forth a claim for fraudulent misrepresentation, a plaintiff must plead: (1) a false representation was made as to a statement of fact; (2) the statement was untrue and known by the defendant to be untrue; (3) the statement was made to induce the plaintiff

---

[7] Because the Fifteenth Count alleging "misrepresentation" by LTI, George Gardella, and James Gardella is identical to the Negligent Misrepresentation Count, rather than repeat the argument, AIA incorporates by reference the argument with respect to the Third Count as if more fully set forth herein. Accordingly, summary judgment with respect to the Fifteenth Count should be granted.

to act; and (4) the plaintiff acted on the false representation to his or her detriment. Dorsey, at 633. Fraudulent inducement must be proven by "clear and satisfactory;" Miller v. Appleby, 183 Conn. 51, 55, 438 A.2d 811 (1981); or "clear, precise and unequivocal evidence." Kilduff v. Adams, Inc., 219 Conn. 314, 328, 593 A.2d 478 (1991).

WHEREFORE, because the essential element cannot be established, summary judgment in favor of AIA with respect to the negligent misrepresentation count must enter. Third-Party Plaintiffs cannot, as has previously been briefed, establish damages because their Complaint does not set forth a claim of damages that is separate and distinct from Safeco's claims against them, and because Safeco's claims were discharged in bankruptcy, it is impossible for Third-Party Plaintiffs to demonstrate proximate cause and damages.

### VII. Third-Party Plaintiffs LTI, George Gardella, and Jessica Gardella Cannot Establish The Essential Elements of A Claimed Violation of the Covenant of Good Faith And Fair Dealing And Therefore, Summary Judgment In Favor of AIA Should Enter

The Fourth Count of the Complaint sets forth a claim of negligent misrepresentation against Associated Insurance Agency, Inc. ("AIA"). This claim is asserted by the following Third-Party Plaintiffs: (1) Local Towing, Inc.; (2) George Gardella; and (3) Jessica Gardella. Third-Party Plaintiffs assert that AIA had an obligation to act in "good faith and to act fairly at all times" yet failed to do so in that AIA represented as follows:

- The bonds would not be issued until there was a life insurance policy on the life of Francis Empey;
- The bonds would not be issued until the personal indemnity agreement of Francis Empey was obtained;
- That the financial statement of Francis Empey was accurate;

22

- That the personal indemnity of Francis Empey had value; and
- That Sapochetti was competent to provide accurate, review [sic] financial statements.

(See Fourth Count at ¶ 24.) AIA, according to Third-Party Plaintiffs, breached their implied covenant of good faith and fair dealing "when they provided the above information and advice to Local and Gardella and when they represented Local and Gardella in dealing with Safeco." (See Fourth Count at ¶ 25.) This alleged breach caused the Third-Party Plaintiffs damages.

"Every contract carries an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other to receive the benefits of the agreement. . . . To constitute a breach of that covenant, the acts by which a defendant allegedly impedes the plaintiff's right to receive benefits that he or she reasonably expected to receive under the contract must have been taken in bad faith." Alexandru v. Strong, 81 Conn. App. 68, 80-81, 837 A.2d 875 (2004). Thus, as one Connecticut Superior Court has recently stated, "[a]n action for breach of the covenant of good faith and fair dealing requires proof of three essential elements . . . first that the plaintiff and the defendant were parties to a contract under which the plaintiff reasonably expected to receive certain benefits;" second, that "the defendant engaged in conduct that injured the plaintiff's right to receive some or all of those benefits; and third, that when committing the acts by which it injured the plaintiff's right to receive benefits it reasonably expected to receive under the contract, the defendant was acting in bad faith." Advanced Financial Services, Inc. v. Savers Property & Casualty Ins., 2005 Conn. Super. LEXIS 438 (2005) (Wagner, J.T.R.) In the context of a negligent misrepresentation claim, "[b]ad faith means more than mere negligence; it involves a dishonest purpose"

23

and "implies both actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive." Hudson United Bank v. Cinnamon Ridge Corp., 81 Conn. App. 557, 576-77, 845 A.2d 417 (2004) (internal quotation marks omitted.).

