In re   George Christopher Gardella,                                   Case No. _____
        Jessica Elisabeth Hellqvist-Gardella
                                              Debtors

# SCHEDULE H. CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse on this schedule. Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of this case.

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| James Gardella<br>19 Shore Haven Rd.<br>Norwalk, CT 06855<br>  Debtor George Gardella's father | Safeco Insurance<br>% Constantine G. Antipas<br>The Antipas Law Firm<br>One Fort Hill Rd.<br>Groton, CT 06340-4799 |
| Local Towing, Inc.<br>Beach Road<br>Norwalk, CT 06855 | Safeco Insurance<br>% Constantine G. Antipas<br>The Antipas Law Firm<br>One Fort Hill Rd.<br>Groton, CT 06340-4799 |

   __0__ continuation sheets attached to Schedule of Codebtors

In re  **George Christopher Gardella,**                                    Case No. _____
       **Jessica Elisabeth Hellqvist-Gardella**
_____,
                                   Debtors

## SCHEDULE I. CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| Married | NAMES<br>Hanna Gardella<br>Eric Gardella | AGE<br>2<br>4 | RELATIONSHIP<br>daughter<br>Son |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | Marine contractor | |
| Name of Employer | Muga Marine Contracting | Unemployed |
| How long employed | 6 mos | |
| Address of Employer | 348 Waterview Ave.<br>Bridgeport, CT 06608 | |

| INCOME: (Estimate of average monthly income) | DEBTOR | SPOUSE |
|---|---|---|
| Current monthly gross wages, salary, and commissions (pro rate if not paid monthly) | $ 3,033.33 | $ 0.00 |
| Estimated monthly overtime | $ 0.00 | $ 0.00 |
| SUBTOTAL | $ 3,033.33 | $ 0.00 |
| LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $ 325.00 | $ 0.00 |
| b. Insurance | $ 0.00 | $ 0.00 |
| c. Union dues | $ 0.00 | $ 0.00 |
| d. Other (Specify)_____ | $ 0.00 | $ 0.00 |
|  | $ 0.00 | $ 0.00 |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $ 325.00 | $ 0.00 |
| TOTAL NET MONTHLY TAKE HOME PAY | $ 2,708.33 | $ 0.00 |
| Regular income from operation of business or profession or farm (attach detailed statement) | $ 0.00 | $ 0.00 |
| Income from real property | $ 0.00 | $ 0.00 |
| Interest and dividends | $ 0.00 | $ 0.00 |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ 0.00 | $ 0.00 |
| Social security or other government assistance (Specify) _____ | $ 0.00 | $ 0.00 |
|  | $ 0.00 | $ 0.00 |
| Pension or retirement income | $ 0.00 | $ 0.00 |
| Other monthly income (Specify) _____ | $ 0.00 | $ 0.00 |
|  | $ 0.00 | $ 0.00 |
| TOTAL MONTHLY INCOME | $ 2,708.33 | $ 0.00 |

TOTAL COMBINED MONTHLY INCOME    $ __2,708.33__         (Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

In re  George Christopher Gardella,                                    Case No. _____
       Jessica Elisabeth Hellqvist-Gardella
       _____,
                         Debtors

# SCHEDULE J. CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| Item | Amount |
|---|---|
| Rent or home mortgage payment (include lot rented for mobile home) | $ 2,400.00 |
| Are real estate taxes included?   Yes   X    No ___ | |
| Is property insurance included?   Yes   X    No ___ | |
| Utilities: Electricity and heating fuel | $ 140.00 |
| Water and sewer | $ 0.00 |
| Telephone | $ 90.00 |
| Other ___ | $ 0.00 |
| Home maintenance (repairs and upkeep) | $ 50.00 |
| Food | $ 500.00 |
| Clothing | $ 100.00 |
| Laundry and dry cleaning | $ 0.00 |
| Medical and dental expenses | $ 10.00 |
| Transportation (not including car payments) | $ 165.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | $ 60.00 |
| Charitable contributions | $ 0.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | |
| Homeowner's or renter's | $ 0.00 |
| Life | $ 0.00 |
| Health | $ 0.00 |
| Auto | $ 125.00 |
| Other ___ | $ 0.00 |
| Taxes (not deducted from wages or included in home mortgage payments) | |
| (Specify) **Motor vehicle taxes** | $ 34.00 |
| Installment payments: (In chapter 12 and 13 cases, do not list payments to be included in the plan.) | |
| Auto | $ 0.00 |
| Other ___ | $ 0.00 |
| Other ___ | $ 0.00 |
| Other ___ | $ 0.00 |
| Alimony, maintenance, and support paid to others | $ 0.00 |
| Payments for support of additional dependents not living at your home | $ 0.00 |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ 0.00 |
| Other ___ | $ 0.00 |
| Other ___ | $ 0.00 |
| TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | $ 3,674.00 |

