UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------ x

SAFECO INSURANCE COMPANY OF AMERICA and
GENERAL INSURANCE COMPANY OF AMERICA,

                                                            Plaintiffs,    DOCKET NO:

-against-                                  3:02-CV-1966 (AVC)

LOCAL TOWING INC., GEORGE GARDELLA,
JESSICA HELQUIST-GARDELLA, and JAMES
GARDELLA,

                                               Defendants.    August 8, 2005

------------------------------------------------------------------ x

LOCAL TOWING INC., GEORGE GARDELLA,
JESSICA HELQUIST-GARDELLA, and JAMES
GARDELLA,

                                Third-Party Plaintiffs,

-against-

ASSOCIATED INSURANCE AGENCY, INC.,
FREDERICK J. SMITH, AFNY, INC., ASSOCIATED
FACILITIES OF AMERICA LTD., MELWAIN
ENTERPRISES, INC., CHARLES ASSOCIATES, P.C,
and CHARLES SAPOCHETTI,

                                Third-Party Defendants.

------------------------------------------------------------------ x

### THIRD-PARTY DEFENDANT MELWAIN ENTERPISE, INC.'S MOTION FOR SUMMARY JUDGMENT AGAINST LOCAL TOWING INC., GEORGE GARDELLA, JESSICA HELQUIST-GARDELLA, and JAMES GARDELLA

**PLEASE TAKE NOTICE** that, upon the Memorandum of Law accompanying this Motion, the exhibits attached thereto and the authorities cited therein, the affidavit of

Wayne Price, and all prior pleadings and proceedings had in this matter, the Third-Party Defendant Melwain Enterprises, Inc, ("Melwain") by its attorneys Winget, Spadafora & Schwartzberg, LLP, respectfully moves, pursuant to the provisions of F.R.C.P. 56(c) for summary judgment against Local Towing Inc., George Gardella, Jessica Helquist-Gardella, and James Gardella (hereinafter referred to collectively as "Third Party Plaintiffs"), and requests an order dismissing the Third Party Plaintiffs claims against Melwain in their entirety. The relief requested is warranted on the grounds that, based upon the uncontested material facts:

1. The Third Party Plaintiffs have failed to establish the requisite showing of entitlement to recover for breach of contract against Melwain;
2. The Third Party Plaintiffs have failed to establish the requisite showing of entitlement to recover on their negligent misrepresentation claim against Melwain;
3. The Third Party Plaintiffs have failed to establish the requisite showing of entitlement to recover on their negligent misrepresentation claim against Melwain;
4. The Third Party Plaintiffs have failed to establish the requisite showing of entitlement to recover on their breach of fiduciary duty claim against Melwain;
5. The Third Party Plaintiffs have failed to establish the requisite showing of entitlement to recover on their negligence claim against Melwain; and,
6. The allegations of the Third Party Complaint did not depend in any way upon the Plaintiff's claims against the Third Party Plaintiffs, as required by F.R.C.P. 14(a).

Dated: August 8, 2005
Stamford, CT

Respectfully submitted,

WINGET, SPADAFORA
& SCHWARTZBERG ,LLP
Attorneys for Third-Party Defendant

Melwain Enterprise, Inc.

By: /s/ Richard N. Freeth
Richard N. Freeth (ct26253)
177 Broad Street, Suite 501
Stamford, CT 06901
Phone: (203) 328-1200
Fax:    (203) 328-1212

## CERTIFICATION OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing Motion for Summary Judgment was sent via regular mail on August 8, 2005 to:

Constantine G. Antipas, Esq.
The Antipas Law Firm
Attorneys for Plaintiffs
One Fort Hill Road
Groton, CT 06340

Benjamin D. Lentz
Torre, Lentz, Gamell, Gary & Rittmaster, LLP
Attorneys for Plaintiffs
100 Jericho Quadrangle, Suite 309
Jericho, NY 11753

Duncan B. Hume, Esq.
Attorneys for Defendant and Third-Party Plaintiffs
8 Elm Street
Norwalk, CT 06850

James J. Farrell, Esq.
Attorneys for Defendant and Third-Party Plaintiffs
8 Elm Street
Norwalk, Connecticut 06850

James L. Brawley, Esq.
Tracey M. Lane, Esq.
Attorneys for Associated Insurance Agency, Inc.
Morrison, Mahoney & Miller, LLP
One Constitution Plaza, 10th Floor
Hartford, CT 06106

Dated: August 8, 2005

Richard N. Freeth