UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------------ x

SAFECO INSURANCE COMPANY OF AMERICA and
GENERAL INSURANCE COMPANY OF AMERICA,
                                            Plaintiffs,

DOCKET NO:

3:02-CV-1966 (AVC)

-against-

LOCAL TOWING INC., GEORGE GARDELLA,
JESSICA HELQUIST-GARDELLA, and JAMES
GARDELLA,

August 8, 2005

Defendants/Third Party Plaintiffs.

-against-

ASSOCIATED INSURANCE AGENCY, INC.,
FREDERICK J. SMITH, AFNY, INC., ASSOCIATED
FACILITIES OF AMERICA LTD., MELWAIN
ENTERPRISES, INC., CHARLES ASSOCIATES, P.C,
and CHARLES SAPOCHETTI,

Third Party Defendants.

------------------------------------------------------------------ x

**MEMORANDUM OF LAW IN SUPPORT OF THE THIRD PARTY
DEFENDANT MELWAIN ENTERPISE, INC.'S MOTION FOR SUMMARY
JUDGMENT AGAINST LOCAL TOWING INC., GEORGE GARDELLA,
JESSICA HELQUIST-GARDELLA, and JAMES GARDELLA**

WINGET, SPADAFORA &
SCHWARTZBERG, LLP
177 Broad Street, Suite 501
Stamford, CT 06901
Telephone:   (203) 328-1200
Facsimile:    (203) 328-1212

I.  **PRELIMINARY STATEMENT**

The Third Party Defendant, Melwain Enterprises, Inc, ("Melwain"), respectfully submits its motion for summary judgment, dismissing the third party complaint by the Defendants/Third Party Plaintiffs Local Towing Inc., George Gardella, Jessica Helquist-Gardella, and James Gardella (hereinafter referred to collectively as the "Third Party Plaintiffs"). The uncontested material facts establish that the Third Party Plaintiffs have failed to set forth sufficient facts which would warrant relief under any of the theories presented by the Third Party Plaintiffs in the Third Party Complaint. In consideration of the lack of evidence supporting essential elements of each of the causes of action cited in the Third Party Complaint, summary judgment is warranted.

II. **PROCEDURAL HISTORY**

On or about November 6, 2003, the Plaintiff, Safeco Insurance Company of America and General Insurance Company of America (hereinafter "Plaintiff" or "Safeco") initiated this action pursuant to a Complaint (hereinafter the "Complaint") seeking damages against Local Towing, George Gardella, Jessica Helquist-Gardella (collectively "Local Towing"), and James Gardella ("Gardella") for breach of contract. On or about February 24, 2003, the Third Party Plaintiffs filed their Answer, and on May 12, 2003 the Third Party Plaintiffs filed a Third Party Complaint naming numerous Third Party Defendants including Melwain.[1] A copy of the Third Party Complaint is attached hereto as Exhibit "A." In Melwain's Answer to the Third Party Complaint Melwain denied liability, and asserted special defenses. The Answer to the Third Party Complaint

---

[1] The Third Party Plaintiffs filed their Third Party Complaint on or about May 12, 2003, naming Associated Insurance Agency, Inc. (hereinafter "AIA"), Frederick J. Smith, AFNY, Inc., Associated Facilities of America Ltd., Melwain Enterprises, Charles Associates and Charles Sapochetti as Third-Party Defendants.

was filed on September 30, 2003. A copy of Melwain's Answer is attached hereto as Exhibit "B."

On March 29, 2004, Safeco filed a motion for summary judgment against the Third Party Plaintiffs. The Court granted in part Safeco's motion for summary against Local Towing and denied in part Safeco's motion for summary judgment against Mr. Gardella [2] A copy of the order granting Safeco's motion for summary judgment is attached hereto as Exhibit "C."

