# UNITED STATES DISTRICT COURT

District of    Connecticut

PLAINTIFF

Safeco Insurance Company of America
and General Insurance Company of America,
V. DEFENDANT AND THIRD PARTY PLAINTIFF

## THIRD PARTY SUMMONS IN A
## CIVIL ACTION

Local Towing, Inc., George Gardella,
Jessica Helquist-Gardella, and James
Gardella,

Case Number: 302CV1966-AVC

V. THIRD PARTY DEFENDANT

Associated Insurance Agency, Inc., Frederick J. Smith, AFNY, Inc., Associated
Facilities of America Ltd., Melwain Enterprises, Inc., Charles Associates,
P.C., and Charles Sapochetti.
To: Name and address of Third Party Defendant
AFNY, Inc.
P.O. Box 168
1975 Hempstead Turnpike
East Meadow, NY  11554

**YOU ARE HEREBY SUMMONED** and required to serve on

PLAINTIFF'S ATTORNEY (name and address)

Torre, Lentz, Gamell, Gary &
Rittmaster, LLP
100 Jericho Quadrangle, Suite 309
Jericho, New York 11753-2702

Constantine G. Antipas, Esq.
The Antipas Law Firm
One Fort Hill Road
Groton, Connecticut 06340

DEFENDANT AND THIRD-PARTY PLAINTIFF'S ATTORNEY
(name and address)

Duncan B. Hume, Esq.
Hume & Associates
One Landmark Square
Stamford, Connecticut 06901

James J. Farrell, Esq.
8 Elm Street
Norwalk, Connecticut 06850

an answer to the third-party complaint which is served on you with this summons, within ____30____ days after
the service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default may be taken
against you for the relief demanded in the third-party complaint. There is also served on you with this summons a copy of
the complaint of the plaintiff. You have the option of answering or not answering the plaintiff's complaint, *unless* (1) this
is a case within Rule 9(h) Federal Rules of Civil Procedure, *and* (2) the third-party plaintiff is demanding judgment against
you in favor of the original plaintiff under the circumstances described in Rule 14(c) Federal Rules of Civil Procedure, in
which situation you are required to make your defenses, if any, to the claim of plaintiff as well as to the claim of the third-
party plaintiff. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a
reasonable period of time after service.

KEVIN F. ROWE

CLERK

BY) DEPUTY CLERK

True Copy
ATTEST:
KEVIN F. ROWE
Clerk, U.S. District Court
Deputy Clerk
BY

DATE  5/13/13

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-----------------------------------------------------------------x

SAFECO INSURANCE COMPANY OF                DOCKET NO.
AMERICA and GENERAL INSURANCE
COMPANY OF AMERICA,                        302CV1966-AVC

                    Plaintiffs

    v.

LOCAL TOWING INC., GEORGE GARDELLA,        May 14, 2003
JESSICA HELQUIST-GARDELLA, and
JAMES GARDELLA,

                    Defendants.

-----------------------------------------------------------------x

LOCAL TOWING INC., GEORGE GARDELLA,
JESSICA HELQUIST-GARDELLA, and
JAMES GARDELLA,

                    Third-Party Plaintiffs

    v.

ASSOCIATED INSURANCE AGENCY, INC.,
FREDERICK J. SMITH, AFNY, INC.,
ASSOCIATED FACILITIES OF AMERICA LTD.,
MELWAIN ENTERPRISES, INC., CHARLES
ASSOCIATES, P.C., and CHARLES SAPOCHETTI

                    Third-Party Defendants

-----------------------------------------------------------------x

## **THIRD-PARTY COMPLAINT**

### Jurisdictional Allegations

1.      Safeco Insurance Company of America and General Insurance Company of America are citizens of the State of Washington.

2.     The third-party plaintiffs Local Towing Inc., George Gardella, Jessica Helquist-Gardella, and James Gardella are citizens of the State of Connecticut.

3.     Associated Insurance Agency, Inc., Frederick J. Smith, Charles Associates, P.C., and Charles Sapochetti are citizens of Massachusetts.

4.     The third-party defendants AFNY, Inc., Associated Facilities of America Ltd., and Melwain Enterprises, Inc. are citizens of New York.

