UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA and GENERAL INSURANCE COMPANY OF AMERICA, | DOCKET NO. 3:02 CV 1966 (AVC) |
| Plaintiffs, | |
| V. | |
| LOCAL TOWING INC., GEORGE GARDELLA, JESSICA HELQUIST-GARDELLA and JAMES GARDELLA, | |
| Defendants/Third-Party Plaintiffs | SEPTEMBER 21, 2005 |
| V. | |
| ASSOCIATED INSURANCE AGENCY, INC., FREDERICK. J. SMITH, AFNY, INC., ASSOCIATED FACILITIES OF AMERICA LTD., MELWAIN ENTERPRISES, INC., CHARLES ASSOCIATES, P.C., AND CHARLES SAPOCHETTI, | |
| Third-Party Defendants. | |

PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT
AGAINST DEFENDANT JAMES GARDELLA

1. Gardella Ignores The Controlling Discovery
   Subsequent To The Prior Summary Judgment Motion

This Court previously ruled that there was an issue of fact "regarding whether plaintiffs discharged [Gardella] from his personal liability under the GAI" based upon Gardella's May 3, 2004 affidavit that a "Safeco agent" informed him that his personal indemnity was no longer necessary (June 22, 2004 Decision, at p. 8). Gardella argues

1

that "Nothing has changed," and that the plaintiffs are "now trying to have a rehearing on their motion" (Gardella reply and opposition memorandum, p. 3).

However, Gardella's arguments should be rejected because the subsequent discovery has revealed (and Gardella has admitted) that the purported "agent," identified by Gardella in his deposition as Frederick Smith, was <u>not</u> Safeco's agent. As fully set forth in plaintiffs' moving papers, Gardella has now admitted:

> that Smith was the only individual with whom he dealt with respect to terminating his obligations under the GAI; that Smith represented himself to Gardella as an agent of Associated, and never represented to Gardella that either he, Smith, or Associated, had any authority to act on behalf of the plaintiffs; that Gardella never confirmed with the plaintiffs that Smith or Associated had any authority to act as agent on their behalf; and, finally, "<u>That Gardella had no contact (verbal, written or otherwise) with any employee or agent of the [plaintiffs] with respect to the GAI</u>." (Plaintiffs' opposition and cross-motion memorandum dated August 5, 2005, p. 6; Exh. "D" to Affidavit of Sean Kelley sworn to August 5, 2005; emphasis added)

Gardella's opposition papers improperly ignore this deposition testimony and admissions. It is this discovery that has now dramatically changed the nature of the evidence before the Court – from a disputed issue of fact to undisputed admissions.

Gardella previously avoided summary judgment pre-discovery by persuading this Court that there was an issue of fact regarding communications with a purported "Safeco agent". Subsequent discovery has revealed that Gardella's position was completely without merit because Smith was <u>not</u> Safeco's agent. Gardella should not be able to

98279 v2

2

avoid summary judgment post-discovery by persuading the Court to ignore his deposition testimony and admissions. Summary judgment should now be granted.

2. Gardella's Legal Argument Would Mean That All
   General Indemnity Agreements Are Unenforceable

Gardella's "legal" contention is that the indemnity agreement is unenforceable as a matter of law because it lacks "the essential terms" of a contract, i.e., that it does not identify the future jobs for which surety bonds are going to be written, or the amounts for which the indemnitors might become liable, which is the nature of a general indemnity agreement.[1] As set forth in plaintiffs' moving papers, the indemnity agreement at issue explicitly pertains to all bonds for which plaintiffs "now is or hereafter becomes Surety". Further, the indemnity agreement explicitly sets forth the manner in which an indemnitor can terminate his "continuing obligations," which Gardella admittedly did not do. (Plaintiffs' opposition and cross-motion memorandum dated August 5, 2005, p. 6).

