UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------x
SAFECO INSURANCE COMPANY OF : DOCKET NO.
AMERICA and GENERAL INSURANCE
COMPANY OF AMERICA, : 302CV1966AVC

        Plaintiffs

        Judge Alfred V. Covello

  v.

LOCAL TOWING INC., GEORGE GARDELLA, : September 26, 2005
JESSICA HELQUIST-GARDELLA, and
JAMES GARDELLA,

        Defendants.
------------------------------------------------------------x

LOCAL TOWING INC., GEORGE GARDELLA,
JESSICA HELQUIST-GARDELLA, and
JAMES GARDELLA,

        Third-Party Plaintiffs

  v.

ASSOCIATED INSURANCE AGENCY, INC.,
FREDERICK J. SMITH, AFNY, INC., MELWAIN
ENTERPRISES, INC., WAYNE PRICE, MARYANNE
PRICE, and ERIC EMPEY,

        Third-Party Defendants
------------------------------------------------------------x

## MEMORANDUM IN OPPOSITION TO
## CROSS-MOTIONS BY THIRD-PARTY DEFENDANTS

JAMES GARDELLA submits this memorandum in opposition to the two cross-motions filed by the third-party defendants.

The Motion to Dismiss Associated Insurance Agency, Inc. recognizes the division between the two groups of third-party plaintiffs. The first group of third-party plaintiffs consists of George Gardella, Jessica Helquist-Gardella, and Local Towing Inc. The second group of third-party plaintiffs consists of James Gardella. The motion against the first group is based on (1) the bankruptcy of George Gardella, Jessica Helquist-Gardella, and Local Towing, Inc., (2) an alleged failure to provide the information on the issue of damages, and (3) the failure to disclose an expert witness. These grounds are insufficient to serve as bases for the granting of a motion for summary judgment.

On the first issue, the bankruptcy of George Gardella, Jessica Helquist-Gardella, and Local Towing, Inc. is misstated. George Gardella and Jessica Helquist-Gardella filed for bankruptcy, and their obligations to the plaintiffs, if any, have been discharged by the court. As the debts that serve as the basis for the damages in the third-party action have been discharged by the court, there is no basis for their continued claims against Associated Insurance Agency, Inc.

Local Towing Inc. was the client of Associated Insurance Agency, Inc., and it has not filed for bankruptcy. Of the third-party plaintiffs in this group, only Local Towing Inc. continues to have the right to pursue its claim, and it continues to do so.

The second basis for the granting of the motion for summary judgment is the failure of these third-party plaintiffs to prove damages beyond the damages claimed as a result of the claim being made by the plaintiffs. This case is about the claims made by the plaintiff. If the plaintiffs are successful in proving liability against Local Towing Inc., then Local Towing Inc. will have as its damages against Associated Insurance Agency, Inc. the

2

damages that the plaintiffs are able to prove. The motion for summary judgment, at least on this point, is not based on a failure to prove any damages only those damages that are beyond the claims made by the plaintiffs. As Associated Insurance Agency, Inc, states in its Memorandum of Law at page 10:

> ...other than the claim made by Safeco which was discharged in bankruptcy, Third-Party LTI [Local Towing Inc.], George Gardella, and Jessica Gardella have failed to produce even one scintilla of evidence demonstrating damages in excess of Safeco's claims.

The claims made by Safeco against Local Towing Inc. continue to exist and Associated Insurance Agency, Inc. has received information concerning those damages.

The third claim made by Associated Insurance Agency, Inc. is that no expert has been produced to prove damages and the causation between the actions of this defendant and the damages. The damages that are being claimed by the plaintiffs serve as the basis for the claims of damages against the third-party defendants. The financial statement of Francis Empey was false. He died shortly after the bonds in question were issued, and his estate had essentially no value. The principal employee of Associated Insurance Agency, Inc. who handled this account and these bonds had known Francis Empey for a long time, and he either knew or had the obligation to knew the truth about Francis Empey's assets. He had both a fiduciary obligation and a professional obligation to inform Local Towing Inc. that Francis Empey's financial statement was false and should not be relied upon.

It is stated in the memorandum of Associated Insurance Agency, Inc. that in an action for breach of the covenant of good faith and fair dealing, three things are required: that the parties to the contract reasonably expected to receive certain benefits; that the defendant engaged in activities that injured the ability of the plaintiff to receive those

benefits; and that in committing those acts, the defendant was acting in bad faith, citing Advanced Financial Services, Inc. v. Saver Property & Casualty Inc., 2005 Conn. Super. LEXIS 438 (2005) (Wagner, J.T.R.).

