## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF CONNECTICUT

SAFECO INSURANCE COMPANY OF : CIVIL ACTION NO.
AMERICA AND GENERAL :
INSURANCE COMPANY OF :
AMERICA, :
    Plaintiffs :
     : 302CV1966 (AVC)
VS. :

3:02CV1966(AVC) October 7, 2005.

    The third-party defendant Associated Insurance Agency, Inc. ("Associated") has filed the within motion to dismiss the claims brought against it by third-party plaintiffs Local Towing, Inc., George Gardella, Jessica Helquist-Gardella and James Gardella ("TPPs"). For the reasons stated below, the motion is DENIED.

    Associated first argues that TPPs' third-party complaint is "improper under Federal Rule 14(a) of the Federal Rules of Civil Procedure" because the claims contained in it "are separate and independent to the main claim." Federal Rule 14(a) provides in relevant part: "At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." "A third-party claim may be asserted when the third party is potentially secondarily liable as a contributor to the defendant or where the third party's liability is dependent upon the outcome of the main action." McMillan v. Equifax Credit Info. Servs., 153 F. Supp. 2d 129, 131 (D. Conn. 2001) (citing Kenneth Leventhal & Co. v. Joyner Wholesale Co., 736 F.2d 29, 31 (2d Cir. 1984)). In this case the main claim involves the alleged breach of an indemnity agreement by the TPPs. In the third-party complaint, the TPPs allege that insofar as they are liable on the main claim, Associated is liable to them for all or part of the main claim. Therefore, Associated's liability is "dependent upon the outcome of the main action" and the court concludes that the third-party complaint is not improper.

    Associated next argues that the TPPs' claims should be dismissed because they are not ripe. The claims are not ripe, Associated argues, because they "are contingent upon the outcome of...Safeco's claims against them." This argument runs flatly against the purpose of Federal Rule 14(a), which is to "avoid the situation that arises when a defendant has been held liable to plaintiff and then finds it necessary to bring a separate action against a third individual who may be liable to defendant for all or part of plaintiff's original claim." Wright & Miller, Federal Practice and Procedure § 1442, at 289-90 (1990). The court is therefore not persuaded by Associated's argument. The argument is in any case moot as summary judgment has been entered in favor of Safeco in the main action.

    Associated finally argues that the TTPs' claims should be dismissed because they have failed to provide a damages analysis. As the damages in the third-party complaint are identical to the claim made by Safeco against the TTPs, and Associated is well aware of Safeco's claim, the court is not persuaded that the lack of a damages analysis is fatal.

    For the foregoing reasons, the motion to dismiss is DENIED.

SO ORDERED.

Alfred V. Covello, U.S.D.J.