**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

SAFECO INSURANCE COMPANY OF    :
AMERICA and GENERAL INSURANCE  :
COMPANY OF AMERICA,            :
  Plaintiffs,              :
                              :    Civil No. 3:02CV1966(AVC)
v.                             :
                              :
LOCAL TOWING INC., GEORGE      :
GARDELLA, JESSICA HELQUIST,    :
and JAMES GARDELLA,            :
  Defendants.              :

**RULING ON THE PLAINTIFFS'**
**MOTION FOR SUMMARY JUDGMENT**

    This is an action for damages arising out of the defendants'
alleged failure to perform their obligation under an indemnity
agreement.  It is brought pursuant to common law tenets
concerning breach of contract.  The plaintiffs, Safeco Insurance
Company of America and General Insurance Company of America
("Safeco"), has filed the within cross-motion for summary
judgment (document no. 132) pursuant to Fed. R. Civ. P. 56,
contending that there is no genuine issue of material fact and
that they are entitled to judgment as a matter of law against the
defendant James Gardella.

    The issue presented is whether there now is a genuine issue
of fact as to whether Safeco released the defendant, James
Gardella, from his obligation under the indemnity contract.  For
the reasons stated below, the court concludes that there is no
genuine issue of fact as to whether Safeco released James
Gardella from his obligation under the indemnity contract.

Therefore, the plaintiffs' motion for summary judgment (document no. 132) is GRANTED.

### STANDARD

On a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute, and that it is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  A dispute regarding a material fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir.), cert. denied, 506 U.S. 965 (1992) (quoting Anderson, 477 U.S. at 248).  The court resolves "all ambiguities and draw[s] all inferences in favor of the nonmoving party in order to determine how a reasonable jury would decide." Aldrich, 963 F.2d at 523.  Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

### FACTS

Examination of the complaint, affidavits, pleadings, exhibits, supplemental materials, and Rule 56(c) statements discloses the following undisputed, material facts:

On October 6, 1999, Safeco and General (collectively "the

2

surety") entered into a General Agreement of Indemnity (the "GAI") with Local Towing, George Gardella, Jessica Helquist-Gardella and James Gardella (collectively "the indemnitors"). Pursuant to the GAI, the indemnitors agreed to indemnify the surety "from all loss and expense in connection with any Bonds for which [Safeco or General]...now is or hereafter becomes Surety for" Local Towing as principal. Also under the GAI, the indemnitors agreed "to pay to [Safeco or General] upon demand: All loss, costs and expenses of whatsoever kind and nature...incurred by [Safeco or General]...on account of any default under the agreement by the" indemnitors. A party is in default under the GAI if, inter alia, they fail "to pay, to the extent due in whole or in part, claims, bills, or other indebtedness incurred in connection with the performance of any contract."

James Gardella signed the indemnity agreement both in his capacity as the secretary of Local Towing and in his individual capacity. In his May 3, 2004 affidavit, Gardella maintained that he signed the GAI in his individual capacity so that "Local Towing could get a job in Washington, D.C." Gardella further maintains that after Local Towing completed the Washington, D.C. project, he "made it known to the agent who handles the bonds...that [he] did not want to be on any more bonds." According to Gardella, the Safeco agent informed him that,

because "[Local Towing] was better off financially after the Washington job, it was no longer necessary that [Gardella]...agree to indemnify the plaintiffs." In that affidavit, Gardella did not identify the person with whom he had this conversation.

After this conservation allegedly occurred, Local Towing bid on two additional projects. One project was known as the "Stalley Bay Outfall Installation Project," and was located in St. Thomas, United States Virgin Islands (the "St. Thomas project"). The other project was known as the "Aguadilla Harbor Revetment Project," and was located in Puerto Rico (the "Aguadilla project"). Local Towing was the successful bidder and was awarded the contracts for both projects.

On July 26, 2000, the plaintiffs, Safeco and General, issued a performance bond and a payment bond on behalf of Local Towing in connection with the St. Thomas project. On August 1, 2000, Safeco and General issued an additional performance bond and a payment bond on behalf of Local Towing in connection with the Aguadilla project.

Subsequent to the issuance of the St. Thomas project and Aguadilla project bonds, Local Towing encountered financial difficulties on both projects and was unable to meet its financial obligations. Local Towing requested financial assistance in the form of loans from the plaintiffs. The

plaintiffs agreed to provide the requested financial assistance.

On or about February 15, 2002, the parties entered into a letter agreement with respect to these loans.  The purpose of the letter agreement was to "confirm Safeco's understanding of the request for financial assistance that is being made...[by] Local Towing, and the individual indemnitors."  The letter went on to explain that the "financial assistance" was being offered because Local Towing was "currently financially unable" to meet its obligations.  The letter also stated that this "failure to pay these obligations constituted a default under the General Agreement to Indemnify,...executed by [Local Towing and the] three individual indemnitors, [including] James Gardella."  James Gardella signed the letter agreement.

