**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
SAFECO INSURANCE COMPANY OF      :
AMERICA and GENERAL INSURANCE    :
COMPANY OF AMERICA,              :
                                 :
     Plaintiffs,                 :
                                 :
v.                               :
                                 :
LOCAL TOWING INC., GEORGE        :
GARDELLA, JESSICA HELQUIST,      :   Civil No. 3:02CV1966(AVC)
and JAMES GARDELLA,              :
                                 :
     Defendants/Third-Party      :
     Plaintiffs,                 :
                                 :
v.                               :
                                 :
ASSOCIATED INSURANCE AGENCY,     :
INC., FREDERICK J. SMITH,        :
AFNY, INC., ASSOCIATED           :
FACILITIES OF AMERICA LTD.,      :
MELWAIN ENTERPRISES, INC.,       :
CHARLES ASSOCIATES, P.C.,        :
and CHARLES SAPOCHETTI,          :
                                 :
     Third-Party Defendants.     :
```

<u>RULING ON THIRD-PARTY DEFENDANT ASSOCIATED INSURANCE
AGENCY'S MOTION FOR SUMMARY JUDGMENT</u>

The third-party defendant, Associated Insurance Agency, Inc., ("Associated") has filed the within motion for summary judgment (document no. 138) pursuant to Fed. R. Civ. P. 56, with respect to Counts One, Two, Three, Four, Five, Six and Fifteen of the complaint filed by the third-party plaintiffs Local Towing, Inc., George Gardella, Jessica Helquist and James Gardella. For the reasons stated below, the motion for summary judgment is GRANTED in part and DENIED in part.

Case 3:02-cv-01966-AVC    Document 158    Filed 10/11/2005    Page 2 of 5


### 1. George Cardella and Jessica Helquist

The parties agree that George Cardella and Jessica Helquist filed for bankruptcy in September of 2003. As a consequence, the claim by Safeco insurance Company, Inc. ("Safeco") and General Insurance Company of America, Inc. ("General") against Cardella and Helquist was discharged on January 19, 2004. The parties further agree that it was the claim by Safeco and General that served as the basis for damages in this action by George Cardella and Jessica Helquist against Associated. The court therefore concludes, in agreement with both parties, that there is no longer any basis for a claim by George Cardella and Jessica Helquist against Associated. The motion for summary judgment with respect to George Cardella and Jessica Helquist is therefore GRANTED.

### 2. Local Towing and James Gardella

Associated first argues that it is entitled to summary judgment because Local Towing and James Gardella have failed to provide evidence of damages. The court does not concur as the damages claimed in the instant case are identical to the claim made by Safeco and General against Local Towing and James Gardella.

Associated then argues that it is entitled to summary judgment because Local Towing and James Gardella have failed to produce an expert to testify about the applicable standard of

care, damages and proximate cause.  The court does not agree that it is indisputable at this time that expert testimony will be required to prove the claims made by Local Towing and James Gardella.  Furthermore, as Local Towing and James Gardella are not barred from bringing expert testimony despite not yet having done so, it would be inappropriate for the court to render summary judgment against them on this ground.

Associated next argues that Local Towing cannot prove its allegation of a breach of fiduciary duty as any such duty Associated may have had to Local Towing ended "long before the alleged breach."  The parties dispute when the alleged breach occurred, however, and the court concludes that there is a genuine issue of fact as to when the alleged breach of fiduciary duty occurred.

Associated finally argues that they are entitled to judgment as a matter of law on James Gardella's claim of negligence because it was commenced "outside the statute of limitations."  Pursuant to Conn. Gen. Stat. § 52-577, an action for negligence must be brought within three years from the act or omission complained of.  Furthermore, "the time period within which a plaintiff must commence an action begins to run at the moment the act or omission complained of occurs."  Collum v. Chapin, 40 Conn. App. 449, 451 (1996).

In this case, the third-party complaint was filed on May 12, 2003.  Associated argues that the "very basis of Gardella's

negligence claim" is the alleged conversation between Gardella and Fred Smith, an employee of Associated, wherein Gardella informed Smith that he would no longer indemnify Safeco for any bonds issued to Local Towing.  Because this conversation took place sometime in March 2000 "at the very latest," more than three years passed between the act or omission complained of occurred and the filing of the action for negligence.

However, the complaint alleges that "[u]pon information and belief, Associate and Smith failed to take any action to ensure that James Gardella would not be considered as an indemnitor on any further bonds issued for Local Towing, Inc.'s projects."  The complaint does not allege that the conversation itself constituted negligence, but rather that the failure to act after the conversation had taken place was negligent.  The court therefore concludes that there is a genuine issue of fact as to whether the statute of limitations has run on Gardella's negligence claim.

On a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute, and that it is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 256 (1986).  The court concludes that Associated has failed to meet this burden with respect to the claims brought against Associated by Local Towing and James Gardella.  The motion for summary judgment with respect to Local

Towing and James Gardella is therefore DENIED.

## CONCLUSION

For the foregoing reasons, third-party defendant Associated Insurance Agency's motion for summary judgment (document no. 138) is GRANTED with respect to third-party plaintiffs George Gardella and Jessica Helquist and DENIED with respect to third-party plaintiffs Local Towing and James Gardella.

It is so ordered this 11th day of October, 2005, at Hartford, Connecticut.

```
        /s/
Alfred V. Covello
United States District Judge
```