UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SAFECO INSURANCE COMPANY OF | : | CIVIL ACTION NO. |
| AMERICA AND GENERAL INSURANCE | : | |
| COMPANY OF AMERICA, | : | |
|     Plaintiffs | : | |
| | : | |
| VS. | : | 302CV1966 (AVC) |
| | : | |
| LOCAL TOWING, INC., GEORGE | : | |
| GARDELLA, JESSICA HELQUIST- | : | |
| GARDELLA, AND JAMES GARDELLA | : | |
|     Defendants/Third-Party Plaintiffs | : | |
| | : | |
| VS. | : | |
| | : | |
| ASSOCIATED INSURANCE AGENCY, | : | |
| INC., FREDERICK J. SMITH, AFNY, | : | |
| INC., ASSOCIATED FACILITIES OF | : | |
| AMERICA LTD., MELWAIN | : | |
| ENTERPRISES, INC., CHARLES | : | |
| ASSOCIATES, P.C., AND CHARLES | : | |
| SAPOCHETTI | : | |
|     Third-Party Defendants | : | OCTOBER 24, 2005 |

## TRIAL MEMORANDA

In accordance with this Court's trial management order, the parties submit this joint trial report.

1.      **TRIAL COUNSEL**

    A.      For Plaintiff **Safeco Insurance Company of America and General Insurance Company of America**: Benjamin Lentz, Esq. and Sean Kelley, Esq. of Torre, Lentz, Gamell, Gary & Rittmaster, 100 Jericho Quadrangle, Jericho, NY 11753 and Constantine G. Antipas, Esq. of the Antipas Law Firm, One Forth Hill Road, Groton, CT 06340

    B.      For Defendants/Third Party Plaintiffs **Local Towing, Inc. and James Gardella**: Duncan Hume, Esq. of Hume & Associates, 8 Elm Street, Norwalk, CT 06850 and James J. Farrell, III, Esq., 8 Elm Street, Norwalk, CT 06850.

C.     For Third-Party Defendant **Associated Insurance Agency, Inc.**:    James L. Brawley, Esq., Tracey Lane Russo, Esq. of Morrison Mahoney LLP, One Constitution Plaza, 10th Floor, Hartford, CT 06106.

## 2.    JURISDICTION

### A.    Subject Matter Jurisdiction

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000) exclusive of interest and costs and is between citizens of different States.

### B.    Personal Jurisdiction

Personal jurisdiction is not disputed by the parties.

## 3.    JURY / NONJURY

The claims by and between Local Towing, Inc., James Gardella, and Associated Insurance Agency, Inc. are claimed to a jury.

With respect to the narrow issue of attorneys fees claimed by Safeco Insurance Company of America and General Insurance Company of America against Local Towing, Inc. and James Gardella, it is submitted by Plaintiff that this portion of the trial should be non-jury.

## 4.    NATURE OF THE CASE

### A.    Safeco's Claim Against Local Towing, Inc. and James Gardella

Safeco Insurance Company of America and General Insurance Company of America's remaining issue is for final judgment finding that their attorneys' fees and expenses totaling $153,355.93 plus the time preparing for and attending the trial are reasonable and due from Defendants Local Towing, Inc. and James Gardella pursuant to their obligations under the General Agreement of Indemnity ("GAI") dated October 6, 1999 and Judge Covello's orders

2

granting summary judgment dated June 22, 2004 (as to Local Towing, Inc.) and October 7, 2005 (as to James Gardella).

> **B.**    **Local Towing Inc. and James Gardella's Claim Against Associated Insurance Agency, Inc.**

Local Towing, Inc. and James Gardella contend that:

1.    James Gardella advised Fred Smith of Associated Insurance Agency, Inc. that he was no longer willing to serve as an indemnitor for Local Towing, Inc. following the completion of the job at the Pentagon Boat Basin.

2.    Fred Smith committed a breach of fiduciary duty by not telling James Gardella that he would have to write to Safeco Insurance Company and General Insurance Company in accordance with the terms of the General Agreement of Indemnity in order to end his obligation to continue to serve as an indemnitor or by agreeing to notify Safeco Insurance Company and General Insurance Company himself, expert testimony is not required to establish that fact.

3.    Fred Smith committed an act of professional negligence by not telling James Gardella that he would have to write to Safeco Insurance Company and General Insurance Company in accordance with the terms of the General Agreement of Indemnity in order to end his obligation to continue to serve as an indemnitor or by agreeing to notify Safeco Insurance Company and General Insurance Company himself, expert testimony is not required to establish that fact.

