THIRD-PARTY DEFENDANT,
ASSOCIATED INSURANCE AGENCY, INC.

BY:

James L. Brawley– CT 17321
Tracey Lane Russo– CT 19865
MORRISON MAHONEY LLP
One Constitution Plaza, 10th Floor
Hartford, CT 06106
Phone:  (860) 616-4441

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SAFECO INSURANCE COMPANY OF | : | CIVIL ACTION NO. |
| AMERICA AND GENERAL INSURANCE | : | |
| COMPANY OF AMERICA, | : | |
|     Plaintiffs | : | |
| | : | 302CV1966 (AVC) |
| VS. | : | |
| | : | |
| LOCAL TOWING, INC., GEORGE | : | |
| GARDELLA, JESSICA HELQUIST- | : | |
| GARDELLA, AND JAMES GARDELLA | : | |
|     Defendants/Third-Party Plaintiffs | : | |
| | : | |
| VS. | : | |
| | : | |
| ASSOCIATED INSURANCE AGENCY, | : | |
| INC., FREDERICK J. SMITH, AFNY, | : | |
| INC., ASSOCIATED FACILITIES OF | : | |
| AMERICA LTD., MELWAIN | : | |
| ENTERPRISES, INC., CHARLES | : | |
| ASSOCIATES, P.C., AND CHARLES | : | |
| SAPOCHETTI | : | |
|     Third-Party Defendants | : | OCTOBER 24, 2005 |

## ASSOCIATED INSURANCE AGENCY, INC.'S PROPOSED JURY INSTRUCTIONS

In addition to the standard jury instructions, Associated Insurance Agency, Inc. submits the following requests:

## BREACH OF CONTRACT

In order to sustain a breach of contract claim, Plaintiffs must allege and prove: (1) the formation of an agreement; (2) performance by one party; (3) breach of the agreement by the other party; and (4) damages. Maloney v. Connecticut Orthopedics, P.C., 47 F. Supp. 2d 244, 249 (D. Conn. 1999) (citing Posner v. Minn. Mining & Mfg. Co., 713 F. Supp. 562 (E.D.N.Y. 1989)). Failure to prove each and every element, including damages, is fatal to a breach of contract claim. Braithwaite v. Lee, 125 Conn. 10, 14, 32 A.2d 380 (1938).

## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

To prove a breach of the covenant of good faith and fair dealing Plaintiffs must prove the following:  (1) that Local Towing, Inc., James Gardella and AIA were parties to a contract under which Local Towing, Inc. and James Gardella expected to receive certain benefits; (2) that AIA engaged in conduct that injured their right to receive some or all of those benefits; and (3) that when committing the acts by which it injured Local Towing, Inc. and James Gardella's right to receive benefits reasonably expected to receive under the contract, AIA was acting in bad faith.  Perry v. SBC/SNET, 2005 WL 249685 (relying on Share America, Inc. v. Ernst & Young, Superior Court Judicial District of Waterbury, Docket No. CV 93 0150132 (July 2, 1999, Sheldon, J.)).

Every contract contains an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other party to receive the benefits of the contract.  Habetz v. Condon , 224 Conn. 238 (1992).  The concept is essentially a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended.  It is not a separate contractual claim and the covenant cannot be applied to achieve a result contrary to the clearly expressed terms of the contract between the parties.  LaSalle National Bank v. Freshfield Meadows, LLC, 69 Conn. App. 824, 834 (2002).

In this case, James Gardella and LTI have alleged that they had an oral contract with AIA whereby AIA agreed to take James Gardella off the indemnity agreement.  If you find that such an oral contract existed, then you must decide whether AIA fulfilled its obligation to exercise good faith.  Good faith performance of a contract emphasizes faithfulness to an agreed common purpose and consistency with the justified expectations of the other party.  Good faith and fair dealing means an attitude or state of mind denoting honesty of purposed and freedom

from intention to defraud.   It means being faithful to one's duty and obligation under the contract.