WHEREFORE, because, as with the previous Counts, the essential element cannot be established, summary judgment in favor of AIA must enter. Third-Party Plaintiffs cannot, as has previously been briefed, establish damages because their Complaint does not set forth a claim of damages that is separate and distinct from Safeco's claims against them, and because Safeco's claims were discharged in bankruptcy, it is impossible for Third-Party Plaintiffs to demonstrate proximate cause and damages.[8]

## VIII. Third-Party Plaintiffs LTI, George Gardella, and Jessica Gardella Cannot Establish The Essential Elements of The Fifth Count, A Claimed Violation of the Obligations of a Fiduciary, And Therefore, Summary Judgment In Favor of AIA Should Enter

The Fifth Count of the Complaint sets forth a claim that Associated Insurance Agency, Inc. ("AIA") violated the obligations of a fiduciary by LTI, George Gardella, and Jessica Gardella. In this Count, these Third-Party Plaintiffs assert, *inter alia*, that AIA had "special skill and knowledge in the area of contractor's bonds and represented to Local and Gardella that it would act [as their] exclusive representative in [AIA's]

---

[8] In addition, it bears noting that Third-Party Plaintiffs have failed to allege sufficient facts to support a claim for a breach of duty of good faith and fair dealing. Specifically, Third Party Plaintiffs have not sufficiently alleged how AIA acted in bad faith or misled LTI, nor have they alleged the interested or sinister motives compelling the AIA to breach its duty. Accordingly, summary judgment should be granted as a matter of law as to the Fourth Count of Third Party Plaintiff's Complaint.

dealings with bonding companies." (See Fifth Count at ¶ 23.) Further that AIA acted in a fiduciary capacity when they provided "advice, assistance, and guidance to Local and Gardella" and that AIA breached this fiduciary duty when it "broke their contracts, made misrepresentations, and provided inaccurate financial statements." (Id. at ¶¶ 28, 29.) As a result of this alleged breach, Third-Party Plaintiffs allege that they sustained damages.

"Connecticut has for many years recognized breach of fiduciary duty as an actionable tort." Beverly Hills Concepts v. Schatz & Schatz, Ribicoff, & Kotin, 1997 Conn. Super. LEXIS 178, 1997 Conn. Super. LEXIS 178, CV89-0369864-S, *71 (Hale, JTR)(discussing tort of breach of fiduciary duty in legal malpractice context). It is well settled that "a fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other." Macomber v. Travelers Property & Casualty Corp., 261 Conn. 620, 640, 804 A.2d 180 (2002). The meaning of what constitutes a fiduciary relationship has not been fully defined by the Connecticut Supreme Court. Macomber, 261 Conn. at 640. This is because the Connecticut Supreme Court has recognized that not all business relationships implicate the duty of a fiduciary and that certain relationships, as a matter of law, do not impose upon either party the duty of a fiduciary. Id. Rather, "[t]he existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." Gould v. Mellick & Sexton, 263 Conn. 140, 153, 819 A.2d 216 (2003). Further, "[t]he law will imply [fiduciary responsibilities] only where one party to a relationship is unable to fully protect its interests [or where one party has a high degree of control over the

property or subject matter of another] and the unprotected party has placed its trust and confidence in the other." Hi-Ho Tower, Inc. v. Com-Tronics, Inc., 255 Conn. 20, 41, 761 A.2d 1268 (2000) (brackets in original; internal quotation marks omitted). Finally, "[i]n a tort action, harm is a necessary element of the prima facie case. . . . If a party has suffered no demonstrable harm [it] therefore, has no cause of action in tort." News Am. Mktg. In-Store, Inc. v. Marquis, 86 Conn. App. 527, 535, 862 A.2d 837 (2004) (Citations omitted, internal quotation marks omitted) (holding that, as a tort, the common law action to recover for breach of loyalty, necessarily requires proof of harm).