[FOR CHAPTER 12 AND 13 DEBTORS ONLY]
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

A. Total projected monthly income ........................................... $  N/A
B. Total projected monthly expenses ........................................ $  N/A
C. Excess income (A minus B) .............................................. $  N/A
D. Total amount to be paid into plan each _____ ..... $  N/A
                                              (interval)

# United States Bankruptcy Court
## District of Connecticut

In re  George Christopher Gardella
     Jessica Elisabeth Hellqvist-Gardella
                                    Debtor(s)

Case No. _____
Chapter  7

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __22__ sheets *[total shown on summary page plus 1]*, and that they are true and correct to the best of my knowledge, information, and belief.

Date  **September 23, 2003**       Signature  _/s/ George Christopher Gardella_
                                              **George Christopher Gardella**
                                              Debtor

Date  **September 23, 2003**       Signature  _/s/ Jessica H. Gardella_
                                              **Jessica Elisabeth Hellqvist-Gardella**
                                              Joint Debtor

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Form 7
(9/00)

# United States Bankruptcy Court
## District of Connecticut

In re: George Christopher Gardella
Jessica Elisabeth Hellqvist-Gardella
                Debtor(s)

Case No. _____
Chapter   7

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None ☐   State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE (if more than one) |
|---|---|
| $7,000.00 | 2003 YTD husband's income from employment |
| $2,008.00 | 2003 YTD wife's income from Summer job |
| $40,000.00 | 2002 husband's income from employment |
| $90,000.00 | 2001 husband's income from employment |
| $2,000.00 | 2003 YTD husband's income from odd jobs |

**2. Income other than from employment or operation of business**

None ■   State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

      AMOUNT                   SOURCE

### 3. Payments to creditors

None ■ a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within **90 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ■ b. List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None ☐ a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Safeco Insurance Cos. v. Gardella, et al, 302P.O. Box 4093091966-AJC | suit on surety bond default | U.S. District Court, Dist of Conn. | pending |
| Manufacturers & Traders Bank v. GardellaCV-03-0347793-S | Foreclosure | Superior Court, Danbury | judgment, sale of property pending |
| First Source Bank v. debtors, | civil suit | U.S. District Court, Hartford, CT | judgment |
| Local Towing, Inc. and George Gardella v. U.S.Virgin Islands Public Works Dept., Civil Claim #200310087 F/R | construction claim | U.S. District Court, St. Croix | pending |
| Lease Comm v. debtor and Local Towing, Inc. | Collection case | Superior Court, J.D. Fairfield at Bridgeport | default judgment |
| Rasmussen v. George Gardella and LTI | civil collection | Louisanna | default judgment |
| Madison Funding v. debtors | lease collection | Superior Court, Stamford, CT | judgment |

None ■ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

3

**5. Repossessions, foreclosures and returns**

None ☐ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| M & T Mortgage Corp.<br>PO Box 1288<br>NY 14249-1288 | 9/26/03 | Residence at 41 Turkey Plain Rd., Bethel, CT, valued at $400,000 |

**6. Assignments and receiverships**

None ■ a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ■ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None ■ List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8. Losses**

None ■ List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

4

### 9. Payments related to debt counseling or bankruptcy

None ☐ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Lenz Law Firm, L.L.C.<br>P.O. Box 965<br>35 Old Tavern Rd., Ste. 1-2<br>Orange, CT 06477-0965 | 9/23/03 | $375.00 |

### 10. Other transfers

None ■ List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

### 11. Closed financial accounts

None ■ List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE AND NUMBER OF ACCOUNT AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

### 12. Safe deposit boxes

None ■ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

### 13. Setoffs

None ■ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

### 14. Property held for another person

None ■ List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

5

**15. Prior address of debtor**

None ■ If the debtor has moved within the **two years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

ADDRESS                              NAME USED                              DATES OF OCCUPANCY

**16. Spouses and Former Spouses**

None ■ If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the **six-year period** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None ■ a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■ c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

6

**18. Nature, location and name of business**

None ☐ a. If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

    If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the **six years** immediately preceding the commencement of this case.