The Safeco action sounds in contract law and seeks to recover five hundred ninety-nine thousand nine hundred seventy-nine dollars and seventy-five cents ($599,979.75). This sum represents the amount of undisputed, un-reimbursed payments made under the terms of a Surety Bond issued by Safeco to subcontractors and suppliers on behalf of Local Towing, Inc. Payments made pursuant were based upon a General Agreement of Indemnity ("GAI") executed by the Defendants/Third Party Plaintiffs whereby they agreed to indemnify Safeco for any un-reimbursed funds. In the Third Party Complaint, Local Towing is alleging damages for alleged breach of contract, negligent misrepresentation, agency liability, and breach of fiduciary duty against Melwain, and Mr. Gardella is seeking damages for negligence against Melwain. Melwain filed its Answer to the Third Party Complaint on or about September 30, 2003.

---

[2] According to the Court's opinion,

> [T]he court concludes that: (1) inasmuch as Local Towing has admitted liability under the agreement to indemnify [Safeco], summary judgment is warranted with regard to the breach of contract cause of action asserted against Local Towing; and (2) Gardella has raised an issue of fact that Safeco discharged his duty to indemnify the plaintiffs under the indemnity agreement.

3

III. **STATEMENT OF FACTS**

In or about July 2000, the Third Party Plaintiff, Local Towing, was the successful bidder for publicly bid underwater engineering projects in Puerto Rico and St. Thomas-Virgin Islands, both of which required a Surety Bond (hereinafter the "bond"). The Third Party Plaintiffs secured the bond, a required part of the bids, with Safeco, through the efforts of their agent AIA and Smith. Melwain was appointed by Safeco to serve at the broker in issuing the bond. Such a bond is customarily used in public work projects to assure the governing authority (in this case the governments of Puerto Rico and the Virgin Islands respectively) should the contractor fail to complete the job, and additional funds are needed to pay subcontractors/vendors, and/or for completion of the project.

It is evident that poor planning and/or execution of the projects in Puerto Rico and the Virgin Islands (as evidenced by severe project overruns and delays), coupled with the untimely death of an allegedly key employee, resulted in an absolute failure on the part of Local Towing to complete the project. As a result of Local Towing's failure to complete the project, the bond, issued by Safeco, was drawn against. Ultimately, significant funds were paid by Safeco pursuant to the bond, and Safeco seeks to recover the amount of $599,979.75 from the Third Party Plaintiffs as a result. The Virgin Islands project was completed by December 2001, while the Puerto Rico project was not completed until May 2002. See April 26, 2004 Deposition of George Gardella at 188 et seq., a copy of which is attached hereto as Exhibit "D."

It was suggested that Local Towing secure life insurance for Mr. Fran Empey (hereinafter referred to as "keyman life insurance"). Melwain has no information to suggest that Mr. Empey's health was anything but good. But, it is clear from the record

that Mr. Empey, in fact, had severe health problems, and that these problems predated Local Towing's bidding for the two projects. See Deposition of Dr. Mascia generally, a copy of which is attached hereto as Exhibit "E."[3] Mr. Empey had been treating with Dr. Mascia since August 1994, when he was diagnosed by Dr. Mascia as having "endstage liver disease," a terminal condition. See Id at 13, et seq. In fact, Mr. Empey's condition was so serious that, in 1994, Dr. Mascia believed that Mr. Empey would likely not survive more than one year. See Id at 21-22. The record indicates that Mr. Empey was unwilling to take the necessary steps to secure the keyman life insurance. In fact it was not until September 11, 2000 that Mr. Empey finally took the first step towards applying for the keyman life insurance by appearing at Dr. Mascia's office and requesting that his office perform the required examination, and fill out the required form. See Id at 27 et seq. Ultimately, it is clear that Mr. Empey's condition would have rendered it impossible for him to secure keyman life insurance, considering the fact that he had a terminal disease. Id at 41-42. Moreover, even in the absence of a diagnosis of "endstage liver disease," Mr. Empey's test results would have prevented him from being approved for keyman life insurance. Id at 43.

## IV.  ARGUMENT

According to F.R.C.P. 56(c), "summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact." The United States Supreme Court, in Celotex Corp. v. Catrett, 477 U.S. 317, 206 S. Ct. 2548 (1986), stated:

---

[3] It should be noted that Local Towing was represented by counsel, Attorney Duncan Hume, at the deposition of Dr. Mascia. Additionally, there has been no evidence propounded in this case that would challenge the truth of the matters asserted in Dr. Mascia's testimony.