5.     The amount in controversy in this third-party complaint is in excess of $75,000.

6.     The United States District Court, District of Connecticut has jurisdiction under 28 U.S.C.A. 1332

As and For a First Count in Breach of Contract Against Associated Insurance Agency, Inc. and Frederick J. Smith by Local Towing Inc., George Gardella, and Jessica Helquist-Gardella

1.     Safeco Insurance Company of America and General Insurance Company of America (hereinafter "Safeco") issued bonds that are the subject matter of their complaint, and such bonds are hereinafter referred to as "Bonds" or "the Bonds".

2.     Associated Insurance Agency, Inc. (hereinafter "Associated") is licensed as an insurance and surety bond broker by the Commonwealth of Massachusetts and acted as the agent for Local Towing, Inc., George Gardella, and Jessica Helquist-Gardella, (hereinafter "Local and Gardella") in the procurement of the Bonds and the activities related thereto.

2

3.    Frederick J. Smith (hereinafter "Smith") is licensed as an insurance and surety bond agent or broker by the Commonwealth of Massachusetts and acted as the agent for Local and Gardella in the procurement of the Bonds and the activities related thereto.

4.    AFNY, Inc. (hereinafter "AFNY") is licensed as an insurance and surety agent or bond broker by the State of New York and acted as the coproducer and jointventurer with Associated and Smith as agent for Local and Gardella in the procurement of the Bonds and the activities related thereto.

5.    Associated Facilities of America Ltd. (hereinafter "AFA") is licensed as an insurance and surety bond broker by the State of New York and acted as the coproducer and joint-venturer with Associated and Smith as agent for Local and the Gardellas in the procurement of the Bonds and the activities related thereto.

6.    Melwain Enterprises, Inc. (hereinafter "Melwain") is licensed as an insurance and surety bond broker by the State of New York and acted as the coproducer and joint-venturer with Associated and Smith as agent for Local and the Gardellas in the procurement of the Bonds and the activities related thereto.

7.    AFNY acted as the agent for Safeco in the issuance of the Bonds and activities related thereto.

8.    AFA acted as the agent for Safeco in the issuance of the Bonds and activities related thereto.

9.    Melwain acted as the agent for Safeco in the issuance of the Bonds and activities related thereto.

10.    Wayne Price was an officer or agent of AFNY, AFA, and Melwain.

3

11.     Mary Anna Price was an officer or agent of AFNY, AFA, and Melwain and was the attorney-in-fact for Safeco in issuing the bonds.

12.     Associated and Smith acted as the agents for Safeco, AFNY, AFA, and Melwain or were joint venturers with Safeco, AFNY, AFA, and Melwain in the procurement of the Bonds and the activities related thereto.

13.     Charles Associates, P.C. (hereinafter "Charles") represented itself as an accounting firm whose principals were licensed as certified public accountants by the Commonwealth of Massachusetts, and Charles Sapochetti (hereinafter "Sapochetti") represented himself to Local and Gardella and James Gardella as a certified public accountant licensed by the Commonwealth of Massachusetts.

14.     Sapochetti and Charles were retained by Associated and Smith and became the agent and/or joint venturers of Associated and Smith to prepare financial statements for Local Towing Inc., Francis Empey, George Gardella, and James Gardella for submission to Safeco.

15.     Prior to the issuance of the Bonds, Safeco required that Francis Empey and George Gardella obtain life insurance policies in the amount of $1,000,000 on their lives as security for the Bonds.

16.     Prior to the issuance of the Bonds, Associated and Smith promised and represented to Local and Gardella that they would arrange for life insurance policies in the amount of $1,000,000 on the lives of Francis Empey and George Gardella and that Safeco would not issue the Bonds until such life insurance policies were obtained.

4

17     Prior to the issuance of the Bonds, Associated and Smith promised and represented that they would deliver the personal agreement of indemnity of Francis Empey for the benefit of Safeco and that the Bonds would not be issued until such indemnity was delivered.

18.    Francis Empey was a joint venturer with Local Towing Inc. in the construction projects in Aguadilla, Puerto Rico and St. Thomas, Virgin Islands (hereinafter "the Projects") for which the Bonds were issued.

19.    Francis Empey was responsible for the management and supervision of the Projects.

20.    Prior to the issuance of the Bonds, Associated and Smith agreed to retain a certified public accountant to prepare the required financial statements for Safeco.   Associated and Smith retained Charles Associates, P.C. and Charles Sapochetti when they knew, or should have known that Charles Associates, P.C. and Charles Sapochetti were not certified public accountants or otherwise qualified to prepare review financial statements.