General agreements of indemnity such as the one at bar, long enforced by both state and federal courts, do not fall within the cases cited by Gardella, either recent or ancient, that invalidate contracts for lacking "an essential term." The cases cited in plaintiffs' memorandum of law, as well as the past one hundred years of jurisprudence in the United States, have uniformly upheld the enforceability of such general indemnity

---

[1] The instant agreement is entitled "General Agreement Of Indemnity For Contractors", and expressly applies to all bonds which plaintiffs now or hereafter issue on behalf of Local Towing. This is different from a specific indemnity agreement that would be executed in connection with the issuance of a single particular bond, such as an appeal bond, fiduciary bond, bail bond, discharge of lien bond, and the like.

agreements. These cases have been fully cited in plaintiffs' moving memorandum, and have not been addressed by Gardella. For example, *see,* United States Fidelity & Guaranty Co. v. J. United Electrical Contracting Corp., et al., 62 F.Supp.2d 915 (E.D.N.Y. 1999) (where the District Court ordered specific performance of a collateral security provision in an indemnity agreement similar to the one in the present case).

In sum, any indemnitor who is concerned about his or her clear undertaking to indemnify the surety with respect to future bonds (the "continuing obligations") is free to terminate his or her liability according to the terms of the indemnity agreement. This Gardella admittedly did not do.

## CONCLUSION

For the reasons set forth in plaintiffs' papers in opposition to Gardella's motion for summary judgment and in support of plaintiffs' cross-motion for summary judgment against Gardella, and for the reasons set forth above, it is respectfully requested that the Court deny Gardella's motion for summary judgment and grant plaintiffs' cross-motion for summary judgment against James Gardella for (1) plaintiffs' unreimbursed payments of $599,979.75, plus interest from the date of each disbursement; (2) plaintiffs'

98279 v2                                    4

reasonable attorney's fees and expenses in an amount to be determined by the Court; and

(3) such other and further relief as this Court deems just and proper.

>Respectfully submitted,
>
>TORRE LENTZ GAMELL GARY
>& RITTMASTER, LLP
>
>
>By: _____
>        Benjamin D. Lentz  (BL 4860)
>
>A Member of the Firm
>Counsel for Plaintiffs
>Safeco Insurance Company of America
>General Insurance Company of America
>100 Jericho Quadrangle, Suite 309
>Jericho, New York 11753-2702
>(516) 240-8900

STATE OF NEW YORK         )
                          ) ss.:
COUNTY OF NASSAU          )

   Angela M. Charnay, being duly sworn, says: (1) I am not a party to this action, am over 18 years of age, and reside at Lindenhurst, New York; and (2) on September 21, 2005, I served the within REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT JAMES GARDELLA on each of the following attorneys (or parties) at the address set forth after said attorney's (or party's) name, that being the address designated by said attorney (or party) for that purpose, by depositing a true copy of same enclosed in postage-paid, properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York at 100 Jericho Quadrangle, Jericho, New York:

Duncan B. Hume, Esq.
Hume & Associates
8 Elm Street
Norwalk, CT 06850

James L. Brawley, Esq.
Tracey M. Lane Russo, Esq.
Anita C. Di Gioia, Esq.
Morrison, Mahoney & Miller, LLP
One Constitution Plaza, 10th Floor
Hartford, CT 06106

James J. Farell, Esq.
8 Elm Street
Norwalk, CT 06850

Richard N. Freeth, Esq.
Winget Spadofora & Schwartzberg, LLP
177 Broad Street, Suite 501
Milford, CT 06460

Luigi Spadofora, Esq.
Dianna D. McCarthy, Esq.
Winget Spadofora & Schwartzberg
45 Broadway, 19th Floor
New York, NY 10006

_____
Angela M. Charnay

Sworn to before me
September 21, 2005

_____
Notary Public
EILEEN KEATING
Notary Public, State Of New York
No. 01KE6089015
Qualified In Queens County
Commission Expires March 17, 2007