In this case, Local Towing Inc. expected that Associated Insurance Agency, Inc. knew that Local Towing Inc. was relying on Associated's superior knowledge of the ability of Francis Empey to be able to indemnify the plaintiffs to the extent of the agreement negotiated by Associated between Local Towing Inc., and Francis Empey should the need arise. By not telling Local Towing Inc. the truth about Francis Empey's lack of financial ability, Associated Insurance Agency, Inc. injured the ability of Local Towing Inc. to receive the protection that it expected. Associated Insurance Agency, Inc. wanted to sell the bonds and earn its commission on the sales. It knew that Local Towing Inc. was engaging in risky behavior by purchasing bonds that it did not have the financial ability to indemnify, especially in light of James Gardella's earlier refusal to indemnify the bonding companies.

Associated Insurance Agency, Inc. is taking to position that the "breach" occurred long after it obtained the bonds for Local Towing Inc. This is not the case. The "breach" whether identified as a breach of a negligence obligation, a professional obligation, a contractual duty, of a fiduciary duty, took place when it failed to tell Local Towing Inc. that Francis Empey could not pay his proportionate share of a loss it there were one. That failure is the basis for the third-party complaint.

The second "group" of third-party plaintiffs consists of only James Gardella. His positions on some of the legal points are different than that of Local Towing Inc. and that difference is based on his lack of involvement in the issuance of the bonds under which

4

the plaintiffs made payments that serve as the basis for this litigation. The first reason proposed by Associated Insurance Agency, Inc. is that the stature of limitations ran before the third-party action was commenced. It agreed that the third-party action was commenced in March of 2003, but the question is when did the third-party action arise

The contract in question was bid in April of 2000. The contract was awarded in June of 2000, and the bonds were issued in July of 2000. There was an earlier bid bond, but that was not issued until April of 2000, when the contract were to bid, and there were no losses under that contract. Assuming that James Gardella knew that the plaintiffs were issuing bonds and expected that under the General Agreement of Indemnity they would look to him as an indemnitor, the earliest that a cause of action arose or the earliest that Associated Insurance Agency, Inc. did anything that could have been described as negligence was in April of 2000.

Associated Insurance Agency, Inc. makes the argument that an expert is needed in any action against an insurance broker or agent. That is not the case. No testimony by an expert is needed if the issue does not require a jury to be instructed as to the standards that apply. If an agent or broker is told not to do a specific act and he does it, there is no requirement that a professional testify.

James Gardella will be damaged if there is a verdict against him for the claims being made by the plaintiffs. James Gardella instructed Associated Insurance Agency, Inc. to make sure that he was not going to be an indemnitor on any bonds in the future. Associated Insurance agency, Inc. disregarded that instruction, and now he is faced with a

5

substantial claim that he would not be facing if his instructions had been followed. Under there circumstances, there is no need for an expert witness.

The motion for summary judgment by Melwain Enterprises, Inc. is well founded. While it was alleged that Melwain Enterprises, Inc. was the joint-venturer of Associated insurance Agency, Inc., the discovery and admissions make it clear that Melwain Enterprises, Inc. was the agent of the plaintiffs and acted on their behalf. Any misunderstanding that there might have been concerning the role of Melwain Enterprises, Inc. has become clear during the pendency of the litigation.

The argument concerning the key-man insurance policy was based on the insurability of Francis Empey. Francis Empey was not insurable at the time the bonds were issued. If the bonds had not been issued because there was no life insurance policy, there may have been claims under the bid bond, but those claims would have been far less that the present claims of the plaintiffs. The issue of the life insurance came up after the bid bond was issued, and that is not before the court.

## CONCLUSION

The cross-motion of Associated Insurance Agency, Inc. should be denied. Local Towing Inc. has a good claim against Associated Insurance Agency, Inc. for its failure to advise what it knew of should have known about the financial ability of Francis Empey to respond to any claims by the plaintiffs for indemnity or to pay his proportionate share of any losses on the bonded jobs. The claim by James Gardella is not time barred, as the failure of Associated Insurance Agency, Inc to follow the instructions given start the time

6

running on any claim. Until Associated Insurance Agency, Inc. failed to follow the instructions there was no cause of action. The damages are what is being claimed by the plaintiffs, and that information is admittedly known by Associated Insurance Agency, Inc.

The action against Melwain Enterprises, Inc. cannot be proven.


Dated: Norwalk, Connecticut
September 26, 2005

_____
James J. Farrell (ct 0889)

### Certificate of Service by Mail

The undersigned hereby certifies that a copy of the foregoing Answer was mailed via first class with the United States Postal Service, postage prepaid, to all counsel of record on September 26, 2005:

Constantine G. Antipas, Esq.
P.O. Box 526
Mystic, CT 06340

Benjamin D. Lentz, Esq.
Torre, Lentz, Gamell, Gary & Rittmaster, LLP
100 Jericho Quadrangle, Suite 309
Jericho, NY 11753

James L. Brawley, Esq.,
Tracey Lane Russo, Esq.
Morrison & Mahoney
One Constitution Plaza, 10th Floor
Hartford, CT 06103

Richard N. Freeth, Esq.
Winget, Spadofora & Schwartzberg, LLP
102 Broad Street

7

Stamford, CT 06901


Dated: Norwalk, Connecticut
       September 26, 2005

                                                  James J. Farrell