After the issuance of the letter agreement, Local Towing assigned all of the proceeds and claims of both the St. Thomas and Aquadilla projects to Safeco.  Nevertheless, the plaintiffs have suffered a loss of $599,979.75 in connection with honoring debts Local Towing incurred from the St. Thomas and Aquadilla projects.  The defendants have not reimbursed the plaintiffs for this loss.

On November 6, 2002, the plaintiffs filed the instant action seeking damages contending that the defendants failure to reimburse them constitutes a breach of the GAI.  On March 26, 2004, the plaintiffs filed a motion for summary judgment against

James Gardella and Local Towing.  On June 22, 2004, the court
granted the motion with respect to Local Towing but denied it
with respect to James Gardella on the grounds that Gardella had
"raised an issue of fact that Safeco discharged [Gardella's] duty
to indemnify the plaintiffs under the Indemnity Agreement."
Thereafter, on July 12, 2004, James Gardella gave a deposition in
which he identified the person whom he maintained discharged him
from the GAI as one Fred Smith.  On August 5, 2004, the
plaintiffs filed the within motion for summary judgment.


                              DISCUSSION

     On June 22, 2004, this court denied the plaintiffs' motion
for summary judgment with respect to their cause of action
against James Gardella.  In support of their motion, the
plaintiffs argued that Gardella signed the GAI in his individual
capacity and is therefore liable.  Gardella responded that there
"is a dispute as to the liability, if any, of James Gardella for
the monies spent by the plaintiffs."  Specifically, Gardella
maintained that Safeco released him from his obligations under
the GAI.

     In reaching the conclusion to deny the motion, the court
relied on Gardella's sworn affidavit wherein he stated that,
after the Washington D.C. project was complete but before the
plaintiffs issued the St. Thomas and Aguadilla bonds, Gardella

                                 6

informed Safeco that he no longer wanted to remain as an individual indemnitor under the GAI.  Gardella further stated that an agent of Safeco informed him that "it was no longer necessary that [Gardella]...indemnify" the plaintiffs, because "[Local Towing] was better off financially after the Washington job."  On that basis, the court concluded that Gardella had "adduced sufficient evidence to raise an issue of fact regarding whether the plaintiffs discharged him from his personal liability under the GAI."

The plaintiffs now argue that in the affidavit the court relied on, Gardella did not identify the purported "Safeco agent" with whom he spoke.  However, on July 12, 2004, Gardella gave a deposition in which he identified the person he was referring to as Fred Smith, a principal of Associated Insurance Agency, Inc, ("Associated").  In his answer to the within motion for summary judgment, Gardella confirms that "Fred Smith at Associated Insurance Agency, Inc." was the person with whom he spoke.

When the court denied the plaintiffs' previous motion for summary judgment, it explained that although the GAI provided for a specific procedure for termination of a party's liability, Gardella's failure to comply with that procedure does not, by itself, require the conclusion that there is no question of fact regarding whether Safeco abandoned the contract with respect to Gardella.  Cf. <u>Gaer Bros., Inc. v. Mott</u>, 147 Conn. 411, 416

7

(1960) ("that a contract [provides]...for...a method by which its life could be brought to an end....[does not mean that] the parties [can] not, by their conduct, abandon the contract").

However, only a party to a contract, or someone with the authority to act on behalf of the party, can release another party from the obligations of that contract. That is, a party who is under a contractual obligation cannot simply extract himself from that obligation without the consent of the other party. Here, Gardella has failed to allege that either Smith or Associated were parties to the GAI or that they otherwise had any authority to act on behalf of Safeco. Therefore, even if Gardella's conversation with Smith occurred as he maintains, he has nevertheless failed to allege any conduct by Safeco that a reasonable jury could interpret as Safeco releasing Gardella from his obligations under the GAI. The court therefore concludes that there is no genuine issue of fact as to whether Safeco released Gardella from his obligations under the GAI.

Consequently, summary judgment is GRANTED in favor of the plaintiffs with regard to the cause of action asserted against James Gardella.

<u>CONCLUSION</u>

For the foregoing reasons, the plaintiffs' cross-motion for summary judgment (document no. 132) is GRANTED.

The court has previously granted the plaintiffs' motion for

8

summary judgment against Local Towing, the other remaining
defendant in this case.  As provided for in the GAI, the
plaintiffs are therefore entitled to collect from Local Towing
and James Gardella, their unreimbursed payments of $599,979.75,
plus interest from the date of each disbursement, as well as the
plaintiffs' reasonable attorney's fees and expenses.


        It is so ordered this 7th day of October, 2005, at Hartford,
Connecticut.


                        _____/s/_____
                        Alfred V. Covello
                        United States District Judge