4.    Associated Insurance Agency, Inc. made a misrepresentation to James Gardella when Fred Smith led James Gardella to believe that he would no longer be an indemnitor on any further bonds issued by Safeco Insurance Company and General Insurance Company for Local Towing, Inc.

5.    James Gardella did not know that his indemnity was being used for the issuance of the bonds following the Pentagon Boat Basin job. He knew that he was not going to be compensated as an indemnitor, and he believed that if he was not being compensated, he was not an indemnitor.

### C.    Associated Insurance Agency, Inc.'s Claim As To Local Towing Inc. and James Gardella

Associated Insurance Agency, Inc. denies the claims of Local Towing, Inc. and James Gardella.

### 5.    STIPULATION OF FACT AND LAW

#### A.    Stipulations of Fact

The following facts are undisputed:

1.    Francis Empey's health condition precluded him from qualifying for Key Man Life Insurance.

2.    At the time that Local Towing, Inc. ("LTI") decided to go forward with the St. Thomas project, George Gardella, president of LTI, knew that Francis Empey had no Key Man Life Insurance policy in place at the time of his death.

3.    LTI never directed Safeco not to issue the bonds until a GAI was executed by Francis Empey.

4.    James Gardella admitted that AIA and/or Fred Smith did not, at any time, represent to him that his personal guarantee had been removed from the GAI.

5.    James Gardella did not condition his signature on the GAI upon Francis Empey obtaining Key Man Life Insurance.

6.    Fred Smith never held himself out to be an agent of Safeco.

7.    AIA never held itself out as an agent of the surety.

8.    By letter agreement dated February 20, 2002, Local Towing, Inc., James Gardella, and George Gardella reaffirmed their obligations under the GAI and that Local Towing, Inc., James Gardella and George Gardella were in "DEFAULT" under the terms of the

4

GAI, and James Gardella, and George Gardella further agreed to repay all funds loaned as a result of this accommodation pursuant to the terms of the GAI.

### B.    Stipulations of Law

The parties have been unable to stipulate as to any issues of law.

## 6.    PLAINTIFF'S CONTENTIONS

### A.    Safeco's Claim Against Local Towing, Inc. and James Gardella

Safeco Insurance Company of America and General Insurance Company of America contend that their attorneys' fees and expenses totaling $153,355.93 plus the cost of the time preparing for and attending the trial in this matter are reasonable and due from Defendants Local Towing, Inc. and James Gardella pursuant to the GAI.

### B.    Local Towing, Inc. and James Gardella's Claims Against Associated Insurance Agency, Inc.

Local Towing, Inc. and James Gardella contend that:

1.    James Gardella advised Fred Smith of Associated Insurance Agency, Inc. that he was no longer willing to serve as an indemnitor for Local Towing, Inc. following the completion of the job at the Pentagon Boat Basin.

2.    Fred Smith committed a breach of fiduciary duty by not telling James Gardella that he would have to write to Safeco Insurance Company and General Insurance Company in accordance with the terms of the General Agreement of Indemnity in order to end his obligation to continue to serve as an indemnitor or by agreeing to notify Safeco Insurance Company and General Insurance Company himself, expert testimony is not required to establish that fact.

3.    Fred Smith committed an act of professional negligence by not telling James Gardella that he would have to write to Safeco Insurance Company and General Insurance

5

Company in accordance with the terms of the General Agreement of Indemnity in order to end his obligation to continue to serve as an indemnitor or by agreeing to notify Safeco Insurance Company and General Insurance Company himself, expert testimony is not required to establish that fact.

     4.    Associated Insurance Agency, Inc. made a misrepresentation to James Gardella when Fred Smith led James Gardella to believe that he would no longer be an indemnitor on any further bonds issued by Safeco Insurance Company and General Insurance Company for Local Towing, Inc.

     5.    James Gardella did not know that his indemnity was being used for the issuance of the bonds following the Pentagon Boat Basin job. He knew that he was not going to be compensated as an indemnitor, and he believed that if he was not being compensated, he was not an indemnitor.