Good faith is defined as the opposite of bad faith.  If AIA engaged in bad faith then you must find that they did not fulfill the covenant.  Bad faith generally implies a design to mislead or to deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation not prompted by an honest mistake as to one's rights or duties.  Bad faith is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose.  <u>Habetz</u>, 224 Conn. 237.   Bad faith contemplates a state of mind affirmatively operative with ill will.

## NEGLIGENCE/MALPRACTICE

In this case, AIA was an insurance agent/broker and as such acted as a middleman between Melwain Enterprises, Inc., Safeco's authorized broker, and LTI.  At LTI's request, AIA placed an order for a bond with Safeco through Melwain for the purpose of assisting not only LTI but the Gardella/Empey partnership.  When AIA did so, it became the agent for LTI for the purpose for securing the bond.

Under these circumstances, in order to sustain a negligence claim against AIA, Third-Party Plaintiffs LTI, George Gardella, and Jessica Gardella must plead and prove:  (1) that AIA owed them a duty; (2) that AIA breached that duty; (3) that this breach was the proximate cause of their injuries; and (4) actual damages.  <u>Bonan v. Goldring Home Inspections, Inc.,</u> 68 Conn. App. 862, 871 (2002).

In an action such as this where LTI is asserting that AIA committed malpractice against LTI and James Gardella, expert testimony is required to prove the standard of care owed by the

insurance agent. <u>Todd v. Malafronte</u>, 3 Conn. App. 16, 19 (1984).[1]  In particular, LTI requires expert testimony to establish the following:

    (1)    The standard of proper professional skill or care required on the part of the professional, AIA;

    (2)    That AIA failed to conform to that standard of care; and

    (3)    That the breach was the proximate cause of the injuries suffered by Plaintiff.

<u>Schlnitz v. Greenberg</u>, 200 Conn. 58, 66, 509 A.2d 1023 (1986); <u>Mather v. Griffin Hospital</u>, 207 Conn. 125, 131, 540 A.2d 666 (1988); and <u>Beverly Hills Concepts v. Schatz & Schatz, Ribicoff & Kotkin</u>, 1997 Conn. Super. LEXIS 178 (1997).

A breach of duty by a professional, such as an insurance agent, is commonly defined as "the failure of one rendering professional services to exercise that degree of skill and learning commonly applied under all the circumstances in the community by the average prudent reputable member of the profession with the result of injury, loss, or damage to the recipient of those services." <u>Davis v. Margolis</u>, 215 Conn. 408, 576 A.2d 489 (1990) (internal quotation marks omitted).


## BREACH OF FIDUCIARY DUTY

In order to prove a claim for breach of fiduciary duty against AIA, James Gardella and LTI must prove a breach of a duty of loyalty and honesty. <u>Beverley Hills Concepts, Inc. v. Schatz & Schatz, Ribicoff & Kotkin</u>, 247 Conn. 48, 57 (1998). James Gardella and LTI must also prove that they were harmed by AIA's breach of duty. <u>News America Marketing In-Store v. Marquis</u>, 86 Conn. App. 527, 535 (2004)

———————————————

## LEGAL CAUSE

If you find that the defendant was negligent in any of the ways alleged in the plaintiff's complaint, you must next decide if such negligence was a legal cause of any of the plaintiff's claimed injuries. Legal cause has two components: cause in fact and proximate cause. Doe v. Manheimer, 212 Conn. 748, 757 (1989)

## CAUSE IN FACT

A cause in fact is an actual cause. The test for cause in fact is, simply, "Would the injury have occurred were it not for the defendant's negligence?" If your answer to this question is "yes," then the defendant's negligence was not a cause in fact of the plaintiff's injuries. Doe v. Manheimer, 212 Conn. 748, 757 (1989)