    A.    **Third-Party Plaintiffs LTI, George Gardella, and Jessica Gardella Cannot Establish That AIA Owed Them A Fiduciary Duty**

Connecticut Appellate Courts have not addressed whether an insurance agent or broker, owes a fiduciary duty to an insured. Connecticut Superior Courts have held, however, that absent any evidence of a fiduciary relationship, an insurance broker does not owe any duty to advise an insured as to adequate insurance coverage. Grossenbacher v. Ericson Agency, 2000 Conn. Super. LEXIS 942 (DiPentima, J.). Under Connecticut law:

> An insurance broker is defined to mean any person who, for compensation, shall act or aid in any manner in negotiating contracts of insurance or in placing risks or soliciting or effecting insurance as agent for a person other than himself, and not as an officer, traveling salaried employee or duly licensed agent of an insurance company or as an insurance solicitor employed by a duly licensed agent. . . . Such broker acts as middleman between the insured and the insurer. Having secured an order, he places the insurance, in the absence of a selection by the insured, with the company selected by the broker. . . . He is the agent of the insured in negotiating for the policy. . . . As such he owes a duty to his principal to exercise reasonable skill, care, and diligence in effecting the insurance, and any negligence or other breach of duty on his part which defeats the insurance which he undertakes to secure will render him liable to his principal for the resulting loss. . . . Where

26

> he undertakes to procure a policy affording protection against a designated risk, the law imposes upon him an obligation to perform with reasonable care the duty he has assumed, and he may be held liable for loss properly attributable to his default.

Ursini v. Goldman, 118 Conn. 554, 559, 173 A. 789 (1934) (citations omitted, internal quotation marks omitted.) "When procuring insurance for a person such as the plaintiff, a broker becomes the agent of that person for that purpose. . . . Once that purpose is accomplished, however, and the insurance is procured, the agency relationship between the insured and the broker terminates, and the broker is without any authority to do anything which further affects the insured unless expressly or impliedly authorized by the insured to do so." Lewis v. Michigan Millers Mut. Ins. Co., 154 Conn. 660, 664, 228 A.2d 803 (1967) (carrier should have known not to rely on broker's request that the carrier transfer coverage to a different address because broker's authority to act for the plaintiff ended upon procurement of initial policy and insured did not give him authority to act on her behalf after initial policy secured)

In this instance, AIA acted as an insurance broker and therefore, its duty to LTI, George Gardella, and Jessica Gardella ended when the GAI/bonds were procured. The allegations regarding the alleged breach of fiduciary duty set forth in the Third-Party Complaint concern alleged acts and omissions occurring <u>after</u> the bonds had been issued. Because of this, Third-Party Plaintiffs cannot establish that AIA breached its fiduciary duty to them because AIA's duty ended long before the alleged breach.

B.  **Third-Party Plaintiffs LTI, George Gardella, and Jessica Gardella Cannot Establish Breach Of A Fiduciary Duty Because They Have Not Disclosed An Expert On This Issue**

In order to establish that AIA breached its fiduciary duty to LTI, George Gardella, and Jessica Gardella, these Third-Party Plaintiffs must disclose an expert to establish the contours of the fiduciary relationship and the manner in which that relationship was allegedly breached. As one court stated, "because of the increasing complexity of the insurance industry and the specialized knowledge required to understand all of the intricacies, the relationship between the insurance agent and a client is often a fiduciary one." Sobotor v. Prudential Property & Co., Inc., 200 N.J. Super. 333, 341, 491 A.2d 737 (1984). And, when a topic requiring special experience of an expert forms a main issue in the case, the evidence on that issue must contain expert testimony or is will not suffice. Sickmund v. Connecticut Co., 122 Conn. 375, 379, 189 A. 876 (1937) (plaintiff failed to establish that her injuries were caused by a slip and fall rather than due to a pre-existing burn, and, therefore, could not establish proximate cause to sustain a jury verdict in her favor); Monterose v. Cross, 60 Conn. App. 655, 658, 760 A.2d 1013 (2000) (trial court erred in failing to charge the jury regarding the standard of care applicable to a rigger where plaintiffs injuries occurred in conjunction with the duties he performed as a rigger).

In this case, the issues related to the purported fiduciary duty AIA owed LTI, George Gardella, and Jessica Gardella are even more complex because there is no controlling Connecticut law which provides that a duty is owed *after* the bond was issued. Moreover, because there are two insurance agencies involved – AIA and Melwaine – the issues related to the applicable standard of care/contours of the fiduciary duty is all the more necessary in this case.