    If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

| NAME | TAXPAYER I.D. NUMBER | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| Local Towing, Inc. | 06-1076262 | 48 Beach Rd. Norwalk, CT 06855 | marine contracting | 5/19/83 to 2002 |
| Sheffield Marine & Equipment, Inc. | | 48 Beach Rd. Norwalk, CT 06855 | marine equipment rental, subcontracting | 1997 to 2002 |

None ■ b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                      ADDRESS

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within the **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or otherwise self-employed.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None ☐ a. List all bookkeepers and accountants who within the **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| Kenneth Ayers, CPA Wilton, CT | 1998-2001 tax preparation |
| Michael Kessler, CPA | pre-1998 |

None ■ b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                      ADDRESS                      DATES SERVICES RENDERED

None ■ c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                      ADDRESS

7

None ☐    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the **two years** immediately preceding the commencement of this case by the debtor.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|
| CIT Group | **debtor is uncertain, but believes it probably a financial statement was issued to the creditor in 1999** |

### 20. Inventories

None ■    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|

None ■    b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

### 21. Current Partners, Officers, Directors and Shareholders

None ■    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None ☐    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| **George C. Gardella**<br>**41 Turkey Plains Rd.**<br>**Bethel, CT 06801** | **President** | **90% stock ownership** |
| **James Gardella**<br>**19 Shore Haven Rd.**<br>**Norwalk, CT 06855** | **Vice-president** | **10% stock ownership** |

### 22. Former partners, officers, directors and shareholders

None ■    a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ■    b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

8

**23. Withdrawals from a partnership or distributions by a corporation**

None ■ If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**24. Tax Consolidation Group.**

None ■ If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the **six-year period** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER |
|---|---|

**25. Pension Funds.**

None ■ If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within the **six-year period** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER |
|---|---|

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date **September 23, 2003**     Signature _/s/ George Christopher Gardella_
George Christopher Gardella
Debtor

Date **September 23, 2003**     Signature _/s/ Jessica H. Gardella_
Jessica Elisabeth Hellqvist-Gardella
Joint Debtor

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

Official Form 8
(9/97)

# United States Bankruptcy Court
## District of Connecticut

In re George Christopher Gardella
Jessica Elisabeth Hellqvist-Gardella
Debtor(s)

Case No. _____
Chapter 7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

1. I have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate.

2. I intend to do the following with respect to the property of the estate which secures those consumer debts:

   a. *Property to Be Surrendered.*

   **Description of Property**                **Creditor's name**
   -NONE-

   b. *Property to Be Retained*                                    *[Check any applicable statement.]*

| | Description of Property | Creditor's Name | Property is claimed as exempt | Property will be redeemed pursuant to 11 U.S.C. § 722 | Debt will be reaffirmed pursuant to 11 U.S.C. § 524(c) |
|---|---|---|---|---|---|
| 1. | Dell computer system | Dell Financial Services | | | X |
| 2. | Single-family residence at 41 Turkey Plain Rd., Bethel, CT, debtors and family's principal residence | First Source Bank | X (avoid lien) | | |
| 3. | Single-family residence at 41 Turkey Plain Rd., Bethel, CT, debtors and family's principal residence | Madison Funding Corp. | X (avoid lien) | | |
| 4. | Single-family residence at 41 Turkey Plain Rd., Bethel, CT, debtors and family's principal residence | CIT Group/Consumer Finance | Debtor will retain collateral and continue to make regular payments. | | |
| 5. | Single-family residence at 41 Turkey Plain Rd., Bethel, CT, debtors and family's principal residence | M & T Mortgage Corp. | Debtor will retain collateral and continue to make regular payments. | | |
| 6. | Single-family residence at 41 Turkey Plain Rd., Bethel, CT, debtors and family's principal residence | Margaret Gardella | Debtor will retain collateral and continue to make regular payments. | | |
| 7. | Single-family residence at 41 Turkey Plain Rd., Bethel, CT, debtors and family's principal residence | Tax Collector - Town of Bethel | Debtor will retain collateral and continue to make regular payments. | | |