5

> [S]ummary judgment [shall be granted] against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all others facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing of her case with respect to which she has the burden of proof.

Celotex, 477 U.S. at 322 to 323. Furthermore, summary judgment must be granted when reasonable minds cannot differ as to the absence of a genuine issue of material fact, even when all ambiguities and reasonable inferences are viewed in a light most favorable to the nonmoving party. Bryant v. Maffucci, 923 F.2d 979 (2d Cir. 1991). Therefore, the movant must demonstrate that the nonmoving party has failed to establish the existence of an element essential to that party's case to which he has the burden of proof.

As presented in more detail below, the absence of proof of the essential elements in each of the Third Party Plaintiffs' causes of action warrant the relief sought herein.

A. **The Third Party Plaintiffs have failed to establish the requisite showing of entitlement to recover for breach of contract against Melwain**

The Third Party Plaintiffs have failed to establish the existence of a contract between themselves and the Third Party Defendants. The Third Party Plaintiffs therefore cannot maintain a claim for breach of contract against Melwain, and thus Count Seventh of the Third Party Complaint should be dismissed. Moreover, the lack of any allegation in the Third Party Complaint that such a contract exists is fatal to the Third Party Plaintiffs claim in Count Seventh. The fact that there was no contract between the Third Party Plaintiffs and Melwain is sufficient to warrant the dismissal of Count Seventh of the Third Party Complaint. Further, even assuming the existence of a contract, the cause of

action in Count Seventh would fail because the necessary element of damages is lacking, and the defense of impossibility of performance is an absolute bar.

In order to state a breach of contract claim, the Third Party Plaintiffs must prove: (1) the formation of an agreement; (2) performance by one party; (3) breach of the agreement by the other party; and (4) damages. Chem-Tek, Inc. v. GM Corp., 816 F.Supp. 123, 131 (Dist. Conn. 1993); Maloney v. Connecticut Orthopedics, P.C., 47 F. Supp. 2d 244, 249 (D. Conn. 1999). To find the existence of a contract, there must be evidence of an intent, on the part of both parties, to be bound, and the law does not make a contract when the parties intend none, nor does it regard an arrangement as completed which the parties regard as incomplete. See Klein v. Chatfield, 166 Conn. 76, 347 A.2d 58 (1974). Failure to prove each and every element, including damages, is fatal to a breach of contract claim. Braithwaite v. Lee, 125 Conn. 10, 14 (1938).

1. **The Absence Of A Valid Contract Warrants Dismissal of The Breach of Contract Claim**

When a party alleges breach of contract, that party has the burden of proving the existence of a contract. Adcock v. Remington Arms Co., Inc., 1992 U.S. Dist. LEXIS 18498 (Dist. Conn. 1992). Although a breach of contract was alleged in the Third Party Complaint, the Third Party Plaintiffs have failed to present any evidence that they had a contract with the Third Party Defendants, or have presented any evidence that their relationship was anything more than an at-arms-length commercial relationship.

Although both James Gardella and George Gardella have been deposed at length in these proceedings, nothing in their testimony suggests that a contract ever existed between Local Towing, or themselves personally, and Melwain, or its predecessors. Indeed, Local Towing, and the Gardellas, were the clients of Associated Insurance and

7

Fred Smith, with whom Melwain had no special relationship as either partner or co-venturers. See Affidavit of Wayne Price, attached hereto as Exhibit "F."

The absence of a written agreement in this case renders the Third Party Plaintiffs' claim for breach of contract a non-starter.[4] A showing that a written contract exists between the Third Party Plaintiffs and Melwain is necessary for the Third Party Plaintiffs to maintain a claim for breach of contract, due to the fact that the surety bond, by its nature, obligated one party to answer for the debt of another. Also, there has been no showing that the alleged agreement could not have been performed within one year. There is a lack of privity of contract between the Third Party Plaintiffs and Melwain. Indeed, the amount of contact between the Third Party Plaintiffs and Melwain, even by the account of both James and George Gardella, was very limited. For example, George Gardella went to Melwain's offices on one occasion, and that was after the bonded projects had been completed. See Deposition of George Gardella at 197.