21.    Local and the Gardellas relied on the promises of Associated and Smith concerning the issuance of the life insurance policy on Francis Empey, and the delivery of the indemnity agreement from Francis Empey in bidding on the Projects and executing the contracts therefore.

22.    Francis Empey died in September of 2000, after the contracts for the Projects were awarded.

23.     The proceeds of the promised life insurance policy on Francis Empey's life would have been available to satisfy the claims being made in this litigation, if these third-party defendants had acted as they had promised.

24.     Associated and Smith breached their contract with Local and Gardella in that they: (1) did not provide a life insurance policy on the life of Francis Empey; (2) did not obtain the personal indemnity agreement of Francis Empey before the Bonds were issued; and (3) did not provide accurate financial statements from a qualified accountant .

25.     The breaches of contract by Associated and Smith have caused Local and Gardella damages.

As and For a Second Count in Negligence Against Associated Insurance Agency, Inc. and Frederick J. Smith by Local Towing Inc., George Gardella, and Jessica Helquist-Gardella

1. through 22.          Paragraphs 1 through 22 of the First Count are hereby made Paragraphs 1 through 22 of this Second Count.

23.     Associated and Smith arranged for financial statements to be prepared by Charles Associates, P.C. and assisted in the preparation of such statements submitted to Safeco.

24.     Associates and Smith submitted such financial statements to Safeco or directed such statements to be delivered to Safeco by Charles Assoc., P.C.

25.     Associated and Smith knew, or should have known, that the financial statement of Francis Empey was not accurate and contained substantial misrepresentations or omissions.

6

26.    Associated and Smith knew, or should have known, that the personal indemnity agreement of Francis Empey was without value, or would be valueless.

27.    Associated and Smith were negligent in that they:

a.    failed to obtain a life insurance policy on Francis Empey;

b.    failed to obtain the personal indemnity agreement of Francis Empey;

c.    failed to advise Local and Gardella that they had not obtained the life insurance policy on Francis Empey or the indemnity agreement of Francis Empey;

d.    failed to notify Local and Gardella that the financial statement of Francis Empey contained substantial misrepresentations or omissions;

e.    failed to advise Local and Gardella that the personal indemnity was or would be valueless;

f.    failed to retain a qualified accountant to produce review financial statements;

g.    failed to disclose to Local and Gardella that financial statements were submitted to Safeco with substantial misrepresentations;

h.    failed to disclose to Local and Gardella their financial interests in Empey's business enterprises; and

i.    failed to advise Safeco of the true financial condition of Empey and Gardella.

26.    The negligence of Associated and the negligence of Smith have caused Local and Gardella damages.

7

As and For a Third Count in Negligent Misrepresentation Against Associated
Insurance Agency, Inc. and Frederick J. Smith by Local Towing Inc.,
George Gardella, and Jessica Helquist-Gardella

1. through 21.         Paragraphs 1 through 21 of the First Count are hereby
made Paragraphs 1 through 21 of this Third Count.

22.    Associates and Smith represented to Local and Gardella that it had
specialized skill and knowledge in the bonding business and in the relationships
between contractors and bonding companies.

23.    Associated and Smith agreed to be Local and Gardella's exclusive
representatives and spokemen with any bonding companies.

24.    Associated and Smith required that all communication with any bonding
company be conducted through them.

25.    Associated and Smith had a confidential and fiduciary relationship with
Local and Gardella.

26.    Associated and Smith had the obligation to provide accurate
information to Local and Gardella concerning the application, procurement, and
underwriting of the Bonds.

27.    Associated and Smith, in their communications and representations
with Local and Gardella, provided information concerning the application,
procurement, and underwriting of the Bonds in the course of their business,
profession, or employment which they knew or should have known would be relied
upon by Local and Gardella.

8

28.    The information provided by Associated and Smith included the following misrepresentations:

a.    that the Bonds would not be issued until there was a life insurance policy on the life of Francis Empey with Local as beneficiary;

b.    that the Bonds would not be issued until the personal indemnity agreement of Francis Empey to Safeco was obtained;

c.    that the financial statement of Francis Empey was accurate;

d.    that the personal indemnity of Francis Empey had value;

e.    that Charles and Sapochetti were competent to provide accurate, review financial statements;

f.    that they were acting in the best interests of Local and Gardella; and

g.    that Safeco was provided with accurate information concerning Local and Gardella, and Empey.