7.    **DEFENDANT'S CONTENTIONS**

Defendant Associated Insurance Agency, Inc. contends that:

1.    Associated Insurance Agency, Inc. did not breach any alleged fiduciary duty to either Local Towing, Inc. or James Gardella and, to the extent that Plaintiffs allege that it did, expert testimony is required to establish that fact;

2.    Associated Insurance Agency, Inc. did not commit professional negligence in connection with its relationship with Local Towing, Inc. and/or James Gardella and, to the extent that Plaintiffs allege that it did, expert testimony is required to establish that fact;

3.    Associated Insurance Agency, Inc. did not make any misrepresentations to Local Towing, Inc. and/or James Gardella;

4.    Associated Insurance Agency, Inc. did not breach any contract with Local Towing, Inc. and/or James Gardella;

5.    Local Towing, Inc. and/or James Gardella's damages were caused by their own negligence, not that of Associated Insurance Agency, Inc.;

6.    James Gardella knew that his personal guarantee remained on the General Agreement of Indemnity ("GAI") prior to the issuance of the bonds for the St. Thomas and Aguadilla projects and, to that end, had negotiated with Local Towing, Inc. to be compensated for that personal guarantee on both projects and therefore, he cannot establish that Associated Insurance Agency, Inc. failed to advise him that he continued to be on the GAI at all relevant times;

7.    At the time that Local Towing, Inc. commenced work on the St. Thomas project, it knew that there was no Key Man Life Insurance policy in place <u>and</u> that Francis Empey and/or his heirs had no duty to indemnify Local Towing, Inc. for that project because Francis Empey's indemnity only extended to those projects he was involved in; and

8.    Associated Insurance Agency, Inc. is in no way liable for to James Gardella and/or Local Towing, Inc. and denies that it proximately caused the alleged damages claimed by Local Towing, Inc. and James Gardella.

9.    Any alleged damages of Local Towing, Inc. and/or James Gardella were proximately caused by their own negligence.

## 8.    LEGAL ISSUES

### A.    Legal Issues Raised By Safeco's Claim Against Local Towing, Inc. and James Gardella

Pursuant to Judge Covello's Orders dated October 7, 2005 and June 22, 2004 granting summary judgment to Safeco Insurance Company of America and General Insurance Company of America, there is no issue with respect to the liability of defendants James Gardella and Local Towing, Inc. for the unreimbursed payments of $599,979.75 (plus interest) made by Plaintiffs on behalf of Local Towing, Inc. in connection with the performance and payment bonds issued by Plaintiffs on behalf of Local Towing, Inc.

**B.     Legal Issues Raised Local Towing, Inc. and James Gardella's Claims Against Associated Insurance Agency**

1.     What standard of care, if any, was owed by Associated Insurance Agency, Inc. to Third-Party Plaintiffs Local Towing, Inc. and James Gardella?

2.     Did Associated Insurance Agency, Inc. breach that standard of care?

3.     Are Third-Party Plaintiffs precluded from establishing an alleged breach of the standard of care because they have failed to disclose an expert witness?

4.     Given Third-Party Plaintiffs knowledge and admissions, will they be able to establish that there is a proximate cause between their damages and the alleged conduct of Associated Insurance Agency?

5.     What fiduciary duty, if any, was owed by Associated Insurance Agency, Inc. to Plaintiffs Local Towing, Inc. and James Gardella?

6.     Did Associated Insurance Agency, Inc. breach that duty?

7.     Are Third-Party Plaintiffs precluded from establishing an alleged breach of the standard of care because they have failed to disclose an expert witness on this issue?

8.     Are James Gardella's claims precluded by the applicable statute of limitations?

9.     Did Associated Insurance Agency, Inc. have a contract with Local Towing, Inc. and/or James Gardella and, if so, did it breach that contract?

10.    Were Local Towing, Inc. and Associated Insurance Agency, Inc. comparatively negligent and did they cause their own damages?

11.    Did the February 20, 2002 letter signed by James Gardella created an independent legal duty to reimburse Safeco for any monies paid in satisfaction of the surety bond and if so, what impact does that have on his claim that he should have been removed from the GAI?

## 9.    VOIR DIRE QUESTIONS

Please see attached.

## 10.    LIST OF WITNESSES

### A.    Safeco's Witnesses

With respect to the inquest regarding the reasonableness of Plaintiffs' attorneys' fees, Plaintiffs will call:

1.    Benjamin D. Lentz, Esq. of Torre, Lentz, Gammell, Gary & Ritmaster, LLP with offices located at 100 Jericho Quadrangle, Jericho, New York 11753

2.    Ira Sussman, Esq. of Safeco Insurance Company of America with offices located at 2800 West Higgins Road, Suite 465, Hoffman Estates, Illinois 60195

3.    Dennis Cavanaugh, Esq. and Peter Strniste, Esq. formerly of Halloran & Sage with offices located at One Goodwin Square, 225 Asylum Street, Hartford, Connecticut 06103

4.    Constantine G. Antipas, Esq. of the Antipas Law Firm with offices located at 1 Fort Hill Road, Groton, Connecticut 06340

The anticipated testimony of Mr. Lentz, Mr. Sussman, Mr. Cavanaugh, Mr. Strniste, and Mr. Antipas would be that the Plaintiffs' attorneys fees totaling $153,355.93 were expended in the efforts to honor Plaintiffs' obligations under performance and payment bonds issued by Plaintiffs on behalf of Defendant Local Towing, Inc. and to enforce the GAI against Defendants Local Towing, Inc. and James Gardella and that said fees are reasonable and necessary towards that end.