## PROXIMATE CAUSE

Proximate cause is defined as an actual cause that is a substantial factor in the resulting harm. The inquiry fundamental to all proximate cause questions is whether the harm which the plaintiff allegedly suffered was of the same general nature as the foreseeable risk created by the defendant's negligence. If you find that any act or omission other than the defendant's was a proximate cause of the plaintiff's injuries, you must return a verdict for the defendant, because the defendant's breach of its duties cannot then be said to be the sole proximate cause if there were any additional causes. Monk v. Temple George Assocs., LLC, 273 Conn. 108 (2005); Bovat v. City of Waterbury, 258 Conn. 574 (2001)

28

## SUBSTANTIAL FACTOR

Negligence is a substantial factor in bringing about an injury if it contributes materially to the production of the injury. By this definition, negligence which makes only a remote, a trivial or an inconsequential contribution to the production of an injury is not a substantial factor in bringing about the injury, and thus is not a proximate cause of the injury. <u>Doe v. Manheimer</u>, 212 Conn. 748, 757 (1989)

## COMPARATIVE NEGLIGENCE

In this case the defendant has filed a special defense alleging that the plaintiff's injuries were legally caused by the plaintiff's own negligence. The defendant must prove the elements of this special defense by a preponderance of the evidence. Specifically, the defendant must prove that the plaintiff was negligent in one or more of the ways specified in the special defense and that such negligence was a legal cause of any of the plaintiff's injuries.

## NEGLIGENT MISREPRESENTATION

Local Towing, Inc. and James Gardella have asserted claims against AIA for negligent misrepresentation. In order to prove a claim for negligent misrepresentation, Local Towing, Inc. and James Gardella must prove by a fair preponderance of the evidence that: (1) AIA made a misrepresentation of fact; (2) AIA knew or reasonably should have known that it was false; (3) Local Towing, Inc. and James Gardella justifiably relied upon the misrepresentation; and (4) Local Towing, Inc. and James Gardella suffered harm as a result thereof. <u>Glazer v. Dress Barn Inc.</u>, 274 Conn. 33, 72 (2004).

29

LTI and James Gardella have the burden of demonstrating that they justifiably relied on information provided to them by AIA <u>because</u> AIA failed to exercise reasonable care or competence in obtaining or communicating the information. <u>See</u>, s. 552 of the Restatement of Torts; see also <u>D'Ulisse-Cupo v. Board of Directors of Notre Dame High School</u>, 202 Conn. 206 (1987). Falsity is an essential element of a misrepresentation claim and LTI and James Gardella bear the burden of demonstrating that AIA made representations that were not true. See, e.g. <u>Beverly Hills Concepts Inc. v. Schatz & Schatz, Ribicoff & Kotkin</u>, 247 Conn. 48 (1998). As previously explained, LTI and Gardella must prove that a representation made by AIA contained false information. <u>D'Ulisse-Cupo</u>, 202 Conn. 206, 218 (1987). In addition, "[t]here must also be justifiable reliance on the misrepresentation for a plaintiff to recover damages." <u>Citino v. Redevlopment Agency</u>, 51 Conn. App.262, 275). Any alleged negligent misrepresentation by AIA must relate to a then existing or past fact, the negligent misrepresentation cannot be based on a future promise.

In considering whether James Gardella and/or Local Towing, Inc. were reasonable in relying on any alleged misrepresentation by AIA, you may consider that LTI and James Gardella were sophisticated in bonding matters and had access to Safeco to determine whether James Gardella had been taken off the bond. <u>See</u>, <u>generally</u>, <u>Maturo v. Gerard</u>, 196 Conn. 584, 586 (1985).