### C. Even if This Court Concludes That AIA Owed Third-Party Plaintiffs LTI, George Gardella, and Jessica Gardella A Fiduciary Duty, This Claim Must Fail Because They Cannot Establish Damages

As set forth above, Third-Party Plaintiffs LTI, George Gardella, and Jessica Gardella cannot establish that they have sustained damages as a result of the alleged breach of fiduciary duty for the following two reasons. First, their claims are derivative of Safeco's claims against them and, because Safeco's claims were discharged in bankruptcy, under no circumstances may Safeco recover a judgment. If there is no judgment, there are no damages. Second, they have failed to disclose a damages analysis or any evidence that would tend to support such a claim. Without evidence on this issue, or expert testimony, it cannot be said that they have satisfied the essential elements of their claims. Therefore, summary judgment in favor of AIA should enter.

WHEREFORE, Third-Party Plaintiffs LTI, George Gardella and Jessica Gardella cannot establish the essential elements of a breach of fiduciary duty claim because: (1) the duty ended prior to the conduct that forms the basis of the alleged breach claim; (2) no expert has been disclosed who will establish, if in fact a fiduciary duty existed and if so, how it was breached; and (3) they cannot establish damages.

### IX. Summary Judgment In Favor Of AIA On The Sixth Count, Negligence, Should Enter Because James Gardella's Claim Was Commenced Outside The Statute Of Limitations. In the Alternative, James Gardella Has Not Disclosed Any Expert Witnesses And Cannot Establish Damages.

In order to sustain this negligence claim against AIA, Third-Party Plaintiff James Gardella must plead and prove: (1) that the insurance agent had a duty to him; (2) that the agent breached that duty; (3) that this breach was the proximate cause of his injuries; and (4) actual damages. Bonan v. Goldring Home Inspections, Inc., 68 Conn. App. 862, 871, 794 A.2d 997 (2002). If a plaintiff cannot prove all of those elements, the cause of

action fails. Santopietro v. New Haven, 239 Conn. 207, 225, 682 A.2d 106 (1996). It is AIA's position that because Gardella's claim was made more than three years after the alleged act or omission, his claim is subject to a Motion for Summary Judgment. In the alternative, with respect to the essential elements of a negligence claim, AIA disputes the allegation that it had a to James Gardella because he was nothing more than an indemnitor on the GAI issued for the benefit of LTI. Moreover, because Gardella has not disclosed an expert nor is there any evidence of damages, his negligence claim must fail as a matter of law.

> **A.  James Gardella's Negligence Claim Was Commenced Outside The Applicable Statute of Limitations**

"Summary judgment may be granted where a claim is barred by the statute of limitations" Doty v. Mucci, 238 Conn. 800, 806, 679 A.2d 945 (1995), as long as the material facts concerning the statute of limitations are not in dispute. Burns v. Hartford Hospital, 192 Conn. 451, 452, 472 A.2d 1257 (1984). Further, claims of negligence are governed by the general tort statute, Conn. Gen. Stat. § 52-577. This statute provides, *inter alia*, that no tort action "shall be brought but within three years from the act or omission complained of." Conn. Gen. Stat. § 52-577 is an "occurrence statute" which means "that the time period within which a plaintiff must commence an action begins to run at the moment the act or omission complained of occurs." Collum v. Chapin, 40 Conn. App. 449, 451, 671 A.2d 1329 (1996). Thus, the controlling date for accrual purposes with respect to James Gardella's negligence claim is the date of the act or omission complained of as opposed to the date of any consequences caused by the act or omission. Shuster v. Buckley, 5 Conn. App. 473, 477-79, 500 A.2d 240 (1985).

As set forth in the statement of undisputed facts, James Gardella testified that in "February or March" 2000, he had a conversation with Fred Smith, an AIA employee at the time, during which he advised Smith that he did not want to be involved with the indemnification of any LTI jobs that occurred outside the continental United States. (See December 7, 2004 Transcript of James Gardella's Deposition at 44-45.) The very basis of Gardella's negligence claim against AIA is that, following this request, AIA failed to remove him from the GAI. Therefore, the statute of limitations for any damages arising out of or related to this particular act of negligence would commence sometime in March 2000 at the very latest. Because the accrual of the cause of action commenced in March 2000, given the three-year statute of limitations, any claims arising out of or related to the alleged negligence should have been commenced before March 2003. In this case, the Third-Party Complaint was not commenced until May 14, 2003 – approximately two months after the statute of limitations ran.