Date September 23, 2003         Signature _____
                                 George Christopher Gardella
                                 Debtor

Date September 23, 2003         Signature _____
                                 Jessica Elisabeth Hellqvist-Gardella
                                 Joint Debtor

## United States Bankruptcy Court
### District of Connecticut

In re  **George Christopher Gardella**
     **Jessica Elisabeth Hellqvist-Gardella**                                  Case No. _____
                                        Debtor(s)                              Chapter  **7**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.  Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    | | |
    |---|---|
    | For legal services, I have agreed to accept | $  1,400.00 |
    | Prior to the filing of this statement I have received | $  600.00 |
    | Balance Due | $  800.00 |

2.  $ **200.00** of the filing fee has been paid.

3.  The source of the compensation paid to me was:

    ■ Debtor      ☐ Other (specify):

4.  The source of compensation to be paid to me is:

    ■ Debtor      ☐ Other (specify):

5.  ■  I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐  I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6.  In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
    a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d. [Other provisions as needed]

7.  By agreement with the debtor(s), the above-disclosed fee does not include the following service:
    **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods. Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:  _9/15/03_                      _/s/ Kenneth E. Lenz_
                                       Kenneth E. Lenz
                                       Lenz Law Firm, L.L.C.
                                       P.O. Box 965
                                       35 Old Tavern Rd., Ste. 1-2
                                       Orange, CT 06477-0965
                                       (203) 891-9800  Fax: (203) 799-0681

# United States Bankruptcy Court
### District of Connecticut

In re    George Christopher Gardella
       Jessica Elisabeth Hellqvist-Gardella                    Case No. _____

                                                            Debtor(s)            Chapter    7

## VERIFICATION OF CREDITOR MATRIX

The above-named Debtors hereby verify that the attached list of creditors is true and correct to the best of their knowledge.

Date: **September 23, 2003**

                              George Christopher Gardella
                              Signature of Debtor

Date: **September 23, 2003**

                              Jessica Elisabeth Hellqvist-Gardella
                              Signature of Debtor



Form B18 (Official Form 18)(9/97)

# United States Bankruptcy Court

District of Connecticut
Case No. 03-51326
Chapter 7

In re: (Name of Debtor)(s)
George Christopher Gardella
dba Local Towing
41 Turkey Plain Road
Bethel, CT 06801

Social Security No.:
xxx-xx-0682

Employer's Tax I.D. No.:

Jessica Elisabeth Hellqvist-Gardella
aka Jessica Hellqvist
41 Turkey Plain Road
Bethel, CT 06801

xxx-xx-2974

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED :**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

BY THE COURT

Dated: 1/19/04

*Deborah S. Hunt* (signature)

Deborah S. Hunt, Clerk of Court
United States Bankruptcy Court

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

FORM B18 continued (7/97)

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:]* [There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts that are Not Discharged.

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts that are in the nature of alimony, maintenance, or support;

c. Debts for most student loans;

d. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

e. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle while intoxicated;

f. Some debts which were not properly listed by the debtor;

g. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

h. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts.

This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.

**BAE SYSTEMS**
Enterprise Systems Incorporated
11487 Sunset Hills Road
Reston, Virginia 20190-5234

# CERTIFICATE OF SERVICE

```
District/off: 0205-5        User: admin           Page 1 of 2            Date Rcvd: Jan 20, 2004
Case: 03-51326              Form ID: B18          Total Served: 60
```