There are no genuine issues of material fact that demonstrate the existence of a contract between Local Towing and Melwain. In consideration of the fact that the Third Party Plaintiffs have failed to satisfy the burden, their claim for breach of contract cannot stand.

    2.    **Summary Judgment in Favor of Melwain Should Be Granted With Respect to The Breach of Contract Claim Because The Third Party Plaintiffs Cannot Prove Damages**

---

[4] Connecticut General Statute § 52-550, "Statute of frauds," provides as follows:
No civil action may be maintained in the following cases unless the agreement, or a memorandum of the agreement, is made in writing and signed by the party, or the agent of the party, to be charged: ...(2) against any person upon any special promise to answer for the debt, default or miscarriage of another;...(5) upon any agreement that is not to be performed within one year from the making thereof; or (6) upon any agreement for a loan in an amount which exceeds fifty thousand dollars.

Damages are an essential element of a plaintiff's proof before he is entitled to recover. Braithwaite v. Lee, 125 Conn. 10, 14 (1938). They must be proved with reasonable certainty. See Id. A court may grant summary judgment when the plaintiff fails to produce evidence of damages. McGuire v. Citicorp Retail Services, 147 F.3d 232 (2d Cir. 1998). In consideration of the absolute lack of evidence of damages, summary judgment is warranted. As set forth herein, Third Party Plaintiffs Local Towing, George Gardella, and Jessica Gardella cannot demonstrate damages arising out of or related to the alleged breach of contract claim and therefore, summary judgment in favor of Melwain should enter.

Count Seventh of the Third Party Complaint alleges that Melwain breached a contract with Local Towing, George Gardella, and Jessica Gardella. More specifically, that Melwain failed to arrange for a life insurance policy on the life of Francis Empey. (See Third Party Complaint, Count Seventh at ¶ 25). Melwain denied every allegation of wrongdoing in its answer to the Third Party Complaint.

Assuming, *arguendo*, that the terms of the Contract as alleged are true and that Melwain breached those terms, if these Third Party Plaintiffs cannot prove damages, their claim must fail. In this case, Melwain respectfully submits that under no set of circumstances may damages be proved because: (1) the claims asserted against Melwain in this Count are derivative of Safeco's claims against the Third Party Plaintiffs which upon information and belief have been or will be discharged in the context of a bankruptcy proceeding; and (2) absolutely no evidence of damages and/or damages analysis has been disclosed and therefore, to the extent that these Third Party Plaintiffs

claim they have sustained damages in addition to the claims made by Safeco, no evidence has been provided to support such claims and the Seventh Count should be dismissed.

The Third Party Plaintiffs Local Towing, George Gardella and Jessica Gardella have not produced any evidence of damages and therefore, Melwain is entitled to summary judgment as a matter of law. Damages in a breach of contract claim may be based upon reasonable or probable estimates because "mathematical exactitude" is often impossible. Dooley v. Leo, 184 Conn. 583, 587 (1981); Brookfield v. Greenridge, Inc., 177 Conn. 527, 537 (1979). However, even the estimates must be based on evidence and not speculation. Brookfield, 177 Conn. at 537. In this instance, other than the claim made by Safeco which was discharged, on information and belief, in bankruptcy, Third Party Plaintiffs Local Towing, George Gardella, and Jessica Gardella have failed to produce any evidence demonstrating damages in excess of Safeco's claims. As set forth in Melwain's Motion to Dismiss filed this same date, the Third Party Plaintiffs have failed to provide a damages analysis in accordance with the Court's November 2003 deadline. Moreover, the Third Party Plaintiffs have also failed to produce evidence regarding a damages claim as of this date. Where a party has failed to produce evidence of damages, the Court may grant a motion for summary judgment for failure to satisfy an essential element of the claim. See Beekley Corp. v. Doyle, et al., 1996 Conn. Super. LEXIS 213, 11-12 (Handy, J.) ("[t]his count fails . . . [because] the plaintiff has failed to present to the court evidence of actual damages, i.e. that the defendant's conduct caused detriment to the plaintiff. Thus, no question of material fact exists, and the court grants the defendant's motion for summary judgment").