29.    Associated and Smith knew, or should have known, that the representations that they made as enumerated above were false when they were made.

30.    The negligent misrepresentations of Associated and Smith have caused Local and Gardella damages.

As and For a Fourth Count For Violating the Covenant of Good Faith and Fair Dealing Against Associated Insurance Agency, Inc. and Frederick J. Smith by Local Towing, Inc. George Gardella, and Jessica Helquist-Gardella

9

1. through 22.    Paragraphs 1 through 22 of the First Count are hereby made Paragraphs 1 through 22 of this Fourth Count.

23.    Associated and Smith had an obligation in all its transactions with Local and Gardella to act in good faith and to act fairly at all times.

24.    Associated and Smith failed to act at all times with Local and Gardella in breach of their implied covenant of good faith and with fair dealing in that they represented that:

a.    that the Bonds would not be issued until there was a life insurance policy on the life of Francis Empey;

b.    that the Bonds would not be issued until the personal indemnity agreement of Francis Empey was obtained;

c.    that the financial statement of Francis Empey was accurate;

d.    that the personal indemnity of Francis Empey had value; and

e.    that Charles Associates, P.C. and Charles Sapochetti were competent to provide accurate, review financial statements.

25.    Associated and Smith breached their implied covenant of good faith and fair dealing when they provided the above information and advice to Local and Gardella and when they represented Local and Gardella in dealing with Safeco.

26.    Associated and Smith breached their implied convenant of good faith and fair dealing have caused Local and Gardella damages.

As and For a Fifth Count For Violating the Obligations of a Fiduciary Against Associated Insurance Agency, Inc. and Frederick J. Smith by Local Towing, Inc, George Gardella, and Jessica Helquist-Gardella

10

1. through 22.        Paragraphs 1 through 22 of the First Count are hereby made Paragraphs 1 through 22 of this Fourth Count.

23.    Associated and Smith had special skill and knowledge in the area of contractor's bonds and represented to Local and Gardella that it would act as its exclusive representative in their dealings with bonding companies including the plaintiffs in the principal action.

24.    Associates and Smith represented to Local and Gardella that they had special skill and knowledge concerning the business operations of contractors engaged in bonded construction projects.

25.    Associated and Smith represented and promised Local and Gardella that they would represent Local and Gardella's interests in the transactions concerning the projects.

26.    Associated and Smith provided Local and Gardella with advice assistance, and guidance as to what was required for the bonds to be issued, and what was necessary to satisfy Safeco.

27.    Associated and Smith advised and guided Local and Gardella in its operations as a contractor in the bonded projects.

28.    Associated and Smith acted in a fiduciary capacity when they provided advice, assistance, and guidance to Local and Gardella.

29.    Associated and Smith breached their fiduciary duty to Local and Gardella when they broke their contracts, made mispresentations, and provided inaccurate financial statements.

11

30.   The breach of fiduciary duty owed to Local and Gardella by Associated and Smith have caused Local and Gardella damages.

As and For a Sixth Count in Negligence Against Associated
Insurance Agency, Inc. and Frederick J. Smith by James Gardella

1.   1. through 22.   Paragraphs 1 through 22 of the First Count are hereby made Paragraphs 1 through 22 of this Sixth Count.

23.   Prior to the issuance of the Bonds, Associated and Smith were told by James Gardella that he would no longer indemnify any person or company for any bonds issued to Local Towing Inc. or any other person or company.

24.   Upon information and belief, Associated and Smith failed to take any action to ensure that James Gardella would not be considered as an indemnitor on any further bonds issued for Local Towing, Inc.'s projects.

25.   On all bonds that had been issued prior to James Gardella telling Associated and Smith that he would no longer indemnify any person or company, Associated and Smith had discussed the issuance of the bonds prior to their being issued, and James Gardella relied upon that continuing course of conduct.

26.   Associated and Smith, without any authority from James Gardella, arranged for a financial statement of James Gardella to be prepared and submitted said financial statement to Safeco in connection with the application, procurement, and underwriting of the Bonds.