### B.    Local Towing Inc.'s Witnesses

Local Towing Inc. plans on calling the following witness: James Gardella, who will testify as to his relationship with Fred Smith and Associated Insurance Agency, Inc. He will testify as to his relationship with Local Towing Inc., its projects and his involvement in those projects from the time that he transferred ownership of the company to George C. Gardella. He

will also testify as to his communications with Safeco Insurance Company and General Insurance Company.

### C.    James Gardella's Witnesses

James Gardella plans on calling the following witness: James Gardella, who will testify as to his relationship with Fred Smith and Associated Insurance Agency, Inc. He will testify as to his relationship with Local Towing Inc., its projects and his involvement in those projects from the time that he transferred ownership of the company to George C. Gardella. He will also testify as to his communications with Safeco Insurance Company and General Insurance Company.

### D.    Associated Insurance Agency, Inc.'s Witnesses

Third-Party Defendant Associated Insurance Agency, Inc. expects to call the following witnesses:

1.    James Gardella of East Norwalk, Connecticut. James Gardella is expected to testify, either on direct examination or cross, as to each and every aspect of the claims of James Gardella and Local Towing, Inc. against AIA including but not limited to the following: his claim that Fred Smith of AIA told him that he could be taken of GAI; his claim that AIA should have prevented the bonds from being issued without Key Man Life insurance for Frances Empey in place; his claim that AIA did not disclose certain facts known to AIA concerning Frances Empey. James Gardella is expected to testify further concerning the projects known as St. Thomas and Aguadila; the business records of Safeco, AIA, Melwain Enterprises, Local Towing, Inc., George Gardella and James Gardella; his financial interest in the projects known as St. Thomas and Aguadilla and/or any other business records disclosed in connection with this litigation; his business dealings and the business dealings of Local Towing, Inc. with the parties to this litigation; James Gardella's communications, correspondence and meeting with the parties and/or individuals related to this case.

2.    George Gardella of Connecticut. George Gardella is expected to testify, either on direct examination or cross, as to each and every aspect of the claims of James Gardella and Local Towing, Inc. against AIA including but not limited to the following: the claim that Fred Smith of AIA told James Gardella that he could be taken of GAI; the claim that AIA should have prevented the bonds from being issued without Key Man Life insurance for Frances Empey in place;

the claim that AIA did not disclose certain facts known to AIA concerning Frances Empey. George Gardella is expected to testify further concerning the projects known as St. Thomas and Aguadila; the business records of Safeco, AIA, Melwain Enterprises, Local Towing, Inc., George Gardella and James Gardella; Local Towing, Inc.'s and/or James Gardella's financial interest in the projects known as St. Thomas and Aguadilla and/or any other business records disclosed in connection with this litigation; the business dealings and the business dealings of Local Towing, Inc. with the parties to this litigation; George Gardella and/or James Gardella's communications, correspondence and meeting with the parties and/or individuals related to this case.

3.      Benjamin Lentz, Esq. of Torre, Lentz, Gamell, Gary & Rittmaster, 100 Jericho Quadrangle, Jericho, NY 11753, is expected to testify, either on cross or direct examination, as to any communications with Local Towing, Inc.; George Gardella, James Gardella, their agents and/or employees including, but not limited to, a series of communications held in or about February 2002; a letter agreement signed by James Gardella and George Gardella dated February 20, 2002; and the obligations of Local Towing, Inc., James Gardella, George Gardella, and Jessica Helquist Gardella regarding under the GAI and the letter dated February 20, 2002.  Attorney Lentz is expected to testify further concerning any communication that he had on behalf of Safeco with George Gardella and James Gardella.

4.      Wayne Price and MaryAnn Price (hereinafter referred to collectively as "Price"), formerly of Melwain Enterprises, Inc. located in New York, my testify as to the relationship and business dealings by and between the parties to the instant litigation as well as each of the named defendants who may or may not be parties to the litigation; the management of Local Towing, Inc. projects; the company history of Local Towing, Inc.  Price will testify concerning any conversations, correspondence and interaction with the agents and/or employees of Local Towing, Inc., James Gardella, George Gardella, and Jessica Helquist Gardella.  Price will testify concerning any conversations with Terry Smith, Fred Smith, AIA, James Gardella, George Gardella, and/or the agents and/or employees of Safeco concerning the necessity of James Gardella's personal indemnity guarantee on the GAI, the Key Man Life Insurance issue and Frances Empey's agreement to indemnify Safeco only for those projects he was involved in.