## FRAUDULENT MISREPRESENTATION

A cause of action for fraud in the inducement is the same as a common law claim for fraudulent misrepresentation. <u>See</u> <u>Dorsey v. Mancuso</u>, 23 Conn. App. 629, 633, 583 A.2d 646 (1990), *cert. denied*, 217 Conn. 809, 585 A.2d 1234 (1991) (fraud in the inducement where

defendant agreed not to bring paternity action if plaintiff transferred property interest to him, yet, filed paternity suit once he procured the deed). In order to put forth a claim for fraudulent misrepresentation, a plaintiff must plead: (1) a false representation was made as to a statement of fact; (2) the statement was untrue and known by the defendant to be untrue; (3) the statement was made to induce the plaintiff to act; and (4) the plaintiff acted on the false representation to his or her detriment. Dorsey, at 633. Fraudulent inducement must be proven by "clear and satisfactory" evidence, Miller v. Appleby, 183 Conn. 51, 55, 438 A.2d 811 (1981); or "clear, precise and unequivocal evidence." Kilduff v. Adams, Inc., 219 Conn. 314, 328, 593 A.2d 478 (1991).

WHEREFORE, Associated Insurance Agency, Inc. respectfully reserves its right to request permission to file supplemental jury instructions in conformity with the evidence.

THIRD-PARTY DEFENDANT,
ASSOCIATED INSURANCE AGENCY, INC.

BY:_____
    James L. Brawley– CT 17321
    Tracey Lane Russo– CT 19865
    MORRISON MAHONEY LLP
    One Constitution Plaza, 10th Floor
    Hartford, CT 06106
    Phone: (860) 616-4441

31

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SAFECO INSURANCE COMPANY OF | : | CIVIL ACTION NO. |
| AMERICA AND GENERAL INSURANCE | : | |
| COMPANY OF AMERICA, | : | |
|     Plaintiffs | : | |
| | : | 302CV1966 (AVC) |
| VS. | : | |
| | : | |
| LOCAL TOWING, INC., GEORGE | : | |
| GARDELLA, JESSICA HELQUIST- | : | |
| GARDELLA, AND JAMES GARDELLA | : | |
|     Defendants/Third-Party Plaintiffs | : | |
| | : | |
| VS. | : | |
| | : | |
| ASSOCIATED INSURANCE AGENCY, | : | |
| INC., FREDERICK J. SMITH, AFNY, | : | |
| INC., ASSOCIATED FACILITIES OF | : | |
| AMERICA LTD., MELWAIN | : | |
| ENTERPRISES, INC., CHARLES | : | |
| ASSOCIATES, P.C., AND CHARLES | : | |
| SAPOCHETTI | : | |
|     Third-Party Defendants | : | OCTOBER 24, 2005 |

## ASSOCIATED INSURANCE AGENCY, INC.'S LIST OF EXHIBITS

Associated Insurance Agency, Inc. will seek to introduce exhibits marked during the depositions taken in connection with this litigation, the pleadings filed in connection with the instant litigation, excerpts of deposition transcripts, and documents disclosed during discovery including but not limited to:

February 2, 1998 Universal Bonding Insurance Company General Indemnity Agreement signed by George C. Gardella individually, James Gardella individually, and Local Towing, Inc. ("LTI")

February 4, 1998 written communication from AIA to LTI, James Gardella, and Chris Gardella regarding Universal Bonding Insurance Company General Indemnity Agreement

October 9, 1998 Bill of Sale signed by James Gardella

October 19, 1998 application of George Gardella for life insurance

October 20, 1998 AIA communication to George Gardella

October 22, 1998 AIA communication to George Gardella

March 9, 1999 communication from New England Life Insurance Co. regarding George Gardella policy

March 15, 1999 Safeco communication from Joe Mallory to Scott Brackenbury

April 15, 1999 document prepared by Safeco summarizing April 15, 1999 meeting

April 19, 1999 AIA communication to LTI regarding Safeco Insurance Company bonding requirements