Because James Gardella's claim of negligence was commenced *after* the statute of limitations ran, Summary Judgment in favor of AIA should enter.

    **B.**    **James Gardella Failed To Disclose A Standard Of Care Expert And Therefore Cannot Establish The Essential Elements Of A Negligence Claim**

By way of background, "[a]n insurance broker is one who acts as a middleman between the insured and insurer and who solicits insurance from the public . . . who either places an order for insurance with a company selected by the insured, or, in the absence of such selection, with a company the broker selects." Lewis v. Michigan Millers Mutual Ins. Co., 154 Conn. 660, 664, 228 A.2d 803 (1967). And, "[w]hen procuring insurance . . . . a broker becomes the agent of that person for that purpose." Id. "As such he owes a

duty to his principal to exercise reasonable skill, care, and diligence in effecting the insurance, and any negligence or other breach of duty on his part which defeats the insurance which he undertakes to secure will render him liable to his principal for the resulting loss." Ursini v. Goldman, 118 Conn. 554, 559-60, 173 A. 789 (1934). (Citation omitted.) The question, however, is which standard of care governs this particular claim against AIA.

In an action claiming professional negligence, the general rule in Connecticut is that expert testimony is required to prove the standard of care. Todd v. Malafronte, 3 Conn. App. 16, 19 (1984) (opinion by one with special knowledge of the sale of insurance regarding standard of care required in action claiming negligence against insurance agent.); Weaver v. Apuzzo, 2005 U.S. Dist. LEXIS 5303, * 15 (plaintiff required to present expert testimony to establish applicable standard of care and to evaluate attorney's actions in light of that standard); Grody v. Tulin, 170 Conn. 443, 448-49 (1976) (evidence showing malpractice to be cause of death must be introduced through expert witness); see also Connecticut Code of Evidence § 7-2 (2002). In particular, the testimony of an expert witness is necessary to establish:

    (1)    The standard of proper professional skill or care required on the part of the professional;

    (2)    That Defendants failed to conform to that standard of care; and

    (3)    That the breach was the proximate cause of the injuries suffered by Plaintiff.

Schlnitz v. Greenberg, 200 Conn. 58, 66 (1986); Mather v. Griffin Hospital, 207 Conn. 125, 131 (1988); and Beverly Hills Concepts v. Schatz & Schatz, Ribicoff & Kotkin, 1997 Conn. Super. LEXIS 178 (1997).

In this case, James Gardella has not disclosed a standard of care expert or, for that matter, any experts and therefore, his claim of negligence as to AIA must fail because, under no set of circumstances, will he be able to establish essential elements of his claim including the standard of care, breach of that standard, or that the breach was the proximate cause of their injuries. See Nora Beverages, Inc. v. Perrier Group of Am., Inc., 164 F.3d 736, 742 (2d Cir. 1998) (holding that summary judgment is appropriate where the non-moving party fails to present evidence as to issues on which he bears the burden of proof).

### C. James Gardella Failed To Disclose A Damages Expert

In professional malpractice cases, expert testimony is required to establish damages and, failure to produce that testimony is fatal. Celentano v. Grudberg, 76 Conn. App. 119, 125-26, cert. denied, 264 Conn. 904, 823 (2003), (expert testimony required to prove damages in the context of a legal malpractice claim); see also Rosato v. Mascardo, 82 Conn. App. 396, 409 (2004) (expert testimony required to prove damages in the context of a medical malpractice claim). This is because evidence that clearly involves "specialized knowledge" is the proper subject of expert testimony. See Fed. R. Evid. 702. Therefore summary judgment is appropriate where Plaintiff cannot present the requisite expert testimony. Law v. Camp, 116 F. Supp. 2d 295 (D.Conn. 2000); Lyons v. Fairfax Props., 2004 U.S. Dist. LEXIS 5523, 32 Employee Benefits Cas. (BNA) 2889 (2004) (summary judgment appropriate where failure to disclose expert on the subject of financial damages renders plaintiff unable to prove ascertainable loss).

In this case expert testimony with respect to damages is particularly significant because James Gardella failed to disclose a damages analysis and evidence supporting

such a claim. Moreover, James Gardella's claimed damages are complex and necessarily involve a myriad of questions of a technical or specialized nature in order to prove that the conduct of AIA caused the financial damage allegedly sustained and to permit a quantification of said damage.