The following entities were served by first class mail on Jan 22, 2004.
```
db            George Christopher Gardella,    41 Turkey Plain Road,    Bethel, CT  06801
db            Jessica Elisabeth Hellqvist-Gardella,    41 Turkey Plain Road,    Bethel, CT  06801
aty           Constantine G. Antipas,    The Antipas Law Firm,    One Fort Hill Road,    Groton, CT  06340-4799
aty           Jeffrey J. Hardiman,    Shechtman Halperin Savage, LLP,    800 Village Walk #319,
               Guilford, CT  06437
aty           Kenneth E. Lenz,    The Lenz Law Firm,    P.O. Box 965,    35 Old Tavern Road, Suite 1-2,
               Orange, CT  06477
aty           Thomas J. Farrell,    Hunt Leibert Chester & Jacobson, P.C.,    50 Weston Street,
               Hartford, CT  06120
tr            Eric Lopez,    P.O. Box 29,    Milford, CT  06460
3100137       ARS,    1699 Wall St. Ste. 300,    Mount Prospect IL 60056-5788
3100134       Alegis Group L.P.,    9700 Bissonnet Ste. 2000,    Houston TX 77036
3100135       Allergy & Asthma Assoc.,    Cornerstone Credit Corp,    335 Meriden Rd.,    Waterbury CT 06705
3100142       Avis Rent a Car,    Vehicle Damage Claims,    P.O. Box 409,    Atlanta GA 30301
3100143       CALS CSLF,    PO Box 689,    Rocky Hill CT 06067
3100146       CIT Group Consumer Finance,    715 S. Metropolitan Ave.,    PO Box 24330,    Oklahoma City OK 73124
3116813       CIT Group/Consumer Finance, Inc.,    Jeffrey J. Hardiman, Esq.,    Shechtman Halperin Savage, LLP,
               800 Village Walk #319,    Guildford, CT 06437-2740
3116812       CIT Group/Consumer Finance, Inc.,    Jeffrey J. Hardiman, Esq.,    Shechtman Halperin Savage, LLP,
               800 Village Walk #319,    Guilford, CT 06437-2740
3100149       CSN Student Loan of Sweden,    Box 144,    901 04 UMEA,    SWEDEN
3100150       CT Dept. Revenue Services,    C&E Division Bankruptcy,    25 Sigourney St.,    Hartford CT 06106-5032
3100145       Chase Bank Collection Dept.,    P.O. Box 9074,    Hicksville NY 11802-9074
3100147       Citicorp Credit Services,    Centralized Bankruptcy Dept.,    P.O. Box 20507,
               Kansas City MO 64195-0507
3100148       Conn. Dept. of Labor,    Collections & Enforcement Div.,    200 Folly Brook Blvd.,
               Wethersfield CT 06109
3100138       Daniel W. O'Grady Cmtee,    152 Greenwood Ave.,    Bethel CT 06801
3100151       Dell Financial Services,    3500A Wadley Placde,    Austin TX 78728-1244
3100152       Discover Card Greenwood Trust,    P.O. Box 6011,    Dover DE 19903
3100153       Discover Financial Services,    P.O. Box 15316,    Wilmington DE 19850
3100154       Diversified Waste Disposal,    60 Newtown Rd. Ste. 62,    Danbury CT 06810
3100139       Duncan B. Hume,    Hume & Associates,    One Landmark Square,    Stamford CT 06901
3100155       Encore Receivable Management,    PO Box 3330,    Olathe KS 66063
3100156       First Source Bank,    Atty. Bromfield,    Diserio Martin O'Conner & Cas,    1 Atlantic St.,
               Stamford CT 06901
3100157       Five Star Parking,    Bldg. 14 East Wing,    JFK International Airport,    Jamaica NY 11430
3100158       Gap,    Client Services,    34151 Harry S. Truman Blvd.,    Saint Charles MO 63301
3100159       General Insurance Co. of Amer.,    Constantine G. Antipas,    The Antipas Law Firm,
               One Fort Hill Rd.,    Groton CT 06340
3100162       James Gardella,    19 Shore Haven Rd.,    Norwalk CT 06855
3100140       James J. Farrell,    8 Elm Street,    Norwalk CT 06850
3100163       Jorge Unanue,    Street Address Unknown,    San Juan PR
3100164       Lease Comm. Corp,    Bruce Sussman,    2086 Stanley St. Ste. 206,    PO Box 116,
               New Britain CT 06050-0116
3100165       M & T Mortgage Corp.,    PO Box 1288,    NY NY 14249-1288
3100166       Madison Funding Corp.,    Slavitt Connery & Vardimas,    618 West Ave.,    Norwalk CT 06850
3100167       Mamaroneck Beach Cabana Club,    South Barry Ave.,    Mamaroneck NY 10543
3127278       Manufacturers & Traders Trust Co.,    c-o Thomas Farrell, Esq.,
               Hunt, Leibert, Chester & Jacobson, P.C.,    50 Weston Street,    Hartford, CT 06120
3100168       Margaret Gardella,    Durkin & Polera,    1111 Summer Ave.,    Stamford CT 06905
3100169       NCO Financial Systems Inc.,    P.O. Box 41747,    Philadelphia PA 19101-1457
3100170       Norbert Mitchell Co.,    7 Federal Rd.,    PO Box 186,    Danbury CT 06813-0186
3100171       Northland Group,    P.O. Box 390846,    Minneapolis MN 55439
3100172       Norwalk Cove Marina,    48 Beach Rd.,    Norwalk CT 06855
3100173       Norwalk Hospital,    Ansonia Credit Bureau,    P.O. Box 520,    Ansonia CT 06401
3100141       Patrick Rosenberger,    Spear & Hoffman,    237 Hopmeadow St PO Box 258,    Simsbury CT 06089-0258
3100175       RCO,    7171 Mercy Rd.,    Cedar Creek NE 68016
3100174       Rasmussen Equipment Co.,    Stuart Allen & Assoc.,    5447 E. 5th St. Suite 110,
               Tucson AZ 85711-2345
3100176       Safeco Insurance,    Constantine G. Antipas,    The Antipas Law Firm,    One Fort Hill Rd.,
               Groton CT 06340-4799
3100177       St. Thomas Radiology,    P.O. Box 8888,    St Thomas VI 00801
3100178       Tax Collector Town of Bethel,    Town Hall,    1 School Street,    Bethel CT 06801
3100179       Trauner Cohen & Thomas,    2880 Dresden Drive,    Atlanta GA 30341
3100180       Universal Fidelity Corp.,    PO Box 941911,    Houston TX 77094
3100181       Valentine & Kerbartas,    PO Box 325,    Lawrence MA 01842
3100182       Zwicker & Assoc. P.C.,    800 Federal Street,    Andover MA 01810-1041
```