In this case, because these Third Party Plaintiffs have failed to provide any evidence of damages, summary judgment should enter in Melwain's favor.

    3.    **Even Assuming The Existence of a Contract, Impossibility of Performance is an Absolute Bar to Recovery**

Although the Third Party Plaintiffs have failed to establish that they had a contract with Melwain that obligated Melwain to arrange for insurance, even assuming *arguendo* that such a contract did exist, it would have been impossible to perform because Mr. Empey was uninsurable. A contract is void if the performance of the obligations envisioned in that contract are impossible, and if performance is impossible at the formation of the contract, the contract is void from inception. West Haven Sound Dev. Corp. v. West Haven, 201 Conn. 305, 514 A.2d 734 (Conn. 1986). The concepts of impossibility or impracticability of performance have been recognized in various decisions of the Connecticut Supreme Court. Id.; see Grenier v. Compratt Construction Co., 189 Conn. 144, 454 A.2d 1289 (1983); Hess v. Dumouchel Paper Co., 154 Conn. 343, 225 A.2d 797 (1966); Restatement (Second) of Contract, §§ 261 through 272; 6 Corbin, Contracts §§ 1320 through 1372; 18 Williston, Contracts (3d Ed. Jaeger) §§ 1931 through 1979. Indeed, section 261 of the Restatement (Second) of Contracts provides that where, after a contract is made, a party's performance is made impracticable without his fault by the occurrence of an event "the non-occurrence of which was a basic assumption on which the contract was made, his duty to render that performance is discharged, unless the language or the circumstances indicate the contrary."

The Third Party Plaintiffs allege that Melwain breached a contract in not securing keyman life insurance on Mr. Empey. It is clear from the record that the securing of a keyman life insurance policy was not possible in light of Mr. Empey's medical condition.

Additionally, it is clear from the record that the Third Party Defendants had no knowledge of Mr. Empey's health problems before he died. Indeed, the Third Party Plaintiffs have indicated that while aware that he had some health problems, they were not aware of the severity of his condition. See April 19, 2004 deposition of George Gardella at 30. Mr. Empey was also non-cooperative in taking the necessary steps to secure the keyman life insurance policy. Id. at 24.

Since the alleged contract inferred by the Third Party Plaintiffs would have been impossible to perform from its inception, the alleged contract was void. See West Haven Sound Dev. Corp. v. West Haven, 201 Conn. 305 at 316.

### B. The Third Party Plaintiffs have failed to establish the requisite showing of entitlement to recover on their negligent misrepresentation claim against Melwain

The Third Party Plaintiffs have failed to establish the requisite showing of entitlement to recover on their negligent misrepresentation claim against Melwain, and as such Count Eighth of the Third Party Complaint should be dismissed. There is no evidence presented by the Third Party Plaintiffs that Melwain made any misrepresentation to them. The absence of any evidence of a misrepresentation by Melwain warrants summary judgment in its favor.

Under Connecticut law, an action for negligent misrepresentation requires the plaintiff to prove that the defendant made a misrepresentation of fact, that the defendant knew or should have known that it was false, that the plaintiff reasonably relied upon the misrepresentation, and that the plaintiff suffered pecuniary harm as a result thereof. Glazer v. Dress Barn, Inc., 274 Conn. 33, 2005 Conn. LEXIS 211 (2005); Adcock v. Remington Arms Co., Inc., 1992 U.S. Dist. LEXIS 18498 (Dist. Conn. 1998). Thus, to

prevail on their claim, the Third Party Plaintiffs therefore must prove that (1) the Third Party Defendants actually made a misrepresentation; (2) the Third Party Defendants knew, should have known, or had the means of knowing that the statement was not true; and (3) Third Party Plaintiffs justifiably and detrimentally relied on the misrepresentation." Foy v. Pratt & Whitney, 127 F.3d 229 (2d Cir. App. 1997); Omega Engineering, Inc. v. Eastman Kodak Co., 30 F.Supp.2d 226 (USDC Conn. 1998); See also Restatement 2d of Torts.[5] In other words, the Third Party Plaintiffs must demonstrate that there was a representation made, that Melwain knew or should have known that the misrepresentation was false, that Local Towing justifiably relied on the representation to its detriment.