27.   Associated and Smith acted negligently in that:

a.   they arranged for the financial statements of James Gardella without the authority of James Gardella;

12

b.     they failed to discuss the issuance of the Bonds with James Gardella as was their usual course of conduct;

c.     they failed to ensure that James Gardella would not be an indemnitor on any further bonds;

d.     they failed to disclose to James Gardella that his financial statements would be provided to Safeco for the bonds to be issued for the projects in St. Thomas, Aguadilla, San Juan;

e.     they failed to advise James Gardella that the projects would proceed indemnity and with James Gardella's guaranty of the Safeco bonds; and

f.     they knew that Safeco would not have issued bonds for the projects but for James Gardella's guaranty of the bonds.

28.     The negligent actions of Associated Insurance Agency, Inc. and Smith have caused James Gardella damages.

As and For a Seventh Count in Contract Against AFNY, Inc.,
Associated Facilities of America, Ltd., and Melwain Enterprises, Inc. by
Local Towing Inc., George Gardella, and Jessica Helquist-Gardella

1. through 22.     Paragraphs 1 through 22 of the First Count are hereby made Paragraphs 1 through 22 of this Seventh Count.

23.     Melwain Enterprises, Inc. is the corporate successor to the liabilities of AFNY, Inc.

24.     AFNY, AFA & Melwain are liable for the actions of their agents or joint venturers Associated and Smith.

13

25.  Prior to the issuance of the Bonds in question, AFNY, AFA, and Melwain agreed as a condition for the issuance of the Bonds that they would arrange for life insurance in the amount of $1,000,000 on the life of Francis Empey and that the Bonds would not be issued until such life insurance was obtained.

26.  The breaches of contract by AFNY, AFA, and Melwain or their agents and/or joint ventueres have caused Local and Gardella damages.

### As and For an Eighth Count in Negligent Misrepresentation Against AFNY, Inc., Associated Facilities of America Ltd., and Melwain Enterprises, Inc. by Local Towing Inc., George Gardella, and Jessica Helquist-Gardella

1. through 22.  Paragraphs 1 through 22 of the First Count are hereby made Paragraphs 1 through 22 of this Eighth Count.

23. through 27.  Paragraphs 25 through 29 of the Third Count are hereby made paragraphs 23 through 27 of the Eight Count.

28.  AFNY, AFA, and Melwain are liable for the negligent actions of Associated and Smith as their agents and joint venturers.

29.  Prior to the issuance of the Bonds in question, AFNY, AFA, and Melwain misrepresented that a life insurance policy in the amount of $1,000,000 would be issued on the life of Francis Empey with Local Towing Inc. as the beneficiary before the issuance of the Bonds.

30.  AFNY, AFA, and Melwain knew, or should have known, at the time that they represented to Local and Gardella that the Bonds would be issued without any life insurance on the life of Francis Empey being in place.

14

31.    AFNY, AFA, and Melwain in their communications and representations with Local and Gardella provided information in the course of their business, profession, or employment which they knew was not otherwise available to Local and Gardella and which they knew would be relied upon by Local and Gardella.

32.    The information provided by AFNY, AFA, and Melwain was a negligent misrepresentation in that the represented Bonds would not be issued until there was a life insurance policy on the life of Francis Empey for the benefit of Local.

33.    The information provided by AFNY, AFA and Melwain to Local and Gardella was for the purpose of guiding their business transactions with Safeco and the Territory of the United States Virgin Islands.

34.    The negligent misrepresentations of AFNY, AFA, and Melwain and their agents and joint venturers have caused Local and Gardella damages.


As and For a Ninth Count in Negligence Against AFNY, Inc., Associated Facilities of America Ltd., and Melwain Enterprises, Inc. by James Gardella

1. through 22.        Paragraphs 1 through 22 of the First Count are hereby made Paragraphs 1 through 22 of this Ninth Count.

23. through 28.        Paragraphs 23 through 28 of the Second Count are hereby made paragraphs 23 through 28 of the Ninth Count.

29.    AFNY, AFA and Melwain are liable for the negligent acts of the agents or joint venturers Associated and Smith.

30.    Prior to the issuance of the Bonds, Associated and Smith, the agents and joint venturers of AFNY, AFA, and Melwain, were told by James Gardella that he

15

would no longer indemnify any person or company for any bonds issued to Local Towing Inc. or any other person or company.

31.    AFNY, AFA, and Melwain acted negligently when they failed to ensure that James Gardella would not be an indemnitor on any further bonds, including the bonds issued by Safeco.