5.      Terry Smith of Associated Insurance Agency, Inc. is expected to testify concerning all aspects of the claims of James Gardella, George Gardella and Local Towing, Inc. including but not limited to: the history and business dealings between the agents and/or employees of AIA and the agents and/or employees of Local Towing, Inc., James Gardella, George Gardella and/or Jessica Helquist Gardella.  Terry Smith is also expected to testify further concerning the communications, conversations, and writings by and between Terry Smith, Fred Smith, Associated Insurance Agency, Inc., James Gardella,

11

George Gardella, Jessica Helquist Gardella and/or the agents and employees of Local Towing, Inc. concerning their obligations under GAI; that neither Terry Smith or anyone else from AIA agreed to and/or informed James Gardella or anyone else that James Gardella could be and/or had been taken off the GAI; Safeco's request for Key Man Life Insurance for Frances Empey and Frances Empey's efforts to procure the same. Terry Smith is also expected to testify concerning any communications by and between Terry Smith, Associated Insurance Agency, Inc., Fred Smith and the agents and/or employees of AIA, James Gardella, George Gardella, and/or the agents or employees of Local Towing, Inc. concerning the financial condition of Frances Empey including but not limited to the issue of whether Mr. Empey was bondable; the management of the St. Thomas and Aguadilla projects; the authentication of business records received and/or generated by the agents and/or employees of AIA. Terry Smith may testify that Fred Smith is currently in a nursing home and that his health prevents him from attending and/or participating in the litigation/trial of this matter; and as to the relationship and business dealings by and between the parties to the instant litigation as well as each of the named defendants who may or may not be parties to the litigation.

6.   Anthony Mascia, M.D. of 1591 Boston Post Road, Suite 100, Guilford, CT who is expected to testify by deposition transcript that Francis Empey's health condition precluded him from qualifying for Key Man Life Insurance.  Dr. Mascia is expected to testify further concerning the facts and opinions set forth in his expert disclosure.

7.   Record Keeper for Safeco Insurance Company of America and General Insurance Company of America who is expected to attest to the authenticity of the Safeco business records sought to be introduced by Associated Insurance Agency, Inc. and which were disclosed by Safeco Insurance Company of America and General Insurance Company of America in connection with this litigation.

8.   Record Keeper for Melwain Enterprises, Inc. who is expected to attest to the authenticity of the Safeco business records sought to be introduced by Associated Insurance Agency, Inc. and which were disclosed by Safeco Insurance Company of America and General Insurance Company of America in connection with this litigation.

9.   Joseph Mallory of Safeco Insurance Company of America who is expected to testify as to the underwriting process of Local Towing, Inc.'s surety bond and any interaction with James Gardella, George Gardella, Francis Empey, Michael Empey, Associated Insurance Agency, Inc., Fred Smith, Terry Smith, Wayne Price, MaryAnn Price, and Melwain Enterprises, Inc. and/or the agents and/or employees of the aforementioned. Mr. Mallory is expected to testify concerning all of his communications, whether written or oral, with James Gardella, Jessica

Helquist Gardella, George Gardella and/or the agents and/or employees of Local Towing, Inc.

10. Scott Brackenbury of Safeco Insurance Company of America who is expected to testify as to the underwriting process of Local Towing, Inc.'s surety bond and any interaction with James Gardella, George Gardella, Francis Empey, Michael Empey, Associated Insurance Agency, Inc., Fred Smith, Terry Smith, Wayne Price, MaryAnn Price, and Melwain Enterprises, Inc. Mr. Mallory is expected to testify concerning all of his communications, whether written or oral, with James Gardella, Jessica Helquist Gardella, George Gardella and/or the agents and/or employees of Local Towing, Inc.

11. William Hattings of Safeco is expected to testify as to the February 11, 2002 meeting with James Gardella, George Gardella, Scott Brackenbury, Blake Wilcox, and William Hattings; a February 14, 2002 telephone conference call by and between Benjamin Lentz, William Hattings, George Gardella, and James Gardella; and a written letter agreement dated February 20, 2002 which was signed and acknowledged by James Gardella and George Gardella.