April 23, 1999 Safeco communication to Wayne Price

June 16, 1999 Safeco communication to Wayne Price

June 21, 1999 communication prepared by MaryAnn Price to AIA

July 9, 1999 internal Safeco electronic mail message authored by Joseph Mallory

July 20, 1999 Safeco communication to Wayne Price

July 23, 1999 MaryAnn Price communication to George Gardella

July 29, 1999 AIA communication to Wayne Price

August 2, 1999 MaryAnn Price communication to Safeco

August 20, 1999 Wayne Price communication to AIA

August 23, 1999 MaryAnn Price communication to George Gardella

August 27, 1999 MaryAnn Price communication to Safeco

August 30, 1999 Safeco communication to Wayne Price

October 7, 1999 Safeco communication to Wayne Price

October 7, 1999 Safeco internal electronic mail messages

October 17, 1999 Safeco communication to Wayne Price

October 10, 1999 Safeco internal electronic mail message

October 13, 1999 Wayne Price communication to George Gardella

October 20, 1999 Agreement signed by Francis Empey

October 25, 1999 MaryAnn Price communication to Susan of LTI

October 25, 1999 MaryAnn Price communication to Safeco

October 26, 1999 MaryAnn Price communication regarding LTI bonding capacity

October 28, 1999 Agreement signed by Francis Empey

November 8, 1999 MaryAnn Price communication to Safeco

February 18, 2000 Safeco communication to Wayne Price

April 20, 2000 Safeco internal electronic mail message

April 26, 2000 Safeco internal electronic mail message

May 2, 2000 Safeco communication to Wayne Price

May 18, 2000 Wayne Price communication to AIA

May 18, 2000 MaryAnn Price communication to Safeco

May 19, 2000 Robert Sanfilippo communication to AIA

May 20, 2000 AIA communication to Wayne Price/MaryAnn Price

May 22, 2000 AIA communication to LTI, George Gardella, Francis Empey

May 24, 2000 LTI communication to AIA, George Gardella, Francis Empey, and Sam Puglisi

May 30, 2000 Wayne Price communication to AIA

June 1, 2000 Francis Empey communication to AIA

June 10, 2000 Robert Sanfilippo communication to AIA

June 26, 2000 MaryAnn Price communication to AIA

June 29, 2000 AIA communication to George Gardella

June 29, 2000 Robert Sanfilippo communication to AIA

July 6, 2000 Safeco communication to Wayne Price

July 13, 2000 AIA communication to George Gardella

July 13, 2000 Wayne Price communication to AIA

July 14, 2000 Wayne Price communication to Safeco

July 14, 2000 Safeco internal electronic mail message

July 18, 2000 –July 20, 2000 Safeco internal electronic mail message

August 3, 2000 LTI communication to Wayne Price

August 3, 2000 Wayne Price communication to AIA

August 3, 2000 Safeco memorandum regarding July 30, 2000 meeting in San Juan, Puerto Rico

August 9, 2000 Wayne Price communication to AIA

August 9, 2000 AIA communication to Robert Sanfilippo

August 9, 2000 Robert Sanfilippo communication to Wayne Price

August 10, 2000 Wayne Price communication to AIA

August 11, 2000 MassMutual communication to LTI

August 15, 2000 Wayne Price communication to AIA

August 21, 2000 LTI communication to Robert Sanfilippo

September 5, 2000 AIA communication to Wayne Price

September 5, 2000 Robert Sanfilippo communication to LTI

September 11, 2000 Wayne Price communication to AIA

September 11, 2000 Wayne Price communication to LTI

September 20, 2000 AIA communication to Cleary Group

September 21, 2000 AIA communication to Wayne Price

September 21, 2000 Clearly Group communication to AIA

September 28, 2000 Wayne Price communication to AIA

October 9, 2000 AIA communication to George Gardella

October 9, 2000 George Gardella/LTI communication to AIA

October 12, 2000 AIA communication to LTI/George Gardella

October 16, 2000 Safeco communication to Melwain, Melwain communication to AIA, and AIA communication to George Gardella