The claimed damages, and the evidence necessary to establish the amount of damages, are clearly beyond the scope of ordinary expertise or experience of the average citizen. See Certain Underwiters at Lloyd's v. Sinkovich, 232 F.3d 200, 203 (4th Cir. 2000) (Rule 701 "generally does not permit a lay witness to express an opinion as to matters which are beyond the realm of common experience and which require the special skill and knowledge of an expert witness."); Doddy v. Oxy USA Inc., 101 F.3d 448, 460 (5th Cir. 1996) ("a person may testify as a lay witness only if his opinions or inferences do not require any specialized knowledge and could be reached by any ordinary person."). Thus, without the requisite expert, James Gardella cannot sustain his burden of proof with respect to damages.

### D. James Gardella Should Not Be Permitted To Disclose An Expert At This Late Date To Avoid Summary Judgment.

In this case, the Scheduling Order required James Gardella to disclose experts by November 4, 2003, however, as of this date, he has failed to disclose any experts at all. As set forth in AIA's renewed Motion to Preclude, Fed. R. Civ. P. 26(a)(2)(C) provides that "expert witness disclosures shall be made either at the time directed by the court or agreed to by stipulation." A party who fails to disclose an expert witness "without substantial justification . . . shall not, unless such failure is harmless, be permitted to use as evidence at a trial . . . any witness . . . not so disclosed." Fed. R. Civ. P. 37(c)(1). Compliance with Rule 26 is essential for "the elimination of unfair surprise to the

opposing party and the conservation of resources." Sylla-Sawdon v. Uniroyal Goodrich Tire Co., 47 F.3d 277, 284 (8th Cir.), cert. denied, 133 L. Ed. 2d 42, 116 S. Ct. 84 (1995).; see also Hyun v. South Kent Sch., 1997 U.S. Dist. LEXIS 14622 (D. Conn. 1997). In this case, Third-Party Plaintiffs have no justification for failing to disclose an expert more than two years after commencing the action against AIA and, to permit a disclosure at this late date would certainly be prejudicial given the Fall 2005 trial date.

With the foregoing in mind, Third-Party Plaintiff James Gardella should not be permitted to disclose an expert witness and, without said expert, they cannot – as a matter of law – meet the essential elements of the negligence claim.

WHEREFORE, summary judgment in favor of AIA should enter because the negligence claim of James Gardella was commenced outside the three year statute of limitations. In the alternative, James Gardella cannot establish the essential elements of a negligence claim because he has not disclosed an expert who will establish that: (1) AIA owed him a duty; (2) what the applicable standard of care is; (3) in what way AIA breached that standard of care; and (4) what the damages are arising out of and related to the alleged breach.

## CONCLUSION

For the foregoing reasons, AIA's Motion for Summary Judgment as to each and every Count against it should be granted because Third-Party Plaintiffs will not be able to establish the essential elements of their claims.

THIRD-PARTY DEFENDANT,
ASSOCIATED INSURANCE AGENCY, INC.

_____
James L. Brawley– CT 17321
Tracey Lane Russo– CT 19865
MORRISON MAHONEY LLP
One Constitution Plaza, 10th Floor
Hartford, CT 06106
Phone: (860) 616-4441

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, via U.S. mail, to the following parties of record, postage prepaid this same date as follows:

Benjamin D. Lentz, Esq.
Sean Kelly, Esq.
Torre, Lentz, Gamell, Gary & Rittmaster
100 Jericho Quadrangle, Suite 309
Jericho, NY 11753-2702

Constantine G. Antipas, Esq.
The Antipas Law Firm
One Fort Hill Road
Groton, CT 06340

Duncan B. Hume, Esq.
Hume & Associates
One Landmark Square, Suite 525
Stamford, CT 06901

James J. Farrell, Esq.
8 Elm Street
Norwalk, CT 06850

Luigi Spadafora, Esq.
Winget Spadafora & Schwartzberg
45 Broadway, 19th Floor
New York, NY 100006

Dianna D. McCarthy, Esq.
Winget Spadafora & Schwartzberg
45 Broadway, 19th Floor
New York, NY 100006