The following entities were served by electronic transmission on Jan 20, 2004 and receipt of the transmission was confirmed on:
```
3115443       EDI: BECKLEE.COM Jan 20 2004 19:13:00      American Express,    c-o Rhonda Rosenblum, Esq.,
               Becket and Lee LLP,    P.O. Box 3001,    Malvern, PA 19355-0701
3100136       EDI: AMEREXPR.COM Jan 20 2004 19:13:00     American Express,    Customer Service,    P.O. Box 297804,
               Ft. Lauderdale FL 33329-7804
3100144       EDI: CAPITALONE.COM Jan 20 2004 19:13:00   Capital One F.S.B.,    PO Box 85184,
               Richmond VA 23285-2184
3100153       E-mail: mrdiscen@discoverfinancial.com Jan 20 2004 19:10:03     Discover Financial Services,
               P.O. Box 15316,    Wilmington DE 19850
3100160       EDI: TSYS.COM Jan 20 2004 19:13:00         Home Depot,    P.O. Box 103072,    Roswell GA 30076
3100161       EDI: IRS.COM Jan 20 2004 19:13:00          IRS Special Procedures,    135 High St. Stop 155,
               Hartford CT 06103
```

                                                                                              TOTAL: 6

```
District/off: 0205-5        User: admin          Page 2 of 2          Date Rcvd: Jan 20, 2004
Case: 03-51326              Form ID: B18         Total Served: 60

          ***** BYPASSED RECIPIENTS (continued) *****
          ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr        CIT Group-Consumer Finance, Inc.
cr        First Source Funding Bank
cr        First Source Funding Bank
cr        General Insurance Company of America
cr        LeaseComm Corp.
cr        LeaseComm Corp.
cr        Manufacturers & Traders Trust Co.
cr        Safeco Insurance of America
                                                                      TOTALS: 8, * 0
```

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.

First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Jan 22, 2004                     Signature:    *Joseph Speetjens*