Evidence establishes, as noted above, that the Third Party Plaintiffs, and Mr. Empey in particular, failed to either undertake, or cooperate with, efforts to secure keyman life insurance. Further, as noted above, obtaining keyman life insurance for Mr. Empey was factually impossible. There is no evidence that the Third Party Defendants made any misrepresentation that "prior to the issuance of bonds" a keyman policy for the life of Mr. Empey would be issued. In fact, the Third Party Defendants repeatedly advised the Third Party Plaintiffs and Francis Empey to secure the proposed keyman policy. This was merely to ensure that, going forward, Local Towing would be in a better

---

[5] A cause of action for "fraud in the inducement" is the same as a common law claim for fraudulent misrepresentation. See Dorsey v. Mancuso, 23 Conn. App. 629, 633 (1990), cert. denied, 217 Conn. 809 (1991) (fraud in the inducement where defendant after he agreed not to bring paternity action if plaintiff transferred property interest to him, yet, filed paternity suit once he procured the deed). In order to put forth a claim for fraudulent misrepresentation, a plaintiff must plead: (1) a false representation was made as to a statement of fact; (2) the statement was untrue and known by the defendant to be untrue; (3) the statement was made to induce the plaintiff to act; and (4) the plaintiff acted on the false representation to his or her detriment. Dorsey, at 633. Fraudulent inducement must be proven by "clear and satisfactory;" Miller v. Appleby, 183 Conn. 51, 55 (1981); or "clear, precise and unequivocal evidence." Kilduff v. Adams, Inc., 219 Conn. 314, 328 (1991).

13

position to continue to do business with Safeco, in connection with future needs for surety bonds. See Affidavit of Price, attached hereto as Exhibit F, at ¶ 18.

Additionally, Count Eighth of the Third Party Complaint should be dismissed because the required damages element is lacking. Third Party Plaintiffs cannot, as has previously been briefed, establish damages because their Complaint does not set forth a claim of damages that is separate and distinct from Safeco's claims against them, and because Safeco's claims were discharged in bankruptcy, it is impossible for Third Party Plaintiffs to demonstrate damages. Because this essential element cannot be established, summary judgment in favor of Melwain with respect to the negligent misrepresentation count must enter.

### C. The Third Party Plaintiff James Gardella Cannot Prove Negligence Against Melwain Since it Has Not Been Established That Melwain Owed a Duty to Obtain Keyman Life Insurance

James Gardella has failed to establish the requisite showing of entitlement to recover on his negligence claim against Melwain, and as such Count Ninth of the Third Party Complaint should be dismissed. Gardella's negligence claim fails as there has been no showing of a breach of a duty, or that any harm allegedly sustained by Mr. Gardella was caused by any act or failure to act on the part of the Third Party Defendants.

The essential elements of a cause of action in negligence are well established: duty, breach of that duty, causation, and actual injury or damages. Murdock v. Croughwell, 268 Conn. 559; 848 A.2d 363 (Conn. 2003). Duty is a legal conclusion about relationships between individuals, made after the fact, and is imperative to a negligence cause of action. Thus, there can be no actionable negligence unless there exists a cognizable duty of care. The test for the existence of a legal duty of care entails

(1) a determination of whether an ordinary person in the defendant's position, knowing what the defendant knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result, and (2) a determination, on the basis of a public policy analysis, of whether the defendant's responsibility for its negligent conduct should extend to the particular consequences or particular plaintiff in the case. Ryan Transp., Inc. v. M & G Assocs., 266 Conn. 520. "Duty is a legal conclusion about relationships between individuals, made after the fact, and [is] imperative to a negligence cause of action." Laflamme v. Dallessio, 261 Conn. 247, 251, 802 A.2d 63 (2002). Thus, "there can be no actionable negligence . . . unless there exists a cognizable duty of care." Waters v. Autuori, 236 Conn. 820, 826, 676 A.2d 357 (1996). "The test for the existence of a legal duty of care entails (1) a determination of whether an ordinary person in the defendant's position, knowing what the defendant knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result, and (2) a determination, on the basis of a public policy analysis, of whether the defendant's responsibility for its negligent conduct should extend to the particular consequences or particular plaintiff in the case." (Internal quotation marks omitted.) Gazo v. Stamford, 255 Conn. 245, 250, 765 A.2d 505 (2001).