32.    The negligent actions of AFNY, AFA, and Melwain caused James Gardella damages.

As and For a Tenth Count in Negligence Against Charles Associates, P.C.
and Charles Sapochetti by Local Towing Inc., George Gardella,
and Jessica Helquist-Gardella

1. through 27.    Paragraphs 1 through 22 of the First Count and  23, 24, 25, 26 and 27 of the Second Count are hereby made Paragraphs 1 through 27 of this Tenth Count.

28.    Charles Assiciates, P.C. and Charles Sapochetti are liable for the negligent acts of their joint venturers Associated and Smith in their efforts to obtain bonds for the projects.

29.    Charles Associates, P.C. and Charles Sapochetti knew, or should have known, that the financial statement of Francis Empey was not accurate and contained substantial misrepresentations and omissions.

30.    Charles Associates, P.C. and Charles Sapochetti prepared financial statements of the assets and liabilities of Local Towing Inc. and George Gardella for submission to Safeco.

16

31.    The financial statements of Local Towing Inc. and George Gardella were negligently prepared in that the information contained therein was not verified.

32.    The financial statements of Local Towing Inc. and George Gardella contain inaccurate information that would not have been included if the information had been verified.

33.    If the information had been accurate, Safeco would have taken other steps to assure that there were sufficient assets to indemnify Safeco if claims were made under the Bonds or would not have issued the Bonds.

34.    Local and Gardella have suffered damages in that Safeco would have either not issued the Bonds or required additional indemnity to cover any losses under the Bonds.


As and For a Eleventh Count in Negligent Misrepresentation Against Charles Associates, P.C. and Charles Sapochetti by Local Towing Inc., George Gardella, and Jessica Helquist-Gardella

1. through 33.        Paragraphs 1 through 33 of the Tenth Count are hereby made Paragraphs 1 through 33 of this Eleventh Count.

34.    Charles Associates, P.C. and Charles Sapochetti had a duty to provide accurate information to Local and Gardella concerning the financial statement of Francis Empey.

35.    Charles Associates, P.C. and Charles Sapochetti in their communications with and representations to Local and Gardella provided information concerning the transaction with Safeco and Empey in the course of their business,

17

profession, or employment which they knew would be relied upon by Local and Gardella.

36.    The information provided by Charles Associates, P.C. and Charles Sapochetti to Safeco, Local and Gardella included negligent misrepresentations that Francis Empey had substantial assets and that he had limited liabilities.

37.    Charles Associates, P.C. and Charles Sapochetti knew, or should have known, that the representations that they made as enumerated above were false when they were made.

38.    Local and Gardella relied on the information provided by Charles Associates, P.C. and Charles Sapochetti and relied on their providing accurate information to Safeco.

39.    The negligent misrepresentations of Charles Sapochetti have caused Local and Gardella damages.


As and For a Twelfth Count in Negligence Against
Charles Associates, P.C. and Charles Sapochetti by James Gardella

1. through 38.    Paragraphs 1 through 38 of the Eleventh Count are hereby made Paragraphs 1 through 38 of this Twelfth Count.

39.    Charles Associates, P.C. and Charles Sapochetti prepared a financial statement of the assets and liabilities of Francis Empey.

40.    Charles Associates, P.C. and Charles Sapochetti included information in the financial statement of Francis Empey which they knew, or should have known, was false.

18

41.    During the period of 1999 to 2000, Charles Associates, P.C. and Charles Sapochetti prepared a financial statement of the assets and liabilities of James Gardella for submission to Safeco.

42.    The financial statement of James Gardella was negligently prepared in that the statement was prepared without the authority or permission of James Gardella, and in that the information contained therein was not verified by James Gardella.

43.    If James Gardella had been asked to verify the information contained in the statement, he would have been aware that he was being used as an indemnitor on the Bonds or for the Projects and would have been able to make certain that he was not an indemnitor on any Project or Bond or in any way responsible for the activities of Local Towing, Inc.

44.    Charles Associated, P.C. and Charles Sapochetti were negligent in releasing or delivering James Gardella's financial statement to Safeco or to their joint venturers Associated, Smith, AFNY, AFA, and Melwain when they knew they did not have Gardella's consent or approval to do so.

45.    The actions of Charles Associates, P.C. and Charles Sapochetti in not having prepared accurate financial statement for Francis Empey and not having reviewed the financial statement of James Gardella have caused James Gardella damages.