12. Susan DiCairano of Connecticut is expected to testify concerning all of her communications with James Gardella, George Gardella, Jessica Helquist Gardella and/or the agents and/or employees of Local Towing Inc. regarding the claims made by Local Towing, Inc. in connection with this litigation. Ms. DiCairano is also expected to testify as to any communications, whether written or oral, by and between the parties to the instant litigation as well as each of the named defendants who may or may not be parties to the litigation of which she was aware.

13. Michael Empey is expected to testify concerning all of his communications by and between the parties to the instant litigation as well as each of the named defendants who may or may not be parties to the litigation of which he was aware. Michael Empey will testify further concerning the work of Local Towing, Inc., the involvement of George Gardella and James Gardella with the same, and the claims made against AIA in the instant litigation. Michael Empey will testify further concerning his communications with George Gardella and James Gardella with regard to the financial condition of the estate of Frances Empey.

14. Charles Sapochetti may testify concerning the financial statements he prepared for James Gardella, George Gardella, Jessica Helquist Gardella and Local Towing, Inc. and the source of the information upon which he relied. Mr. Sapochetti may testify concerning any communications with James Gardella, Jessica Helquist Gardella and/or George Gardella.

15.     Robert Cleary may testify concerning his efforts to obtain Key Man Life Insurance for Frances Empey and to authenticate all documents generated and/or received in connection with these efforts.

16.     Robert Sanfillipo may testify concerning his efforts to obtain concerning his efforts to obtain Key Man Life Insurance for Frances Empey and to authenticate all documents generated and/or received in connection with these efforts.

## 11.    LIST OF EXHIBITS

### A.     Safeco's Exhibits

Plaintiffs' exhibits will include:  copies of invoices from the law firms of Torre, Lentz, Gamell, Gary & Rittmaster, LLP, Halloran & Sage, and the Antipas Law Firm supporting the $153,355.93 in attorneys' fees and expenses.

### B.     Local Towing Inc.'s Exhibits

Local Towing Inc.'s exhibits will include communications with Associated Insurance Agency, Inc., Melwain Enterprises, Inc., Safeco Insurance Company, and General Insurance Company, and financial information provided to Safeco Insurance Company, and General Insurance Company.

### C.     James Gardella's Exhibits

James Gardella's exhibits will include communications with Associated Insurance Agency, Inc., Melwain Enterprises, Inc., Safeco Insurance Company, and General Insurance Company, financial information provided to Safeco Insurance Company, and General Insurance Company, the General Agreement of Indemnity,  the letter signed at a meeting with Safeco Insurance Company and General Insurance Company, and the demands made by Safeco and General and the supporting invoices and other financial documents for those demands.

### D.     Associated Insurance Agency, Inc.'s Exhibits

Please see attached exhibit list.

14

**13.    REQUESTS FOR JURY INSTRUCTIONS**

Please see attached.

**14.    ANTICIPATED EVIDENTIARY PROBLEMS**

**A.    Safeco**

None as to the issue of the reasonableness of attorneys fees and costs.

**B.    Local Towing Inc.**

None submitted.

**C.    James Gardella**

None submitted.

**D.    Associated Insurance Agency, Inc.**

As set forth in the attached Motion in Limine, Associated Insurance Agency, Inc. seeks to preclude the introduction of evidence on the following issues:  (1) Fred Smith's criminal record; (2) damages sustained by Third-Party Plaintiffs in excess of the amount paid by Safeco under the GAI bond; and (3) any and all expert witness testimony regarding the applicable standard of care and any alleged breach of said standard.

**15.    PROPOSED FINDINGS AND CONCLUSIONS**

This is a jury case.

**16.    TRIAL TIME**

It is anticipated that the trial of this case shall take approximately six days.

**17.    FURTHER PROCEEDINGS**

None are anticipated.

**18.    ELECTION FOR TRIAL BY MAGISTRATE**

The parties have not agreed to have the case tried by a United States Magistrate.

PLAINTIFFS
SAFECO INSURANCE COMPANY OF AMERICA
AND GENERAL INSURANCE COMPANY OF
AMERICA


BY: _Benjamin D Lentz_ _s/s Tracey Lane Russo_
    Benjamin D. Lentz, Esq.
    Sean Kelly, Esq.
    Torre, Lentz, Gamell, Gary & Rittmaster
    100 Jericho Quadrangle, Suite 309
    Jericho, NY 11753-2702

DEFENDANTS/THIRD PARTY PLAINTIFFS
LOCAL TOWING, INC. AND JAMES GARDELLA


BY: _Duncan B Hume_ _s/s Tracey Lane Russo_
    Duncan B. Hume, Esq.
    Hume & Associates
    One Landmark Square, Suite 525
    Stamford, CT 06901


BY: _____
    James J. Farrell, Esq.
    8 Elm Street
    Norwalk, CT 06850


THIRD-PARTY DEFENDANT,
ASSOCIATED INSURANCE AGENCY, INC.