October 16, 2000 MaryAnn Price communication to AIA

October 16, 2000 AIA communication to Wayne Price

October 23, 2000 MaryAnn Price communication to LTI

October 23, 2000 AIA communication to George Gardella and Michael Empey

October 24, 2000 Safeco communication to Wayne Price

October 27, 2000 AIA communication to George Gardella and Michael Empey

October 27, 2000 Cleary Group communication to AIA

October 31, 2000 Wayne Price communication to AIA

November 3, 2000 Michael Empey communication to George Gardella

November 3, 2000 Michael Empey communication to Wayne Price

November 8, 2000 George Gardella communication to Michael Empey

November 16, 2000 George Gardella communication to AIA

December 2000 document executed by Empey heirs

January 12, 2001 AIA to Wayne Price

January 23, 2001 Wayne Price communication to Safeco

January 30, 2001 George Gardella communication to Michael Empey

February 14, 2001 LTI communication to AIA regarding Larry Genner

February 16, 2001 Wayne Price communication to AIA

February 26, 2001 internal Safeco electronic mail message

March 8, 2001 AIA to Michael Empey, George Gardella, James Gardella

March 12, 2001 Wayne Price communication to AIA

March 14, 2001 AIA communication to George Gardella

March 15, 2001 George Gardella communication to AIA

March 28, 2001 Wayne Price communication to George Gardella

April 10, 2001 AIA communication to Wayne Price

April 25, 2001 communication from James Gardella to AIA

May 1, 2001 AIA communication to James Gardella

May 3, 2001 Wayne Price communication to George Gardella

May 17, 2001 James Gardella communication to AIA

July 9, 2001 George Gardella communication to AIA

July 10, 2001 AIA communication to George Gardella

September 13, 2001 AIA communication to LTI

September 25, 2001 George Gardella communication to AIA

September 27, 2001 AIA to Wayne Price

February 29, 2002 AIA communication to George Gardella

February 20, 2002 Safeco communication to George Gardella and signed, returned copy

Undated Safeco internal electronic mail message addressed to Scott regarding Wayne Price approval of bond under his line of authority

The deposition transcript of Dr. Mascia

Dr. Mascia's file regarding the health care of Francis Empey

The October 6, 1999 General Agreement of Indemnity for Contractors

The October 28, 1999 document signed by Francis Empey

The June 26, 2000 application for the contract and bond agreement of indemnity for the St. Thomas project (marked as Exhibit 6 during the deposition of George Gardella)

The February 21, 2003 Answer filed on behalf of, *inter alia*, James Gardella

Any and all documents related to the financial status of James Gardella, George Gardella, Local Towing, Inc. and/or Francis Empey and prepared by Charles Associates, P.C. and/or Charles Sapochetti

> THIRD-PARTY DEFENDANT,
> ASSOCIATED INSURANCE AGENCY, INC.
>
> BY:_____
> James L. Brawley– CT 17321
> Tracey Lane Russo– CT 19865
> MORRISON MAHONEY LLP
> One Constitution Plaza, 10th Floor
> Hartford, CT 06106
> Phone: (860) 616-4441

38

## <u>CERTIFICATION</u>

I hereby certify that a copy of the foregoing was mailed, via U.S. mail, to the following parties of record, postage prepaid this same date as follows:

Benjamin D. Lentz, Esq.
Sean Kelly, Esq.
Torre, Lentz, Gamell, Gary & Rittmaster
100 Jericho Quadrangle, Suite 309
Jericho, NY 11753-2702

Constantine G. Antipas, Esq.
The Antipas Law Firm
One Fort Hill Road
Groton, CT 06340

Duncan B. Hume, Esq.
Hume & Associates
One Landmark Square, Suite 525
Stamford, CT 06901

James J. Farrell, Esq.
8 Elm Street
Norwalk, CT 06850

Luigi Spadafora, Esq.
Winget Spadafora & Schwartzberg
45 Broadway, 19th Floor
New York, NY 100006

Dianna D. McCarthy, Esq.
Winget Spadafora & Schwartzberg
45 Broadway, 19th Floor
New York, NY 100006

Tracey Lane Russo– CT 19865

39