Tracey Lane Russo– CT 19865



'(Official Form 1) (12/02)

| FORM B1 | United States Bankruptcy Court<br>District of Connecticut | Voluntary Petition |
|---|---|---|
| Name of Debtor (if individual, enter Last, First, Middle):<br>Gardella, George Christopher | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>Hellqvist-Gardella, Jessica Elisabeth | |
| All Other Names used by the Debtor in the last 6 years (include married, maiden, and trade names):<br>d/b/a Local Towing | All Other Names used by the Joint Debtor in the last 6 years (include married, maiden, and trade names):<br>Jessica Hellqvist | |
| Soc. Sec./Tax I.D. No. (if more than one, state all):<br>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 | Soc. Sec./Tax I.D. No. (if more than one, state all):<br>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 | |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>41 Turkey Plain Road<br>Bethel, CT 06801 | Street Address of Joint Debtor (No. & Street, City, State & Zip Code):<br>41 Turkey Plain Road<br>Bethel, CT 06801 | |
| County of Residence or of the Principal Place of Business: Fairfield | County of Residence or of the Principal Place of Business: Fairfield | |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address):<br>03  51326 AJWJ  | |
| Location of Principal Assets of Business Debtor Cove Marina<br>(if different from street address above):   Norwalk, CT |  | |

### Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)
■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| Type of Debtor (Check all boxes that apply) | | Chapter or Section of Bankruptcy Code Under Which the Petition is Filed (Check one box) | | |
|---|---|---|---|---|
| ■ Individual(s) | ☐ Railroad | ■ Chapter 7 | ☐ Chapter 11 | ☐ Chapter 13 |
| ☐ Corporation | ☐ Stockbroker | ☐ Chapter 9 | ☐ Chapter 12 | |
| ☐ Partnership | ☐ Commodity Broker | ☐ Sec. 304 - Case ancillary to foreign proceeding | | |
| ☐ Other_____ | ☐ Clearing Bank | | | |

| Nature of Debts (Check one box) | Filing Fee (Check one box) |
|---|---|
| ☐ Consumer/Non-Business    ■ Business | ■ Full Filing Fee attached<br>☐ Filing Fee to be paid in installments (Applicable to individuals only.) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3. |
| **Chapter 11 Small Business** (Check all boxes that apply)<br>☐ Debtor is a small business as defined in 11 U.S.C. § 101<br>☐ Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional) | |

**Statistical/Administrative Information** (Estimates only)
■ Debtor estimates that funds will be available for distribution to unsecured creditors.
☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|---|
| | ☐ | ■ | ☐ | ☐ | ☐ | ☐ |

| Estimated Assets | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ |

| Estimated Debts | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ |

#1                                                              copy

(Official Form 1) (12/02)

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Gardella, George Christopher**<br>**Hellqvist-Gardella, Jessica Elisabeth** | FORM B1, Page 2 |
|---|---|---|

### Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet)

| Location Where Filed: **- None -** | Case Number: | Date Filed: |
|---|---|---|

### Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor:<br>**- None -** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

## Signatures

**Signature(s) of Debtor(s) (Individual/Joint)**
I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor **George Christopher Gardella**

X _____
Signature of Joint Debtor **Jessica Elisabeth Hellqvist-Gardella**

Telephone Number (If not represented by attorney)

**September 23, 2003**
Date

X _____
**Signature of Attorney**
Signature of Attorney for Debtor(s)
**Kenneth E. Lenz Fed. Bar #ct06417**
Printed Name of Attorney for Debtor(s)
**Lenz Law Firm, L.L.C.**
Firm Name
**P.O. Box 965**
**35 Old Tavern Rd., Ste. 1-2**
**Orange, CT 06477-0965**
Address
**(203) 891-9800  Fax: (203) 799-0681**
Telephone Number
**September 23, 2003**
Date

**Signature of Debtor (Corporation/Partnership)**
I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.
The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

**Exhibit A**
(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)
☐ Exhibit A is attached and made a part of this petition.

**Exhibit B**
(To be completed if debtor is an individual whose debts are primarily consumer debts)
I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X _____
Signature of Attorney for Debtor(s)     Date

**Exhibit C**
Does the debtor own or have possession of any property that poses a threat of imminent and identifiable harm to public health or safety?
☐ Yes, and Exhibit C is attached and made a part of this petition.
■ No

**Signature of Non-Attorney Petition Preparer**
I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X _____
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.