In order to prevail on the negligence claim, Third Party Plaintiffs must demonstrate, through expert testimony, a causal connection between Melwain's alleged breach of the standard of care and their alleged injuries which are economic damages allegedly arising out of the alleged negligence. DiStefano v. Milardo, 82 Conn. App. 838, 842 (2003) (plaintiff alleging attorney malpractice must establish through expert testimony that attorney's conduct "legally caused" claimed injury); Solomon v. Levett,

15

30 Conn. App. 125, 128 (1993) (affirming directed verdict in favor of defendant in legal malpractice case where the plaintiff failed to produce expert on proximate cause of injuries); Bennett v. Lindsay, 1999 Con. Super. LEXIS 1835 (1999) (in malpractice action, Plaintiff has, at all times, burden of proving Defendant breached professional duty); Lunn v. Cummings & Lockwood, 1998 Conn. Super. LEXIS 1668 (1998), aff'd, 56 Conn. App. 363 (2000) (Plaintiff must prove attorney's negligence was proximate cause of injury).

The uncontested facts in this case permit this Honorable Court to conclude, as a matter of law, that an ordinary person in Melwain's position would not have anticipated the harm which James Gardella generally alleges he suffered would have been a likely result of James Gardella's relationship, such as it is, to Melwain. Indeed, James Gardella testified that: 1) he had no involvement with Local Towing before the bidding on the Aquadilla and St. Thomas projects; 2) he never met anyone at Melwain until after the two projects had been completed; and, 3) Melwain, as Safeco's agent, served an administrative role in collecting documents from Associated Insurance to obtain the surety bonds for Local Towing (James Gardella was not a party to that transaction). See Affidavit of Price, attached hereto as Exhibit F, at ¶ 12 et seq.

   1.  James Gardella Has Failed To Meet The Standard Of Proof Required to Establish His Negligence Claim

Further, in the context of this particular claim, proximate cause between Melwain's alleged "failure" to obtain keyman life insurance and Third Party Plaintiffs' alleged damages arising out of and related to the GAI is even more tenuous due to the fact that Mr. Empey's own doctor testified that Mr. Empey <u>would not have qualified for keyman life insurance</u>. October 12, 2004 Deposition of Dr. Mascia at 38-42, 49-50.

(when asked if a patient previously diagnosed with endstage liver disease would be able to procure a life insurance policy, Dr. Mascia testified that his "speculation would be that that person would not be insured" and, therefore, it was his opinion that Mr. Empey "would not have been approved for insurance").

The Third Party Plaintiffs attempt to pass blame for their decision to proceed with the bonded projects in spite of the death of Mr. Empey on "advice" from Mr. Fred Smith at AIA. See April 26, 2004 deposition of George Gardella at 156. The Third Party Plaintiffs never established a clear theory of how Melwain caused them any harm. Mr. Gardella takes the position during his deposition testimony that Local Towing's decision to move forward on the bonded projects in spite of Mr. Empey's death was based on the urging of Mr. Smith, but Mr. Gardella acknowledges the reality that the decision to proceed with the bonded projects was his own, and that the financial risks associated with undertaking the projects was split evenly between Local Towing and Mr. Empey (or Mr. Empey's estate). See Id. at 155 et seq.

This means that the proximate cause of the damages allegedly sustained by the Third Party Plaintiffs cannot be shown to have any connection with any act, or failure to act, on the part of Melwain, its principals, owners, employees and/or predecessors.

Because the Third Party Plaintiffs have failed to disclose evidence tending to show that Melwain's alleged negligence was the proximate cause of their injuries or, at a very basic level that Mr. Empey could have qualified for keyman life insurance, Third Party Plaintiffs have failed to establish a viable claim of negligence based on a complete failure to demonstrate a legal duty or proximate cause. Additionally, as referenced above, the required damages element is also lacking. Because essential elements cannot be