As and For a Thirteenth Count in Breach of Fiduciary Duty Against
Charles Associates, P.C. and Charles Sapochetti by James Gardella

1. through 43.        Paragraphs 1 and 43 of the Twelfth Count are hereby made Paragraphs 1 through 43 of this Thirteenth Count.

44.    Charles Associates, P.C. and Charles Sapochetti had special skills and knowledge in the field of accounting including the preparation of financial statements to be used to obtain credit, financial and bonding.

45.    Charles Associates, P.C. and Charles Sapochetti assumed a fiduciary relationship to James Gardella when they agreed to prepare a financial statement for James Gardella and/or act as a financial advisor to James Gardella.

46.    Charles Associates, P.C. and Charles Sapochetti included information in the financial statement of Francis Empey which they knew, or should have known, was false.

47.    Charles Associates, P.C. and Charles Sapochetti knew that the financial statements of Francis Empey, Local, and Gardella would be submitted to Safeco.

48.    Charles Associates, P.C. and Charles Sapochetti knew that Safeco would rely on the combined financial information provided by him concerning all parties involved in the Projects.

49.    During the period of 1999 to 2001, Charles Associates, P.C. and Charles Sapochetti prepared a financial statement of the assets and liabilities of James Gardella for submission to Safeco.

20

50.    The preparation of financial statements of James Gardella by Sapochetti abd Charles without either knowledge or the authority, or permission of James Gardella was a breach of their fiduciary duty to James Gardella.

51.    The breach of fiduciary duty by Charles Associates, P.C. and Charles Sapochetti to James Gardella was caused James Gardella damages.

As and For a Fourteenth Count in Misrepresentation Against Charles Associates, P.C. and Charles Sapochetti by Local Towing Inc., George Gardella, Jessica Helquist-Gardella, and James Gardella

1. through 22.        Paragraphs 1 through 22 of the Second Count are hereby made Paragraphs 1 through 22 of this Fourteenth Count.

23.    Associated and Smith arranged for financial statements to be prepared by Charles Associates, P.C. and Charles Sapochetti and assisted in the preparation of such statements submitted to Safeco.

24.    Charles Associates, P.C. and Charles Sapochetti knew or should have known that the financial statement of Francis Empey was not accurate and contained substantial misrepresentations or omissions.

25.    Charles Associates, P.C. and Charles Sapochetti had the obligation to provide accurate information to Local and Gardella  and Safeco concerning the financial statement of Francis Empey.

26.    Charles Associates, P.C. and Charles Sapochetti in their communications with and representations to Local and Gardella provided information concerning the issuance of the Bonds in the course of their business, profession, or employment which they knew would be relied upon by Local and Gardella.

21

27.    The information provided to Safeco, Local and Gardella by Charles Associates, P.C. and Charles Sapochetti included misrepresentations that Francis Empey had substantial assets and that he had limited liabilities.

28.    Charles Associates, P.C. and Charles Sapochetti knew that James Gardella did not authorize or approve the release of his financial information to Safeco or to Associates and Smith and misrepresented that he had such authority.

29.    Charles Associates, P.C. and Charles Sapochetti misrepresented that they were certified public accountants.

30.    Charles Associates, P.C. and Charles Sapochetti knew, or should have known, that the representations that they made were false when they were made.

31.    Charles Associates, P.C. and Charles Sapochetti knew that Local and Gardella would rely on their representations concerning Empey to them and to Safeco.

32.    Charles Associates, P.C. and Charles Sapochetti knew that James Gardella would rely on their keeping his financial information confidential.

33.    The misrepresentations of Charles Associates, P.C. and Charles Sapochetti have caused Local and Gardella and James Gardella damages.


As and For a Fifteenth Count in Misrepresentation Against Associated Insurance Agency, Inc. and Frederick J. Smith by Local Towing Inc., George Gardella and James Gardella

1. through 33.        Paragraphs 1 through 33 of the Fourteenth Count are hereby made Paragraphs 1 through 33 of the Fifteenth Count.


22

34.   Associated and Smith knew of the deliberate misrepresentations to Safeco, Local and Gardella by Charles Associates, P.C. and Charles Sapochetti.

35.   Associated and Smith knew that Charles Associates, P.C. and Charles Sapochetti had deliberately released James Gardella's financial information to Safeco without either the knowledge, consent, or approval of James Gardella.