BY: _____
    James L. Brawley– CT 17321
    Tracey Lane Russo– CT 19865
    MORRISON MAHONEY LLP
    One Constitution Plaza, 10th Floor
    Hartford, CT 06106
    Phone:  (860) 616-4441

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SAFECO INSURANCE COMPANY OF | : | CIVIL ACTION NO. |
| AMERICA AND GENERAL INSURANCE | : | |
| COMPANY OF AMERICA, | : | |
|     Plaintiffs | : | |
| | : | |
| VS. | : | 302CV1966 (AVC) |
| | : | |
| LOCAL TOWING, INC., GEORGE | : | |
| GARDELLA, JESSICA HELQUIST- | : | |
| GARDELLA, AND JAMES GARDELLA | : | |
|     Defendants/Third-Party Plaintiffs | : | |
| | : | |
| VS. | : | |
| | : | |
| ASSOCIATED INSURANCE AGENCY, | : | |
| INC., FREDERICK J. SMITH, AFNY, | : | |
| INC., ASSOCIATED FACILITIES OF | : | |
| AMERICA LTD., MELWAIN | : | |
| ENTERPRISES, INC., CHARLES | : | |
| ASSOCIATES, P.C., AND CHARLES | : | |
| SAPOCHETTI | : | |
|     Third-Party Defendants | : | OCTOBER 24, 2005 |

## ASSOCIATED INSURANCE AGENCY, INC.'S MOTIONS IN LIMINE

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials. See generally Fed. Rule Evid. 103(c)." Luce v. United States, 469 U.S. 38; 105 S.Ct. 460 (1984). In accordance with that practice, Associated Insurance Agency, Inc. ("AIA") respectfully requests that this Court preclude the following: (1) any mention of Fred Smith's criminal conviction; (2) any claim and/or testimony by any witness regarding Local Towing, Inc.'s claim and that of James Gardella, as set forth in their pleadings, that they sustained damages in excess of "the claim made by Safeco against Local Towing, Inc."; and (3) any testimony, expert or otherwise, as to, *inter alia*, the applicable standard of care owed by an insurance agent/broker to a client.

17

**I.      This Court Should Preclude The Introduction of Evidence Concerning Fred Smith's Criminal Conviction Because He Will Not Be A Witness At Trial**

Defendant Associated Insurance Agency, Inc. respectfully requests that this Court preclude any mention of Fred Smith's criminal conviction. As set forth in the trial management report filed this same date, Mr. Smith will not be a witness during the trial of this case and therefore, it would be improper to allow the introduction of evidence of his criminal conviction. Rule 609(a) provides that: "[f]or the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment. See Fed. R. Evid. 609(a).

Because Mr. Smith will not be a witness, this evidence may not be introduced.

**II.      This Court Should Preclude The Introduction of Any Evidence or Testimony That The Damages Allegedly Sustained By Local Towing, Inc. and/or James Gardella Are In Excess Of Safeco's Claim Against Plaintiffs**

Third-Party Plaintiffs' Complaint alleges that they sustained damages in excess of "three million dollars." However, in subsequent pleadings, Third-Party Plaintiffs abandon that position. Specifically, in their Objection to AIA's Motion for Summary Judgment they represent that "the damages claimed in the instant case by [Third-Party Plaintiffs against AIA] are identical to the claim made by Safeco against LTI and James Gardella." (See Court's October 11, 2005 Ruling on AIA's Motion for Summary Judgment at p. 2.) Accordingly, Third-Party Plaintiffs should be precluded from introducing any testimony or evidence and/or

making any claim of damages in excess of the claim made against Third-Party Plaintiffs by Safeco.

### III.    This Court Should Preclude All Expert Testimony From An Expert And/Or Lay Witness

Associated Insurance Agency, Inc. requests, pursuant to Fed. R. Civ. P. 37, that Local Towing, Inc. and/or James Gardela be precluded from offering expert testimony on any issue from any trial witness who was not identified as an expert on that issue or did not submit an expert report, in violation of the Court's Scheduling Order and Fed. R. Civ. P. 26(a)(2)(A).