36.   Associated and Smith assisted in the preparation and/or delivery of the false information concerning Francis Empey's financial information and in the delivery of James Gardella's financial information.

37.   Associated and Smith aided and abetted Charles Associates, P.C. and Charles Sapochetti's wrongful activity.

38.   As a result of Associated and Smith aiding and abetting such wrong activity Local and Gardella and James Gardella have been damaged.


As and For a Sixteenth Count For Agency Liability against AFNY, Inc.,
Associated Facilities of America Ltd., and Melwain Enterprises, Inc. by
Local Towing, Inc., George Gardella, Jessica Helquist-Gardella, and James Gardella

1. through 38.      Paragraphs 1 through 38 of the Fifteenth Count are hereby made Paragraphs 1 through 38 of this Sixteenth Count.

39.   AFNY, AFA and Melwain are liable to Local and Gardella for the acts of their agents or joint venturers Associated and Smith.

As and For an Seventeenth Count For Violating the Obligation of a Fiduciary Against AFNY, Inc., Associated Facilities of America Ltd., and Melwain Enterprises, Inc. by Local Towing Inc., George Gardella, Jessica Helquist-Gardella, and James Gardella

1. through 30 of the Fifth Count are hereby made Paragraphs 1 through 30 of this Eighteenth Count.

31.    AFNY, AFA and Melwain are liable to Local and Gardella for the acts of their cofiduciaries, Associated and Smith.

WHEREFORE, the Third-Party Plaintiffs pray that a judgment enter against the Third-Party Defendants as follows:

1.    Damages on the First Count against Associated Insurance Agency, Inc. and Frederick J. Smith in the amount of $3,000,000;

2.    Damages on the Second Count against Associated Insurance Agency, Inc. and Frederick J. Smith in the amount of $3,000,000;

3.    Damages on the Third Count against Associated Insurance Agency, Inc. and Frederick J. Smith in the amount of $3,000,000;

4.    Damages on the Fourth Count against Associated Insurance Agency, Inc. and Frederick J. Smith in the amount of $3,000,000;

5.    Damages on the Fifth Count against Associated Insurance Agency, Inc. and Frederick J. Smith in the amount of $3,000,000;

6.    Damages on the Sixth Count against Associated Insurance Agency, Inc. and Frederick J. Smith in the amount of $3,000,000;

24

7.     Damages on the Seventh Count against AFNY, Inc., Associated Facilities of America, Inc., and Melwain Enterprises, Inc. in the amount of $3,000,000;

8.     Damages on the Eighth Count against AFNY, Inc., Associated Facilities of America, Ltd., and Melwain Enterprises, Inc. in the amount of $3,000,000;

9.     Damages on the Ninth Count against AFNY, Inc., Associated Facilities of America, Ltd., and Melwain Enterprises, Inc. in the amount of $3,000,000;

10.    Damages on the Tenth Count against Charles Associates, P.C. and Charles Sapochetti in the amount of $3,000,000;

11.    Damages on the Eleventh Count against Charles Associates, P.C. and Charles Sapochetti in the amount of $3,000,000;

12.    Damages on the Twelfth Count against Charles Associates, P.C. and Charles Sapochetti in the amount of $3,000,000;

13.    Damages on the Thirteenth Count against Charles Associates, P.C. and Charles Sapochetti in the amount of $3,000,000.;

14.    Damages on the Fourteenth Count against Charles Associates, P.C. and Charles Sapochetti in the amount of $3,000,000.;

15.    Damages on the Fifteenth Count against Associated Insurance Agency, Inc. and Frederick J. Smith in the amount of $3,000,000.

16.    Damages in the Sixteenth Count against AFNY, Inc., Associated Facilities of America, Ltd. and Melwain Enterprises, Inc. in the amount of $3,000,000.

17.    Damages in the Seventeenth Count against AFNY, Inc., Associated Facilities of America, Ltd. and Melwain Enterprises, Inc. in the amount of $3,000,000; and

25

18.    Damages in the Eighteenth Count against AFNY, Inc., Associated Facilities of America, Ltd. and Melwain Enterprises, Inc. in the amount of $3,000.000 together with interest, costs, disbursements, and any other relief that the court deems appropriate.

Dated: Stamford, Connecticut
       May 14, 2003

Duncan B. Hume  (ct05581)
Hume & Associates
One Landmark Square
Stamford, CT 06901
Tel. 203-348-7252
Fax 203-324-4430

26