Moreover, Rule 701(c) explicitly bars the admission of lay opinions or inferences that are "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(c). The Advisory Committee explained that the purpose of Rule 701(c) is "to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." Fed. R. Evid. 701 advisory committee note. In this case, Associated Insurance Agency, Inc. specifically requests that Third-Party Plaintiffs Local Towing, Inc. and James Gardella be precluded from offering any opinion with respect to the applicable standard of care, any alleged breach of that standard of care, and damages sustained as a result of that breach because such opinions are exclusively the province of an expert. See, generally, Davis v. Margolis, 215 Conn. 408 (1990) ("malpractice is commonly defined as the failure of one rendering professional services to exercise that degree of skill and learning commonly applied under all circumstances in the community by the average prudent reputable member of the profession with the result of injury, loss, or damage to the recipient of those services"); see, specifically, Todd v. Malafronte, 3 Conn. App. 16, 19 (1984) (opinion by one with special knowledge of the

sale of insurance regarding standard of care required in action claiming negligence against insurance agent).

In this case, any testimony offered by Third-Party Plaintiffs Local Towing, Inc. and/or James Gardella with respect to the standard of care that was owed to them by Associated Insurance Agency, Inc. is, at best, based upon not only "the witness' perception, but upon [their] self-serving speculation" and therefore, must be excluded. Beatty v. Michelin Tire Corp., 1999 U.S. Dist. LEXIS 21970, *15-16 (Conn.) (relying on, *inter alia*, Fed. R. Evid. 701 and Kloepfer v. Honda Motor Co., Ltd., 898 F. 2d 1452, 1459 (10th Cir. 1990) (affirming trial court's exclusion of plaintiff's testimony that she would have obeyed a proper safety warning on the defendant's product)).

WHEREFORE, Associated Insurance Agency, Inc. respectfully requests that Local Towing, Inc. and James Gardella be precluded from introducing:  (1) evidence of Fred Smith's criminal conviction; (2) evidence that the damages allegedly incurred by Local Towing, Inc. and James Gardella are in excess of Safeco's claim against them; and (3) all expert testimony.

THIRD-PARTY DEFENDANT,
ASSOCIATED INSURANCE AGENCY, INC.

BY:
    James L. Brawley– CT 17321
    Tracey Lane Russo– CT 19865
    MORRISON MAHONEY LLP
    One Constitution Plaza, 10th Floor
    Hartford, CT 06106
    Phone:  (860) 616-4441

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA AND GENERAL INSURANCE COMPANY OF AMERICA, | : : : | CIVIL ACTION NO. |
| Plaintiffs | : | |
| | : | |
| VS. | : | 302CV1966 (AVC) |
| | : | |
| LOCAL TOWING, INC., GEORGE GARDELLA, JESSICA HELQUIST-GARDELLA, AND JAMES GARDELLA | : : : | |
| Defendants/Third-Party Plaintiffs | : | |
| | : | |
| VS. | : | |
| | : | |
| ASSOCIATED INSURANCE AGENCY, INC., FREDERICK J. SMITH, AFNY, INC., ASSOCIATED FACILITIES OF AMERICA LTD., MELWAIN ENTERPRISES, INC., CHARLES ASSOCIATES, P.C., AND CHARLES SAPOCHETTI | : : : : : : : | |
| Third-Party Defendants | : | OCTOBER 24, 2005 |

## ASSOCIATED INSURANCE AGENCY, INC.'S PROPOSED VOIR DIRE

1.    Have you ever been involved in a lawsuit, either as plaintiff or defendant, or as a witness?  Please describe this for us.

2.    Based upon the brief statement of the case, is there anything about this case that you object to?

3.    Have you or someone you are close to worked for an insurance company?

4.    Have you or someone you are close to worked in adjusting claims or evaluating coverage procured under a policy of insurance?

5.    Have you or someone you are close to made a claim under a policy of insurance that was denied?  If so, please briefly state:

    a.    The reason for the denial.

   b.    Whether you agreed with the reason for the denial.

   c.    Whether your impressions of the insurance industry changed as a result. If so, please describe how.

6.    Do you have any impressions of the insurance industry?

7.    Have you or someone you are close to worked in the construction industry? If so, please describe:

   a.    The type of construction work performed.

   b.    Whether you or someone you are close to was responsible for the management of the construction schedule.

   c.    What your impressions of the construction industry are as a result.

8.    What, if any, role do you think personal responsibility plays in our legal system?

9.    Have you or anyone you are close to ever owned their own business? If so, please state:

   a.    Whether the business incurred any debts and, if so, if you or anyone you are close to became responsible for those debts.

10.   Your feelings are as important to the deliberations as everyone else's. Would you make you feelings known during deliberation?

11.   Would you listen to everyone else?